United States District Court
Washington, D.C.

\* \* \*

**FILED**
MAY - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

R Wayne Johnson, *
282756  Plaintiff,
9601 Spur 591 Clements Unit    *
Amarillo, Tx  79107
US                              Cause No:
                             *
                                 07 0818
Dept of Veteran Affairs,
U.S. Treasury Dept,            *
          Defendant's
                             *

Motion To Proceed In Forma Pauperis

To The Honorable Judge of Said Court:

Comes Now, R Wayne Johnson, the plaintiff and moves to proceed in forma pauperies, and he shows his entitlement pursuant to the First Amendment,

RECEIVED
MAR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

2

1. In Woodford, 126 SCt 2378-2404, the court held that:

   "right to access to courts is an aspect of First Amend., and is a fundamental right". See also - Lewis, 116 SCt at 2177

2. In Re Primus, 98 SCt 1893-1901, the court opened:

   "collective activity undertaken to obtain meaningful access to courts is a fundamental right within the protection of the 1st Amend." See - Bates, 97 SCt 2691 (SHINE).

3. Illustrative is NLRB, 117 SCt 555-563, the court opened:

   "In the civil context, if the right is a fundamental right, the fees must be waived."

(2)

4. In Halderman, 104 SCt 900-912, the court instructed:

"Federal courts have a duty to vindicate the supreme law of the land."
Lawrence, 123 SCt 2472 at 2498, Griswold, 85 SCt 1678.

5. Nevertheless, no charge can be assessed anyway, as shown by Pena, 115 SCt 2097-2100,

"It is unthinkable that the same constitution would impose a lesser duty on the federal government than it does the states to assure equal access to all litigants."

6. In Garrity, 87 SCt 616-630, the court held:

"There are rights of constitutional stature whose exercise

(3)

"a state may not condition by the exaction of a price, asserting First Amend is one, qualing – Murdock, 63 SCt 870-875.

"a state may not impose a charge for the exercise of a right guaranteed by the federal constitution."

7. In Dickerson, 120 SCt 2326-2338, the court opined that:

"Constitution requires judges to disregard as inoperative any legislative act, – even of Congress itself, – (1915) – that is repugnant to the constitution." (See First Amend). Marbury, 1 Cranch, 137 (1806 – still law).

8. In Halderman, 104 SCt 900, the court held that:

(4)

12. No authority can be cited that defeats this motion, as, - Lawrence, 123 SCt 2472-98

"It is our duty to rule agreeable to the constitution." Griswold, 85 SCt 1678, Smith, 13 Pet 26, 39 (1839).

13. As this precedent motion establishes, no fees due, none can be charged in the "first" (amendment) instance.

Constitutionally yours,
Respectfully,

R Wayne Johnson 282756
9601 Spur 591 Clements
Amarillo, TX 79107

(6)

6  Potter
   March 2007


NOTARY WITHOUT BOND

07 0818
**FILED**

MAY - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT