# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **R. WAYNE JOHNSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | **Civil Action No. 07-0818 (RBW)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **VETERAN'S AFFAIRS and the** ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **THE TREASURY,** ) | |
| ) | |
| **Respondents.** ) | |

## RESPONDENTS' MOTION TO DISMISS

Petitioner, R. Wayne Johnson, proceeding *pro se*, brings this action *in forma pauperis*, asserting violations of his Fifth and Fourteenth Amendment constitutional due process rights with respect to the application of 38 U.S.C. § 5313[1] and 38 C.F.R § 3.665[2] to his veteran's disability benefits.   Petitioner alleges that he is not receiving the disability benefit that he is legally entitled to receive, and seeks relief against Respondents, the United States Department of Veterans Affairs ("VA") and the United States Department of the Treasury ("Treasury"), in the form of (1) a writ of mandamus directing Respondents to disburse disability benefit payments to him and (2) an injunction enjoining Respondents from applying the statute and regulation to reduce his benefits.    Respondents hereby move, pursuant to Fed. R. Civ. P. 12(b)(1) and

---

[1] *See* 38 U.S.C. § 5313,  Limitation on Payment of Compensation and Dependency and Indemnity Compensation to Persons Incarcerated for Conviction of a Felony.

[2] *See* 38 C.F.R. § 3.665.  Incarcerated Beneficiaries and Fugitive Felons -  Compensation.

12(b)(6), to dismiss this suit for lack of jurisdiction and failure to state a claim upon which relief can be granted.

Alternatively, Respondents move pursuant to 28 U.S.C. § 1915(g), to dismiss this action on the grounds that Petitioner has three times or more in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious or failed to state a claim upon which relief can be granted.

The grounds for the Motion also constitute Respondents' opposition to Petitioner's request for an injunction and mandamus relief.

*Pro se* Petitioner should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Petitioner submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Furthermore, should this Court treat Respondent's Motion to Dismiss as a motion for summary judgment, because of the attached exhibits, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that

facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of Points and Authorities, which also serves as an opposition to Petitioner's request for mandamus and injunctive relief; (2) Statement of Material Facts As to Which There is No Genuine Issue; (3) supporting Exhibits, and (4) proposed Order attached hereto.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

Joshua Blume, Esq.
Staff Attorney
Office of General Counsel
United States Department of Veteran's Affairs
Washington, D.C.

Beth Kramer, Esq.
Attorney-Advisor
FMS Office of Chief Counsel
United States Department of Treasury
Washington, D.C.

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 07-0818 (RBW) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS and the | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE TREASURY, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**FEDERAL RESPONDENTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

The Respondents submit the following statement of material facts as to which there is no genuine issue in accordance with Local Rule 7(h):

1.      In 1978 Petitioner was convicted of aggravated rape by a jury in Texas and was sentenced to serve ninety-nine years. *See R. Wayne Johnson v. McCotter, Director of Texas Department of Corrections*, 803 F.2d 830, 831 (5th Cir. 1986).

2.      Petitioner is a federal prisoner housed in Amarillo, Texas. Compl., caption.

3.      Petitioner is proceeding *pro se* and *in forma pauperis*.

4.      Petitioner is a service-connected disabled veteran.  Compl.¶ 5.

5.      Petitioner served on active duty in the United States Marine Corps from August 1968 through August 1971.  Exhibit 14.

6.      On June 5, 1981, the Board of Veterans Appeals (Board) granted Petitioner an award of service-connected disability compensation for a bilateral foot disability.   Exhibit 1.

7.      On July 9, 1981, the Houston, Texas, Regional Office (RO) implemented the Board decision at a 30 percent rating, effective July 16, 1979.  Exhibit 2.

8.      The same month, the RO notified Petitioner that recent legislation required VA to withhold a portion of his compensation each month, effective October 8, 1980.   Exhibit 3.

9.      Petitioner appealed the RO's assignment of a 30 percent rating to the Board, Exhibits 4-6, which denied the appeal on August 26, 1982.  Exhibit 7.

10.     As a result of a February 18, 1983, VA medical examination, Petitioner's rating was reduced to 10 percent.  Exhibit 8.

11.     Petitioner appealed this rating reduction to the Board, Exhibits 9-11, which denied the appeal on November 16, 1984.  Exhibit 12.

12.     On March 13, 1987, the RO notified Petitioner by letter that, in accordance with 38 C.F.R. § 3.665 (which implements 38 U.S.C. § 5313), Petitioner would begin receiving 5 percent compensation - one half of the 10 percent rate.  Exhibit 13.

13.     The withholding was not made retroactive, but was made effective as of March 1, 1987.  Exhibit 13.

14.     While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.  *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(dismissed as frivolous May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(dismissed as frivolous August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-0013 (S.D. Tex.)(dismissed as malicious and for failure to state a claim upon which relief can be granted April 15, 2003); and *Johnson v. Tepper*, No.

1:02-CV-656 (W.D.Tex.)(dismissed as frivolous October 11, 2002)(Appeal No. 02-51232

dismissed as frivolous April 24, 2003).

Respectfully  submitted,


_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. WAYNE JOHNSON,            ) | |
|            ) | |
|         **Petitioner,**    ) | |
|       **v.**           ) | **Civil Action No. 07-0818 (RBW)** |
|            ) | |
| UNITED STATES DEPARTMENT OF    ) | |
| VETERAN'S AFFAIRS and the    ) | |
|            ) | |
| UNITED STATES DEPARTMENT OF    ) | |
| THE TREASURY,    ) | |
|            ) | |
|         **Respondents.**    ) | |

**MEMORANDUM IN SUPPORT OF RESPONDENTS'**
**MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND**
**OPPOSITION TO PETITIONER'S REQUEST FOR AN INJUNCTION**

Respondents, the United States Department of Veterans Affairs ("VA") and the United

States Department of the Treasury ("Treasury"), by their undersigned attorneys, respectfully

oppose Petitioner's Motion for an injunction, and hereby move, pursuant to Fed. R. Civ. P.

12(b)(1), and (b)(6) or alternatively, pursuant to 28 U.S.C. § 1915(g), to dismiss the Complaint in

this action. Petitioner, a *pro se* federal prisoner housed in Amarillo, Texas, brings this action *in*

*forma pauperis* before this Court, challenging the application of 38 U.S.C. § 5313[3] and 38 C.F.R

§ 3.665[4] to his veteran's disability benefits. Petitioner alleges that he is not receiving the

disability benefit that he is legally entitled to receive, and seeks relief of mandamus and

injunctive relief against Respondents.

---

[3] *See* 38 U.S.C. § 5313, Limitation on Payment of Compensation and Dependency and
Indemnity Compensation to Persons Incarcerated for Conviction of a Felony.

[4] *See* 38 C.F.R. § 3.665. Incarcerated Beneficiaries and Fugitive Felons - Compensation.

Respondents hereby request that the Court take judicial notice of the fact that Petitioner has made similar allegations in three prior lawsuits, *i.e.*, (1) *R. Wayne Johnson v. Department of Veterans Affairs et al.,* Civil Action No. H-06-2283*,* United States District Court for the Southern District of Texas, Houston Division (dismissed without prejudice), (2) *R. Wayne Johnson v. Department of Veteran Affairs*, Civil Action H-02-3993, United States District Court for the Southern District of Texas, Houston Division (dismissed), and (3) *R. Wayne Johnson v. Department of Veterans Affairs*, cause no. 02-735C, in the United States Court of Federal Claims in Washington, D.C (dismissed). *See* attached Exhibit 15.

In each of these lawsuits, Plaintiff also complained about the VA's reduction of his disability benefits pursuant to 38 C.F.R 3.665.  Given Petitioner's history of repetitively filing substantially the same lawsuits, the Court should dismiss this action as frivolous or, alternatively, as malicious, on the basis of the Plaintiff's filing and dismissals of the same allegations in Petitioner's previous civil actions.

In any event, because Petitioner cannot satisfy the stringent standards for obtaining mandamus or injunctive relief, and because there is no merit to Petitioner's claims, Respondents oppose the relief requested and move to dismiss the Complaint.

## BACKGROUND

Petitioner is a veteran who has been incarcerated by the state of Texas, and who later became entitled to service-related disability payments.  Comp. *generally*.  As a result of his incarcerated status, the Veterans Administration ("VA") withheld portions of his disability payments, in accordance with the provisions of 38 U.S.C. § 5313(A)(1)(b).  The petition invokes the jurisdiction of this court and alleges that VA misapplied its regulation, 38 C.F.R. § 3.665, and

2

is wrongfully withholding a portion of his benefits on account of his incarceration. Petitioner
alleges that in so doing, VA deprived him of property without due process in violation of the
United States Constitution. Compl. ¶ 13. He asks this court to direct VA to restore full payment
to him at the 30 percent rate of disability. Compl. ¶¶ 6, 28. Because Petitioner has offered no
credible support for his allegations, Petitioner's request for mandamus and injunctive relief
should be denied, and Petitioner's Complaint should be dismissed.

**STANDARD OF REVIEW**

**A.      Lack of Subject Matter Jurisdiction**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff
bears the burden of establishing that the court has subject matter jurisdiction. *District of
Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a
motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material
factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),
*vacated on other grounds*, 482 U.S. 64 (1987). A motion under Rule 12(b)(1) may be decided on
any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts
evidenced in the record; and (3) the complaint supplemented by undisputed facts plus materials
outside the pleadings as appropriate, to resolve the question whether it has jurisdiction to hear the
case. *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v.
Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81
F. Supp. 2d 20, 23 (D.D.C. 2000).

B.     **Failure to State a Claim**

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court may consider additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion."). Moreover, when a district court

views a complaint as legally frivolous, the proper course is to grant a Rule 12(b)(6) motion, or indeed, to dismiss the complaint *sua sponte*. *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).

### C.    The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if there is "no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). In deciding on a summary judgment motion, the fact-finder must draw inferences from the record in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Celotex Corp.*, 477 U.S. at 330.

There is no genuine issue of material fact if the relevant evidence, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Mere allegations or denials in the non-moving parties' pleadings are insufficient to defeat an otherwise proper motion for summary judgment. *Matsushita*, 475 U.S. at 586. Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50; *see also Aka v. Washington Hospital Center*, 156 F.3d 1284, 1294 (D.C. Cir. 1998). Where the factual context renders his position implausible, the party opposing summary judgment must come forward with strong persuasive evidence to defeat it. *Matsushita*, 475 U.S. at 587.

**ARGUMENT**

I.    **Plaintiff Has Alleged No Cause of Action Within The Court's Jurisdiction**.

    A.    **The Doctrine of Sovereign Immunity Precludes Judicial Review of VA's Actions in This Case.**

Petitioner cites no waiver of sovereign immunity applicable to this action.  It is fundamental, under the doctrine of sovereign immunity, that the United States cannot be sued without its consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Skwira v. United States*, 344 F.3d 64, 72 (1st Cir. 2003); *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Sovereign immunity protects the United States from liability and also deprives a court of subject-matter jurisdiction over claims against the United States.  *Richards*, 176 F.3d at 654.  Any governmental waiver of sovereign immunity must be unequivocal, e.g., *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002); *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and such waivers are strictly construed, e.g., *Lane v. Pena*, 518 U.S. 187, 192 (1996); United States v. Williams, 514 U.S. 527, 531 (1995).

The United States has not waived its sovereign immunity as to review of VA  decisions or procedures by any court other than the United States Court of Appeals for Veterans Claims ("CAVC"),  the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.  *In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998).  Sovereign immunity cannot be avoided by suing individual federal agencies, such as VA.  *e.g.*, *Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977) (*per curiam*).

While the Administrative Procedure Act ("APA") does provide a waiver of sovereign immunity, 5 U.S.C. § 702, this waiver is only applicable to final agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704. "Thus, the APA does not express the U.S. government's consent to suit [in district court] if an alternate adequate remedy is available to review a final agency action." *Beamon v. Brown*, 125 F.3d at 967. The multi-tiered system of judicial review (CAVC, Federal Circuit, Supreme Court) created by the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, Div. A, § 101, 102 Stat. 4105 (1988), provides such an adequate alternate remedy. *Beamon*, 125 F.3d at 967-70. Further, the APA's waiver of sovereign immunity does not apply in cases in which statutes preclude judicial review. 5 U.S.C. § 701(a)(1). Section 511(a) of title 38, United States Code, addressed *infra,* point B, provides such a statutory preclusion. *Beamon*, 125 F.3d at 970. Sovereign immunity is therefore not waived under the APA with regard to the adjudication of veterans' benefit claims.

Finally, the mandamus statute, 28 U.S.C. § 1361, provides no waiver of sovereign immunity. *e.g., Russell*, 155 F.3d at 1012. Moreover, because Federal appellate courts other than the United States Court of Appeals for the Federal Circuit lack subject-matter jurisdiction over appeals of CAVC decisions, they also lack jurisdiction to grant mandamus relief in the matters appealable to the CAVC. *Russell*, 155 F.3d at 1013 (noting that courts may only issue writs that are "'necessary or appropriate in aid of their respective jurisdictions'" (quoting 28 U.S.C. § 1651).

Therefore, because this suit has been brought against the United States without its consent, the suit must be dismissed for lack of subject matter jurisdiction.

**B.    The Action Is Barred in the District Court by 38 U.S.C. § 511 Because It Seeks Review of VA's Determinations in an Individual Benefit Claim.**

Petitioner's petition, in essence, seeks district court review of VA's determinations in an individual benefit claim.  Specifically, Petitioner appears to seek review of VA's 1983 decision to reduce his benefits from the 30 percent rate to his currently applicable 10 percent rate on account of improvement of his disability, and review of VA's 1987 decision to withhold one-half of the applicable 10 percent rate of payment on account of his incarceration.  However, district court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessors.

Section 511, as amended by the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, 102 Stat. 4105 (1988), and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), [ ] the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

The VJRA amended what was then section 211(a) to prohibit review of VA decisions "under a law that affects the provision of benefits by the [Secretary of Veterans Affairs]," whereas it had previously prohibited review of VA decisions "under any law administered by the Veterans' Administration providing benefits."  VJRA, § 101, 102 Stat. at 4105.  The purpose of that amendment was to "broaden the scope of section 211," H.R. Rep. No. 963 at 27, reprinted in 1988 U.S.C.C.A.N. at 5809, and had the effect of prohibiting suits under laws affecting the provision of benefits, whether or not those laws are primarily administered by VA.

8

The United States Court of Appeals for the Second Circuit has discussed the effect of the VJRA in providing, for the first time, judicial review of veterans' benefit decisions in the CAVC and, on appeal, in the United States Court of Appeals for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial review in other courts. *Larrabee v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992); *see also Telecommunications Research & Action Center v. Federal Communications Comm'n*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute (citations omitted)").

While section 511(a) does not confer exclusive jurisdiction on the Secretary to decide questions of law or fact that arise under a law or laws affecting the provision of benefits that have not been the subject of previous VA decisions, it does preclude a court operating outside the multi-tiered system of appellate review described above from reviewing such a question where it has been the subject of a prior VA decision. *Compare Broudy v. Mather*, 460 F.3d 106, 112 (D.C. Cir. 2006) (no agency decision regarding issue raised of unconstitutional denial of access to courts) and *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000) (no agency decision respecting issue raised of implied-in-fact contract between attorney and government regarding payment of fee) with Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000) (section 511 precludes district court from asserting jurisdiction over veteran's claim that VA had wrongfully failed to reimburse him for medical expenses because agency had already decided veteran was not entitled to benefits) and *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (jurisdiction precluded because adjudicating veteran's claim that VA denied him medical treatment and

services would have required district court to consider whether veteran was entitled to medical care in face of VA decision that he was not so entitled).

A constitutional challenge to veterans' benefit legislation has been permitted in a district court under the VJRA. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 140 (2d Cir. 1992) (preclusion-of-review statute does not deprive district courts of jurisdiction to hear facial challenges to legislation affecting veterans' benefits).   However, where a plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising out of the adjudication of a benefit matter, such claims may only be pursued through the CAVC. *See Zuspann v. Brown*, 60 F.3d 1156, 1158-60 (5th Cir. 1995); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *Menendez v. United States*, 67 F. Supp. 2d 42, 47 (D.P.R. 1999) (benefit claims can only be reviewed through the mechanism established in the VJRA); *New York v. Eadarso*, 946 F. Supp. 240, 244 (E.D.N.Y. 1996) (constitutional claim against statute, "as applied," no facial challenge); *Beamon v. Brown*, 125 F.3d 965, 972-74 (6th Cir. 1997).

The courts continue to be vigilant in thwarting attempts by plaintiffs to hide their true causes of action to avoid the prohibitions of section 511.  In *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996), the Tenth Circuit stated that it would examine the substance of allegations relating to a denial of veterans' benefits, rather than their labels, to determine their true nature.  The court dismissed allegations of conspiracy, fraud, and misrepresentation by VA officials involved in the claim adjudication process, concluding that they were, "in substance, nothing more than a challenge to the underlying benefits decision." *Id.  In Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995), the Ninth Circuit affirmed the district court's dismissal for lack of subject-matter jurisdiction of a plaintiff's tort claims under state law for outrage or intentional

10

infliction of emotional distress.  The court of appeals agreed with the district court that the

plaintiff's tort claims were specifically precluded by 38 U.S.C. § 511(a) because they would have

necessitated consideration of issues of law and fact involving the decision to reduce the plaintiff's

benefits.  69 F.3d at 970; *see also Murrhee v. Principi*, 364 F. Supp. 2d 782, 787 (C.D. Ill. 2005)

("a plaintiff cannot avoid Section 511(a) by disguising his benefits claim in constitutional

clothing").

In this case, section 511(a) precludes this court from exercising jurisdiction over

Petitioner's claim that VA misapplied its regulation, 38 C.F.R. § 3.665, in withholding a portion

of his compensation benefits on account of his incarceration.  This is because, unlike *Broudy* and

*Hanlin*, and like *Price* and *Thomas*, reviewing this question would require this court to consider

whether Petitioner is entitled to payment at the full rate despite his incarceration in the face of

VA's 1987 decision that he is not entitled to payment at that rate because of his incarceration.  It

would also require this court to consider whether Petitioner is entitled to a disability evaluation

of 30 percent for his service connected disability, as he maintains, in the face of VA's 1983

decision, affirmed on appeal by the Board in 1984, that, because his disability had improved, he

is entitled to a disability evaluation of only 10 percent.

Further, although Petitioner alleges that VA's decision not to pay him at a full 30 percent

disability rate violates his constitutional right to due process by depriving him of his property,

this is not a challenge directed toward the facial legitimacy of either a statute or a regulation

governing either the withholding of benefits on account of incarceration or the assignment of

disability evaluations generally.  Rather, Petitioner simply disputes VA's application of the

regulation governing payments in the event of incarceration to his case.

11

Even in the interest of justice, courts may not extend their jurisdiction where none exists. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). The case law and the legislative history of the controlling statute support the conclusion that this Court does not have jurisdiction over plaintiff's action against VA, which is essentially one challenging a VA decision regarding his degree of disability and challenging a VA decision to withhold some of his veterans benefits. Accordingly, petitioner's action in the nature of mandamus, and for injunctive relief, should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject-matter jurisdiction.

### C. There Is No Jurisdictional Basis for Plaintiff's Complaint.

Where subject-matter jurisdiction is at issue, the party seeking to invoke a Federal court's jurisdiction bears the burden of demonstrating that the court has jurisdiction. *e.g., Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

Petitioner cites 28 U.S.C. § 1361 (mandamus jurisdiction) as the jurisdictional basis for this action. Section 1361 provides district courts with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. It does not, however, constitute a waiver of sovereign immunity. *See, e.g., Berman v. United States*, 264 F.3d 16, 20 (1st Cir. 2001) (general jurisdictional statutes such as 28 U.S.C. § 1331 do not waive sovereign immunity); *Hughes v. United States*, 953 F.2d 531, 539 n.5 (9th Cir. 1992); *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). For jurisdiction to be conferred upon a court by 28 U.S.C. § 1361, however, there must be an entitlement created by a separate Federal law. Accordingly, in the

absence of a separate Federal law providing jurisdiction or waiver of sovereign immunity, section 1361 does not confer jurisdiction in this case.

**D.      District Court Review of VA Benefit Decisions Is Barred by the Tucker Act.**

Review of VA benefit decisions by the Federal district courts is also barred by the Tucker Act, 28 U.S.C. § 1346(d), which states, in pertinent part, that, "[t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension."  Claims for VA death and disability compensation have long been considered claims for pension for purposes of this statute. *e.g., Smith v. United States*, 57 F.2d 998 (4th Cir. 1932) (disability compensation); *Randolph v. United States*, 69 F. Supp. 156 (S.D. Tex.), *aff'd*, 158 F.2d 787 (5th Cir. 1946) (disability compensation); *Morgan v. United States*, 115 F.2d 426 (5th Cir. 1940) (death compensation).  Thus, section 1346(d) serves as a further bar to district court jurisdiction over plaintiff's claims against VA.

**E.      The Action Should Be Dismissed Pursuant to 28 U.S.C. § 1915(g)**

 In 1996, the President signed into law the Prison Litigation Reform Act.  Section 1915(g) of that statute provides

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Essentially, The provisions of the "*in forma pauperis*" statute forbid a prisoner from bringing a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or

appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(dismissed as frivolous May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(dismissed as frivolous August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-0013 (S.D. Tex.)(dismissed as malicious and for failure to state a claim upon which relief can be granted April 15, 2003); and *Johnson v. Tepper*, No. 1:02-CV-656 (W.D.Tex.)(dismissed as frivolous October 11, 2002)(Appeal No. 02-51232 dismissed as frivolous April 24, 2003).[5] Therefore, Plaintiff may not file another civil lawsuit *in forma pauperis* while incarcerated unless he is in

---

[5]     *See* additional *in forma pauperis* lawsuits filed by Plaintiff*: Johnson, et al v. Lynaugh, et al*, No. 4:89-CV-02139 (S.D. Tex.); *Johnson v. Richardson, et al*, No. 3:95-CV-00039 (S.D. Tex.); *Johnson v. McElvaney, et al*, No. 3:96-CV-00446 (S.D. Tex.); *Johnson v. Whatley, et al*, No. 2:02-CV-00107 (S.D. Tex.); *Johnson v. Davis*, et al, No. 2:02-CV-00135 (S.D. Tex.); *Johnson v. Davis, et al,* No. 2:02-CV-00199 (S.D. Tex.); *Johnson v. Bacarisse*, No. 4:02-CV-00393 (S.D. Tex.)Johnson v. Cockrell, No. 2:02-CV-00409 (S.D. Tex.); Johnson v. Eldred, No. 2:02-CV-00426 (S.D.Tex.); *Johnson v. Ruiz*, et al, No. 4:03-CV-01310 (S.D. Tex.); Johnson v. Kennedy, et al, No. 2:05-CV-00228 (S.D. Tex.); and *Johnson v. Dretke*, No. 4:05-CV-01433 (S.D. Tex.).

imminent danger of serious physical injury. *See generally Ibrahim v. District of Columbia,* 463 F.3d 3 (D.C. Cir. 2006).

Here, Plaintiff's complaint is that the VA should be giving him a larger disability payment. As such, Plaintiff's complaint should be dismissed pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003); *Jones v. Johnston*, 160 Fed.Appx. 336 (5th Cir., Dec. 14, 2005); *Iwegbu v. United States*, 166 Fed.Appx. 103 (5th Cir., Feb. 6, 2006).

III. **Treasury is Not a Necessary or Proper Party Respondent for Purposes of Petitioner's Claims for Mandamus and Injunctive Relief.**

Petitioner urges the Court to issue a writ of mandamus against Treasury, alleging

[i]ssue the mandamus to the Dept of Treasury, as it <u>holds</u> the Plaintiff's money illegally, to issue all <u>back</u> pay, with interest thereon, <u>at</u> the 30% rate, $324.00 a month, <u>since</u> it was taken illegally many years ago.

Compl. 28. Mandamus relief against Treasury is inappropriate, however, as Treasury has no discretion in disbursing funds. *See* 31 U.S.C. § 3325. Specifically, the statute provides

**(a)** A disbursing official in the executive branch of the United States Government shall—
    **(1)** disburse money only as provided by a voucher certified by—
        (A) the head of the executive agency concerned; or
        (B) an officer or employee of the executive agency having written authorization from the head of the agency to certify vouchers;

    **(2)** examine a voucher if necessary to decide if it is—
        (A) in proper form;
        (B) certified and approved; and
        (C) computed correctly on the facts certified; and

    **(3)** except for the correctness of computations on a voucher or pursuant to payment intercepts or offsets pursuant to section 3716

or 3720A of this title,,[1] be held accountable for carrying out clauses (1) and (2) of this subsection.

**(b)** In addition to officers and employees referred to in subsection (a)(1)(B) of this section as having authorization to certify vouchers, members of the armed forces may certify vouchers when authorized, in writing, by the Secretary of Defense or, in the case of the Coast Guard when it is not operating as a service in the Navy, by the Secretary of Transportation.

**(c)** On request, the Secretary of the Treasury may provide to the appropriate officer or employee of the United States Government a list of persons receiving periodic payments from the Government. When certified and in proper form, the list may be used as a voucher on which the Secretary may disburse money.

**(d)** The head of an executive agency or an officer or employee of an executive agency referred to in subsection (a)(1)(B), as applicable, shall include with each certified voucher submitted to a disbursing official pursuant to this section the taxpayer identifying number of each person to whom payment may be made under the voucher.

31 U.S.C. 3325. Thus, because Treasury may only disburse funds as directed by an agency's certified request for payment, and are not permitted to disburse funds in the absence of such direction, relief against Treasury is inappropriate. *See Goulet v. Schweiker*, 557 F. Supp. 1250, 1260-61 (D. Vt. 1983) (dismissing the Secretary of the Treasury as a party to an action because the Secretary's duties were limited to disbursement of funds based on an agency's certified request for payment)[6]. Neither the regulation cited by Petitioner, 38 C.F.R. § 3.665, nor the

---

[6] In *Goulet v. Schweiker*, 557 F. Supp. 1250 (D. Vt. 1983), the Secretary of the Treasury was dismissed as a party under F.R.C.P. 12(b)(6) based on Treasury's limited duties under 13 U.S.C. § 3325. In that suit, the Plaintiff sought to compel the Secretary of Health and Human Services and the Secretary of the Treasury to disburse funds. In granting Treasury's motion to dismiss, the Court stated that there was "no need" for the court to assume mandamus jurisdiction over the Secretary of the Treasury, because the Secretary of the Treasury engaged in no discretionary acts requiring enforcement by mandamus and because an order directed only to the Secretary of Health and Human Services would (if granted) satisfy all of the Plaintiff's claims. The court in *Goulet* held that, absent an indication that Treasury would not honor a payment certification in the future or that it has failed to do so in the past, "there is no showing that an order [directed at Treasury] would be necessary."

authorizing statute, 38 U.S.C. § 5301, bestows any role upon Treasury in applying the laws and

rules governing entitlement to veterans' benefits.  *See* 38 U.S.C. § 5301 *et seq.*; 38 C.F.R. 3.665.

Because Treasury has no role in applying VA statutes and regulations, and Treasury's role in

disbursing VA benefit payments involves no discretionary acts and is purely ministerial,

Petitioner's cause of action against Treasury must fail.

**III.    Plaintiff Has Failed to Establish That He Is Entitled to Injunctive Relief.**

   **A.    The Standard for Injunctive Relief**.

   The standards for injunctive relief, in the form of either a preliminary injunction or a

temporary restraining order, are well established:

> [T]he moving party must show (1) a substantial likelihood of success on the merits, (2)
> that it would suffer irreparable injury if the injunction were not granted, (3) that an
> injunction would not substantially injure other interested parties, and (4) that the public
> interest would be furthered by the injunction.  *e .g., Mova Pharm. Corp.*, 140 F.3d 1060,
> 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58
> F.3d 738, 746 (D.C. Cir. 1995)) (internal quotation marks omitted).  A district court must
> "balance the strengths of the requesting party's arguments in each of the four required
> areas."  *CityFed*, 58 F.3d at 747.  If the showing in one area is particularly strong, an
> injunction may issue even if the showings in other areas are rather weak.  *Id.*

*See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see*

*also Sea Containers, Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C.Cir. 1989); *Wisconsin Gas Co.*

*v. F.E.R.C.*, 758 F.2d 669, 673-74 (D.C. Cir. 1985); *Washington Metropolitan Area*

*Transportation Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843-44 (D.C. Cir. 1977);

*Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

This is an exacting standard that the Petitioner has not met.

**B.    Plaintiff Cannot Satisfy Any Element of the Test That Must Be Satisfied Before a Court May Issue Injunctive Relief.**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Yakus v. United States*, 321 U.S. 414 (1944); *Emily's List v. Federal Election Comm'n*, 362 F.Supp.2d 43, 51 (D.D.C. 2005), 362 F.Supp.2d at 51; *National Head Start Ass'n v. Department of Health and Human Services*, 297 F.Supp.2d 242, 246 (D.D.C. 2004); *Varicon Int'l v. Office of Personnel Management*, 934 F.Supp. 440 (D.D.C. 1996); *Kahane v. Secretary of State*, 700 F.Supp. 1162, 1165 (D.D.C. 1988). Similarly, a "TRO is an extraordinary remedy and should not be granted lightly." *See Federation Internationale De Football Ass'n v. Nike, Inc.,* 285 F.Supp.2d 64, 68 (D.D.C. 2003); *Experience Works, Inc. v. Chao,* 267 F.Supp.2d 93, 96 (D.D.C. 2003); *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1343 (D.C. Cir.1980).

The Court should balance the strengths of the requesting party's arguments in each of these required areas. *CityFed Fin. Corp.*, 58 F.3d at 747. It is particularly important, however, for the movant to demonstrate a substantial likelihood of success on the merits. *See Emily's List*, 362 F.Supp.2d at 51 (citing *Barton v. Dist. of Columbia*, 131 F.Supp.2d 236, 242 (D.D.C. 2001) and *Benton v. Kessler*, 505 U.S. 1084, 1085 (1992)). If the movant is unable to do so, the movant must then present a "very strong showing" with respect to the other preliminary injunction factors. *See  Emily's List*, 362 F.Supp.2d at 51-52 (quoting *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 366 (D.C. Cir. 1999)) (emphasis added).

This Circuit has set a high standard for irreparable injury. First, the injury "'must be both certain and great; it must be actual and not theoretical.'" *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (citing *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) (per curiam)). The moving party must show "'[t]he injury complained of is of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm.'" *Id*. Second, the injury must be beyond remediation. *See Chaplaincy*, 454 F.3d at 297. As the D.C. Circuit has explained:

> The key word in this consideration is <u>irreparable</u>. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm.

*See Chaplaincy*, 454 F.3d at 297-98 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) and *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir.1958)) (internal quotation marks omitted); *see also Sampson v. Murray*, 415 U.S. 61, 88-90 (1974).

An "injury held insufficient to justify a stay in one case may well be sufficient to justify it in another, where the applicant has demonstrated a higher probability of success on the merits." *Virginia Petroleum Jobbers Ass'n*, 259 F.2d at 925. "An injunction may be justified for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. An essential prerequisite to injunctive relief is a sufficient showing by the plaintiff that she will suffer irreparable harm if the injunctive relief is not granted. *See, e.g., Davenport*, 166 F.3d at 360.

Here, Plaintiff has failed to show a substantial likelihood of success on the merits, as he has raised similar "legal" arguments and his cases have been dismissed in the past. Additionally,

19

Plaintiff has failed to show that he would suffer irreparable injury if the injunction were not granted.  Because only monetary injury is alleged, injunctive relief is not merited.  Further, an injunction would substantially injure other interested parties, such as the DVA and Treasury.

Finally, the precipitous action requested by Plaintiff is not in the public interest because Plaintiff's suit appears to be frivolous and without merit.  Even if his allegations were true, however, the nature and severity of the alleged violation does not rise to the level of a constitutional violation or one that seriously threatens the life, health, or safety of Plaintiff.  In sum, all four factors weigh heavily against injunctive relief, and the Court should deny Plaintiff's Motions for both forms of extraordinary relief.

## CONCLUSION

For the foregoing reasons, the court should dismiss petitioner's complaint and deny Plaintiff's Motions for mandamus and injunctive relief because Plaintiff fails to meet the stringent standards for obtaining such relief.  In the alternative, we request the Court to grant summary judgment in favor of the Respondents.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

20

Of Counsel:

Joshua Blume, Esq.
United States Department of Veteran's Affairs
Washington, D.C.

Beth Kramer, Esq.
FMS Office of Chief Counsel
United States Department of Treasury
Washington, D.C.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **R. WAYNE JOHNSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| **v.** | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **VETERAN'S AFFAIRS and the** | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **THE TREASURY,** | ) |
| | ) |
| **Respondents.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Motion to Dismiss was made by depositing a

copy of it in the U.S. Mail, first class postage prepaid, addressed to:

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107

on this 14th day of June, 2007.

                              /s Sherease Louis
                              SHEREASE LOUIS
                              Special Assistant United States Attorney
                              United States Attorney's Office
                              Civil Division
                              555 4th Street, N.W.,
                              Washington, D.C. 20530
                              (202) 307-0895

IN THE APPEAL OF

RONALD W. JOHNSON



## BOARD OF VETERANS APPEALS
### WASHINGTON, D.C.  20420

**FINDINGS AND DECISION**

)
)      **DOCKET NO.**  80-28 301
)
)      **DATE**  JUN 0 5 1981

### THE ISSUE

1. Entitlement to service connection for bilateral foot disability.

2. Entitlement to service connection for residuals of a shoulder dis-location.

3. Entitlement to service connection for defective hearing.

### REPRESENTATION

Appellant represented by:  The American Legion

### CONSULTATIONS BY THE BOARD

Michael W. Shea, Staff Legal Adviser



GOVERNMENT EXHIBIT

JOHNSON, Ronald W.

## CONTENTIONS

The veteran and his accredited representative contend that, although he had a preexisting foot disability at the time of entry into service, that disability was aggravated during his active duty. They maintain that the preexisting hearing defect worsened in service, and that the right shoulder disability was incurred during that period; he has had repeated right shoulder dislocations since that first event on active duty.

## THE EVIDENCE

The veteran had active service from August 1968 to August 1971. At the time of entrance examination no right shoulder disabilities were reported. He had mild, bilateral asymptomatic pes planus. Hearing acuity was within normal limits in the conversational voice range, bilaterally. There was a 55-decibel loss on the right and a 30-decibel loss on the left at 4,000 hertz. In July 1970 it was reported that there were calluses on the feet with severe digital contraction of 1 to 5. He was issued appliances for the feet. In January 1971 it was noted that he had dis- located the right shoulder while playing football. The dislocation was reduced with ease. X-rays showed a "hatchet" deformity of the postero- lateral aspect of the humeral head with irregularity of the inferior glenoid rim consistent with chronic dislocations. No fracture was seen. In February 1971 he had an "L2" profile for pes planus. It was reported that he had three-plus pes planus, bilaterally, with left fifth hammertoe. At the time of separation examination it was reported that the left fifth toe overlapped the fourth toe; he had third degree pes planus. Audio- metric testing disclosed hearing acuity to be within normal limits, bilaterally, in the conversational voice range; at 4,000 hertz there was a 50-decibel loss on the right and a 35-decibel loss on the left.

At the time of an Administration examination in August 1979 it was reported that in April 1979 he had undergone surgery for correction of bunions and clawed toes of both feet. Examination of the right shoulder revealed no gross deformity. There was no muscular spasm, atrophy or weakness about the right shoulder girdle muscles. He had complete range of motion in the right shoulder in all directions. There was noted to be slight popping on motion of the right shoulder joint. He did not complain of any tenderness to pressure over the right shoulder. X-rays of the right foot revealed a transverse fracture of the fifth metatarsal head with no evidence of healing but good alignment with minimal displacement. The chest and right shoulder were normal. Following further examination,

- 2 -

JOHNSON, Ronald W.

diagnoses were: History of recurrent, symptomatic, chronic dislocation of the right shoulder, transverse fracture of the fifth metatarsal head on the right with no evidence of healing, residuals of a bunionectomy and clawing of four toes, symptomatic, chronic, moderate; residuals of a bunionectomy of the left with clawing of the toes and overlapping of the left little toe on the fourth toe, symptomatic, chronic, moderate; second degree bilateral pes planus.

## THE LAW AND REGULATIONS

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by wartime service. (38 U.S.C. 310)

A veteran who served during a period of war or during peacetime service after December 31, 1946, is presumed in sound condition except for defects noted when examined and accepted for service. Clear and unmistakable evidence that the disability manifested in service existed before service will rebut the presumption. (38 U.S.C. 311, 337)

A preexisting injury or disease will be considered to have been aggravated by active wartime service, where there is an increase in disability during such war service, unless there is clear and unmistakable evidence that the increase in disability is due to the natural progress of the condition. Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during and subsequent to service. (38 U.S.C. 353; 38 C.F.R. 3.306(b))

When a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. A reasonable doubt means a substantial doubt and one within the range of probability as distinguished from speculation or remote possibility. (38 C.F.R. 3.102)

## DISCUSSION AND EVALUATION

At the time of entry into service the veteran had mild, asymptomatic bilateral pes planus; clawed toes were not reported. However, by July 1970 severe digital contractions with calluses were noted; appliances for the feet were made. Moreover, at the time of separation third degree pes planus with overlapping fifth toe on the left was noted. Consequently, in view of the fact that the veteran's preexisting pes

- 3 -

JOHNSON, Ronald W.

palnus became symptomatic in service, and associated clawed toes were first identified during that period, with resolution of any reasonable doubt in the veteran's favor, the Board feels that the preexisting foot disability became worse during active duty.

On one occasion during service the veteran dislocated his right shoulder and the reported X-rays at that time noted a deformity of the humeral head.  Considering the X-ray evidence at that time, and the fact that the dislocation was easily reduced, it is obvious the dislocation represented the recurrence of a chronic condition which must have existed prior to service.  The single recurrence, in this particular case, does not reflect an increase in severity during service.  We note in this regard, that at the time of separation examination no pertinent abnormalities were reported, and during most recent Administration examination that joint was essentially within normal limits, both clinically and radiographically.

At both the time of entry into and separation from service audiometric testing disclosed a bilateral, high frequency hearing loss.  However, the results of both tests are essentially identical.  Therefore, there is no basis upon which to conclude that the preexisting bilateral high frequency hearing loss was aggravated during service.

## FINDINGS OF FACT

1.  At the time of entry into service mild bilateral asymptomatic pes planus was reported.

2.  The veteran's preexisting bilateral foot disability worsened in service.

3.  Chronic dislocation of the right shoulder existed prior to service.

4.  There was no increase in severity of the preexisting right shoulder disability during service.

5.  At the time of entrance examination audiometric testing disclosed hearing acuity to be within normal limits, bilaterally, in the conversational voice range; at 4,000 hertz there were decibel thresholds of 55 on the right and 30 in the left.

6.  At the time of separation examination audiometric testing disclosed hearing acuity to be within normal limits, bilaterally, for the conversationl voice range; at 4,000 hertz there were decibels threshold of 55 on the right and 35 on the left.

- 4 -

JOHNSON, Ronald W.

7.  The veteran's preexisting bilateral defective hearing did not worsen during service.

## CONCLUSIONS OF LAW

1.  The veteran's preexisting bilateral foot disability was aggravated during service.  (38 U.S.C. 310, 353; 38 C.F.R. 3.102, 3.306(b))

2.  The veteran's right shoulder disability clearly and unmistakably existed prior to service and, therefore, the presumption of soundness on induction is rebutted.  (38 U.S.C. 311, 337)

3.  The preexisting right shoulder disability was not aggravated by service.  (38 U.S.C. 353; 38 C.F.R. 3.306(b))

4.  The veteran's preexisting bilateral defective hearing was not aggravated during service.  (38 U.S.C. 310, 353; 38 C.F.R. 3.306(b))

## DECISION

Entitlement to service connection for a bilateral foot disability is established.  Accordingly, to that extent, the benefits sought on appeal are allowed.

Entitlement to service connection for a right shoulder disability and bilateral defective hearing is not established.  Accordingly, to that extent, the benefit sought on appeal are denied.

C. J. STUREK

E. H. BAUERSFELD, M.D.

D. BIERMAN

- 5 -

NOTE - SHADED AREA  TO BE COMPLETED BY INPUT ACTIVITY

## Veterans Administration

| 1. COPY TO | | | | | |
|---|---|---|---|---|---|
| X INS | ☐ DEA FOLDER | ☐ OTHER (Specify) | **RATING DECISION** | | 2. |
| X MED   HOU | ☐ R & E FOLDER | | | | |

| 3. TRANS. CODE | 4. DATE OF CLAIM | 5. DATE OF LAST EXAMINATION | 6. DATE OF DEATH | 7. INITIALS AND SURNAME OF VETERAN |
|---|---|---|---|---|
| | 6-5-81 | 8-31-79 | | R. W. JOHNSON |

| 8. SEX | 9. BRANCH | | | |
|---|---|---|---|---|
| X MALE | A. ARMY    B. NAVY    C. USMC    D. USCG    E. USPHS    F. USAF | H. WAC    J. AIR CORPS    (For others    See M21-1,    App. C) | 10. ACTIVE DUTY (Mo., day, yr.) | |
| | | | EOD | RAD |
| ☐ FEMALE | | C | 8-5-68 | 8-4-71 |

| 11. ADDTL. SVC | 12. DATE OF BIRTH | 13. COMBAT |
|---|---|---|
| 1. WT. 2. PFE 3. SCD | 4-13-51 | 1 NONE 2 COMP 3 NON COMP 4 BOTH |

| 14. EMPLOYABILITY (For compensation only) | 15. COMPETENCY | 16. NO. OF S/C DISAB. | 17. FUTURE DATE CONTROLS | | | | | | | 18. DATE OF THIS RATING |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. EMPLOYABLE OR NOT AN ISSUE | 1. COMPETENT OR NOT AN ISSUE | (0 through 9) | PHYSICAL EXAM. | | | OTHER CONTROL | | | | 7-9-81 |
| 2. UNEMPLOYABLE | 2. INCOMPETENT | (9 to show 9 or more) | MO. | YR. | REASON | | | | | |
| 1 | 1 | 1 | 7 | 82 | 01 | 1. ESTAB. 2. CANCEL | ACT. | MO. | YR. | REA. |

### 19. NARRATIVE

J:  BVA decision of 6-5-81.

I:  SC for bilateral foot disability.

Ronald W. Johnson
T,D.C. #282756
Ellis Unit R-20  4/2
Huntsville, Texas  77340

F:  This rating is being prepared to effectuate BVA decision of 6-5-81.

On VA examination of 8-31-79, the veteran was found to have a loss of the longitudinal arches, bilaterally.  There was slight pronation of the feet with bulging of the medial borders.  The heels were slightly overted with bowing of the heels cords.  The feet revealed no swelling, no redness or tenderness.  There were well healed incisional scars over the medial aspects of both first metatarsal phalangeal joints.  These scars were nonadherent and non-tender.  He also had small scars over the dorsum of the basis of the four toes of each foot.  It was noted that there was clawing of the four toes of each foot.

5299-5276

1.  SC (VE INC)

BILATERAL PES PLANUS WITH CLAWING OF FOUR TOES OF THE RIGHT FOOT AND CLAWING OF THE TOES OF THE LEFT FOOT WITH OVERLAPPING OF THE LEFT LITTLE TOE, POST-OPERATIVE RESIDUALS BUNIONECTOMIES. 30% from 7-16-79.

5199
5299

8.  NSC VE

5299

MISSING DISTAL TIP, LEFT INDEX FINGER RESIDUALS, RIGHT SHOULDER DISLOCATION (RESOLVED)
LEFT SHOULDER DISABILITY (CLAIMED)

GOVERNMENT EXHIBIT 2

**VA** Veterans Administration

| RATING DECISION CONTINUATION SHEET | NAME OF VETERAN | |
|---|---|---|
| | R. W. JOHNSON | C- |
| PAGE 2 | OF RATING DATED: 7-9-81 | |

6297
7120
7399

HEARING DEFECT
MINOR VARICOSE VEINS, ANKLES
LAXITY, RIGHT INTERNAL INGUINAL RING

| 20. SPECIAL PROVISION CODE | | | 21. SPECIAL MONTHLY COMPENSATION | | | | |
|---|---|---|---|---|---|---|---|
| 1 - PAR. 29    3 - VAR 1321    5 - ANAL. RATING    7 - PAR. 28 | | | A. SMC PAR CODE | B. LOSS OF USE | C. ANAT. LOSS | D. OTHER LOSS | E. HOSP. SMC |
| 2 - PAR. 30    4 - VAR 1322    6 - OTHER OR COMB. | | | | | | | |

| 22. NO. OVER SIX | 23. CLAIMANT REPRESENTED BY: | | | | 24. RATING BOARD NO. | | 25. REG. NO. |
|---|---|---|---|---|---|---|---|
| | ☒ AL ☐ VFW ☐ DAV ☐ AMC ☐ AMVETS ☐ OTHER (Specify) | | | | 213C | SB/lp | 362 |

26. RATING SPECIALIST (Medical) ☐ PHM.    27. RATING SPECIALIST (Legal/Occupational) ☐ PHM.    28. RATING SPECIALIST (Legal/Occupational) ☐ PHM.

R. S. GREEN                                                          S.

VA FORM 21-6796b    SUPERSEDES VA FORM 21-6796b, AUG 1977    7-7-81    10:37    7-9-81
OCT 1980              WHICH WILL NOT BE USED.

~~~~~~~~ ~~ice

2519 Murworth Drive
Houston, TX 77054

 **Veterans Administration**

JUL 28 1981

Mr. Ronald W. Johnson
TDC 282756
Ellis Unit H-20 4/2
Huntsville, Texas  77340

Dear Mr. Johnson:

We have made an award for a 30 percent service-connected compensation disability for your foot condition.  This award is effective July 16, 1979.  However, recently passed legislation forces us to withhold all but $54.00 per month effective October 8, 1980.  The withheld amount presently stands at $148.00 per month.

The law also provides that an apportionment of this amount may be made to the wife or children of an incarcerated veteran if the wife or children specifically ask for such an apportionment.

Therefore, please either have your wife send a request for such an apportionment to this office or send us your wife's present address so that we can contact her concerning this matter.

Sincerely yours,

*C H Goodman*
C. H. GOODMAN
Adjudication Officer

cc:
AL (2)



GOVERNMENT
EXHIBIT
3

In Reply Refer To:  362/213B

Aug 19, 1981


Veterans Administration
2515 Murworth Dr.
Houston, Texas    77054


Dear Mr. Goodman:

The aim of this writing is to notify the Administration that I am
appealing the disability rating that I was recently araded with.

I wrote Mr. Shuman of the Board of appeals in Washington for some
enlightment concerning this matter and he was so kind in his assistance.

The complaint I wish to lodge is pimarly based on the percent in which
I was awarded. That is to say, the said percent (30%) isn't in my
best interest, nor is it a favorable one. Thus, human nature compels
me to seek relief.

Too, I'm inevitably prone to think that I was awarded compensation,
rather than a pension. The said compensation is only effective until
1995.

All of this and more will be compiled in my brief once I've been
forwarded the proper appeal forms. I would be gratefu  if you would
forward me the necessary appeal forms so that I may start this pro-
cedure.

My heartfelt thanks for your assistance. Have a nice day!


I remain,



Sincerely in good faith,                   362/5/31/81
Ronald W. Johnson
Ronald W. Johnson 282756 A
Ellis Unit  C-7  15/2
Huntsville, Texas    77340


P.S. I also request a personal hearing at the VA office when a hearin
on this appeal (at Houston) is docketed.



BEST DATE 8/27/81      170      GOVERNMENT
                                EXHIBIT
BEST DATE                          4
Routed to: 213 C

Initials

NOTICE OF DISAGREEMENT
RECORDED  8-21-81

Regional Office
2515 Murworth Drive
Houston, Texas  77054


**Veterans
Administration**

SEP 11 1981

Mr. Ronald W. Johnson
282756 Ellis Unit, C-7  15/2
Huntsville, Texas  77340

Dear Mr. Johnson:

You have filed what the law calls a "Notice of Disagreement" with our action on your claim, the first step in appealing to the Board of Veterans Appeals. This letter and attachments give you very important information. Please read them carefully.

By law we are required to send you the attached "Statement of the Case" so that you can make the best possible argument to the Board of Veterans Appeals as to why you think our ruling should be changed. This is not a decision on your appeal but an explanation of what was done here.

Your argument or "Substantive Appeal" should be set out on the attached VA Form 1-9. If there is anything you do not understand about the instructions on the form, we will gladly explain. The important things are to say, in your own words, what benefit you want, what facts in the statement you disagree with, and any error you believe we made in applying the law. The facts stated are especially important since we will assume you agree with any statement of fact to which you take no exception.

When the form is returned to us, your case will be sent to the Board of Veterans Appeals in Washington for a decision. The Board of Veterans Appeal will base its decision on an independent review of the entire record.

If we do not hear from you in 60 days, we will assume you do not intend to complete your appeal and we will close our record. If you require more time, please let us know within 60 days.

Sincerely yours,

C. K. GOODMAN
Adjudication Officer
Enclosures

cc: AL (2)

GOVERNMENT
EXHIBIT
5

FL 1-25
Feb 1980(RS)

In Reply Refer To:  362/213C

JOHNSON, Ronald W.

Butler: jr I          9-1-81          9-1-81

Administration
nal Office
Marworth Drive
ston, Texas   77054

JOHNSON, Ronald W.


# STATEMENT OF THE CASE

### IN THE APPEAL
### OF


Mr. Ronald W. Johnson

### FROM THE DECISION OF THE
### VETERANS ADMINISTRATION


## NOTICE TO APPELLANT:

This is not a decision on the appeal you have initiated.  It is a
"Statement of the Case" which the law requires us to furnish to help
you in completing your appeal.

Please read the forwarding letter carefully, as well as the instructions
on the enclosed appeal form.  These explain your appeal rights and tell
you what you must do to complete your appeal.

A copy of this "Statement of the Case" has been furnished your
representative: the American Legion


## ISSUE:

Evaluation of disability of bilateral foot disabilities.


FL 1-25A, FEB 1980(R)

JOHNSON, Ronald W.

...ence AND ADJUDICATION ACTION:

| | |
|---|---|
| | August 5, 1968, to August 4, 1971, honorable. |
| ... 1979: | Received claim for service connection of bilateral foot disability (No evaluation for disability noted). |
| June 27, 1980: | Received Notice of Disagreement as service connection for bilateral foot injury was disallowed (No evaluation of foot disability). |
| January 22, 1981: | Received veteran's letter wherein he requested that he "be deemed as 50 percent disabled." |
| June 5, 1981: | Board of Veterans Appeals granted service connection for bilateral foot disabilities. |
| July 1, 1981: | Veteran's letter reiterating his claim for 50 percent evaluation of his service-connected disability. |
| July 9, 1981: | Rating decision placing into effect the Board of Veterans Appeals decision and granting an evaluation of 30 percent for same. On VA examination of 8-31-79, the veteran was found to have a loss of the longitudinal arches, bilaterally. There was slight pronation of the feet with bulging of the medial orders. The heels were slightly overted with bowing of the heels cords. The feet revealed no swelling, no redness or tenderness. There were well healed incisional scars over the medial aspects of both first metatarsal phalangeal joints. These scars were nonadherent and non-tender. He also had small scars over the dorsum of the basis of the four toes of each foot. It was noted that there was clawing of the four toes of each foot. |
| July 28, 1981: | Veteran informed of our decision. |
| August 21, 1981: | Received Notice of Disagreement with the evaluation of the service-connected disability. |
| | HEARING REQUEST NOTED ON LETTER OF NOTICE OF DISAGREEMENT: PLEASE REFER TO YOUR LETTER DATED DECEMBER 29, 1980, FROM SIDNEY J. SHUMAN, CHAIRMAN, BOARD OF VETERANS APPEALS. |

...es Con't.

JOHNSON, Ronald W.

...WS, REGULATIONS, RATING SCHEDULE PROVISIONS:

...lity evaluations are determined by the application of a schedule of ...ings which is based on average impairment of earning capacity (38 U.S.C. 355) (38 C.F.R., Part 4) (1945 Schedule). The evaluation of 30 percent for bilateral disability requires a finding that there are severe injuries where objective evidence of marked deformity (pronation, abducti abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, and characteristic collosities. To warrant the assignment of 50 percent, it must be shown to involve pronounced flat feet with marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm on the feet with marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm on the tendo achillis on manipulation, and not improved by orthopedic shoes or appliances. (DC 5276-5284).

DECISION:

The degree of disablement resulting from the service-connected disability of bilateral foot disabilities does not warrant the assignment of a rating in excess of that currently in effect under the rating schedule. (38 U.S.C. 355) (1945 Schedule) (38 C.F.R., Part 4)

REASON FOR DECISION:

The records, medical and other evidence, regarding the residual of bilateral foot disability, when considered with the provisions of the applicable rating schedule, do not show disability of such severity as to warrant an increase in the evaluation of this disability.

...se, Con't.

JOHNSON, Ronald W.

Submitted By:

_____          _____
                Rating Specialist                        Date

Approved By:

_____          _____
        Section Chief, Rating Board                      Date

Form approved
OMB No. 76-R0366

| IMPORTANT: Read instructions on reverse side before filling in form. Complete all items fully. Send this appeal to the VA office which made the decision being appealed. | VETERANS ADMINISTRATION<br>**APPEAL**<br>TO<br>**BOARD OF VETERANS APPEALS** |

**1. LAST NAME - FIRST NAME - MIDDLE NAME OF VETERAN** *(Type or print)*

JOHNSON, Ronald W.

**2. INSURANCE FILE NO., OR LOAN NO.** *(If pertinent)*

**3. CLAIM FILE NO.** *(Include prefix)*

**4. IF APPEAL IS BEING MADE BY A PERSON OTHER THAN VETERAN, INDICATE RELATIONSHIP**

☐ WIDOW   ☐ CHILD   ☐ MOTHER   ☐ FATHER   ☐ OTHER *(Specify)*

**5. NAME OF CLAIMANT** *(If other than veteran)*

**6. ADDRESS OF CLAIMANT** *(Number & street, city, State & ZIP Code)*

**7. DATE OF DECISION BEING APPEALED**

July 81

**8. VA OFFICE WHICH MADE DECISION BEING APPEALED** *(City & State)*

Houston

**REPRESENTATION** ▶ See Par. 6 of Instructions on reverse side.

**HEARING** ▶ See Par. 7 of Instructions on reverse side.

**9A. IS A HEARING DESIRED?**   ☒ YES   ☐ NO

**9B. IF YES, SPECIFY PLACE**   ☐ FIELD OFFICE   ☐ WASHINGTON, D.C.

**10. I TAKE ISSUE WITH THE DECISION CITED ABOVE AND HEREBY PETITION THE BOARD OF VETERANS APPEALS FOR RELIEF AS SET FORTH BELOW.** *(State in specific detail the benefits sought on appeal and your reasons for believing that the action appealed from is erroneous. Follow carefully the instructions in paragraph 3 on the reverse side.)*

I would like to appear at a hearing, however due to my plight I'm not able. I just want it known that I prefer to appear. Attached is my reasons why I appeal and all evidence in regards to the Administrations recent decision. Four typed pages are attached and contains why I seek relief. Thank you

Ronald W. Johnson

*Ronald W. Johnson*

I wish to have my representive read the pages attached to the Board. At this time I would like to thank my representive for his assistance. You have my utmost graditude sir.

> **GOVERNMENT EXHIBIT**
> 6

*(Attach additional sheets, if necessary)*

**11. DATE**

9-26-81

**12. SIGNATURE OF CLAIMANT** *(Or representative)*

*Ronald W. Johnson*

VA FORM **1-9**
JUN 1979

EXISTING STOCKS OF VA FORM 1-9, FEB 1977, WILL BE USED.

The Board of Veterans Appeals
(38 U.S.C. 4001, 4009) . . .
. . . Veterans Appeals was established . . .
MISSION OF THE BOARD OF VETERANS APPEALS

...manifest the ...ions award of 30% ...ence that will constitute ...this time that I not only ...ation award for my feet, but refile ...right shoulder disability which was incurred ...by oversight in not presenting this additonal ...appeal to the Board of Appeals in regards to my ...as additional information on my feet, is surely ...ibuted to my present award. I realize the Board doesn't ...the percent, however, in this second presentation I'll do my level best to exhaust my feelings towards my entitlements so we won't once again be faced with this quest in resolving my due benefits.

Firstly, I was awarded sixteen years compensation. This award is a far cry from favorable due to the fact that my eliments will only progressively get worse, NOT better. Which is to say, each have a diminishing factor. Thus, as a veteran having served honorable human nature compels me to seek relief and claim the benefits in which are due me. Since these disabilities were incurred in active service, and each will progressively get worse, an ward of pension, rather than compensation would undoubtedly be more favorable.

It has already been established that: " X-rays of the right foot revealed a transverse facture of the fifth metatarsal head with no evidence of healing!! This X-ray was conducted at the VA Hospital in 1979. Therefore, the logic of commonsense dictates that this one bit of evidence unmistakably manifests that this particular disability will only worsen, not get better, during the preceding years, for as the records state:" no evidence of healing!" This is further evidenced in light of the extensive reconstructive surgery for bunions and clawed toes of both feet. This surgery lasted for seven hours and was unsuccessful. Too, bones were cut out, which isn't mentioned. My TDC records provide the essential evidence to substantiate this. Suffice it to say, I was declared 100% disable by a professional practitioner, a pediatrist, Dr. Gilstrap. My feet still bare the scares after 29 months. On my right foot the big toe doesn't touch the deck, nor does the little toe on the right foot. Both feet still have clawed toes; the little toe of the left foot still overlaps. Thus, all the surgery was not successful, not in the least. Not to mention the specialist refused to do further surgery. So, since I couldn't work with the deformed feet and all the discomfort they cause, I was and remain classified 100% disable to work at ANY type work. This is what TDC calls Unassigned.

As the evidence provides in pertinent part: " at the time of entrance examination he had "mild" bilateral asymptomatic pes planus..." Less than two years later ( July 1970) the evidence provides in pertinent part: " In July 1970 it was reported that there was calluses on the feet with " severe" digital contraction of 1 to 5...", thus, this sheds favorable light on the fact that my feet HAD gotten worse and also garners support to where it stated in the evidence portion of the record:" no evidence of healing..."

Seven months later, EVEN after I was issued appliances for my feet, and wore them seven mothns, this panacea didn't suffice to even overcome a glimer of the discomfort of the disability. Therefore, in a second attempt to resolve the discomfort I was issued an " L2 profile"

... ...ing ...s with left ...y 27, 1971, ... the increase. Because from Feb 1971 to July 1971 ...t went from hammertoe to " overlapping toe" ( Emphasis added)! This is the evidence to show an increase of disability. A plain man nurtured on commensense can distinguish the fatal increase in the disability. Probing deeper to say, the aliment went from mild pes planus, to "severe" digital contraction, on to where appliances were issued, THEN an L2 profile. Just enough to say, NONE of the proposed remedies were successful! What I'm trying to convey is that at each stage the disabliity worsened!

The evidence aforementioned unmistakably manifest that when each phase was recorded, the eliment progressively worsened. In additon, not even extensive reconstructive surgery accomplished the quest. Were I at liberty to consult the specialist of my selection, I would amass additonal professional evidence that would assist me in this claim. I would then gain unbiased, unpredjudice FACTS of my dis- ability. However, my present plight prevents me from obtaining this assistance.

Since it has already been established that a 30% assignment warrants, it can also be easily found, from the evidence cited, that I am entitled to a 50% award for my feet alone. Considering they have only gotten worse, not better, since the first evidence was recorded. Viewing my claimi in this way( in that my feet have and will continue to worsen, not get better,) it will not be hard to discern and conclude that 50% should be warded for my feet alone. Too, it is easy to estab- lish a pension, rather than comensation.

For two years I have worn orthopedic shoes and they have not imporved ANYTHING in regards to my feet. If I stand or walk for several minutes this creates considerable discmfort, my feet burn, and the right foot fracture(in evidence) causes strong pain. I was born with pronouneed flat feet.

All these disabling characteristics bare witness to the assign- ment of 50% which is blatantly discribed in the pertinent laws, reg- ulations, rating schedule provisions. To itemize:
1. Not improved by orthopedic shoes
2. Flat feet
3. Marked pronation
   ( DC 5276-5284)

Notwithstanding, it was established in a 30% award that most of these characteristics existed in order to arrive at a 30% award. In addition to these characteristics of the required element for 30%, I have cited these requirements and MORE, thus allowing a 50% award, when the Board considers these additional characteristics. For the most part, they are near enough to normal conceptions, therefore, in drawing aside the viel of illusion, one has the grace to accept the realm of the facts cited herein.

## RIGHT SHOULDER RECLAIM

The Board denied my right shoulder disability stating in docket # 80-28-301 that "... Considering the X-ray evidence at that time, and the fact that the dislocation was reduced "easily", it is " ob- vious" the dislocation represented the reoccurance of a chronic con- dition which must have existed prior to service..."

... considerable. sub-
... you will. I
... commonly called
... is the scientific
... corded as being
... gravity. This
... denying me the
... "obviously" they are
... evidence. Without
... the right shoulder claim
for ... would only have to accept the facts in evidence,
without having to succumb to a manufactured illusion, by concluding
what "obviously" THEY think is right. The evidence takes precedence
over personal judgement.

How does the law and regulations state it? See 38 C,F.R. 3.102)
However, my bone structure shouldn't play a role in this claim. The
fact that I have a disability that was incurred in active service
is the issue. Were I free,I would chair a session with the Board, along
with my witnesses, so as to prove I never in seveteen years prior to
service had a shoulder dislocation. Too, letters from family doctors
that would support and thereby prove all medical aliments of my child-
hood rearing as well as throughout my formative years.

And the fact that the dislocation occured while playing football
must have swayed the decision. Surely had the dislocation occured on
the battle ground, the shoulder disability would have been in my favor.

As stated into evidence in docket 80-28-301,"... at the time of
entrance examination NO right shoulder disability was reported..."
This evidence dissolves the Borads personal disclosure of " it is ob-
vious the dislocation m.. must have existed prior to service and fur-
ther constitutes that I am sound in my claim for disability!

The X-ray results in Jan  971 specifically manifest that a dis-
ability was present. THEN. The tones of the medical findings constitutes
that, for it provides in pertinent part:" X-rays showed a "hatchet"
deformity of the posterolateral aspect of the humeral head with irr-
egularity of the inferior glenoid rim consistent with chronic disloc-
ations." The evidence unmistakably manifest that the disability was
in fact incurred in active service.

In Aug of 1979 it was reported:" Examination of the right shoulder
revealed no " gross" deformity." However, that exam DID reveal a def-
ormity, although it wasn't gross. It further states," there was noted
to be popping on motion of the right shoulder joint."

The laws and regulations provide:" service connection may be
granted for disability resulting from disease or injury "incurred"
in or ag ravated by wartime service ( 38U.S.C. 310) Since no shoulder
disability was reported at the entrance exam, then it is a fact that
the shoulder became disabled, was incurred in active service. Con-
sidering this at the entrance exam it clearly manifest that the shoul-
der AC aggravated as well. This evidence clearly establishes an award!

PAGE FOUR

Notwithstanding, X-rays cannot detect discomfort. Thus, in light of this, it is difficult for me to fathom why the claim for my shoulder wasn't granted at the previous hearing.

Considering all the elements contained herein, in regards to my feet and right shoulder, not only should I be awarded a pension( rather than compensation) but I should be entitled to 50% for my feet and not less than 30% for my right shoulder disability which I have combated since active duty. Furthermore, these eliments will progressively worsen, which will constitute a pension and the cited award, for each.

Compiling all the elements cited herein, the Board cand accept the realm of the facts and grant my claim for the bemefits sought in this Substantive Brief.

The Boards previous decision was " benefits sought on appeal are allowed". However, the final outcome was a far cry from what was sought. I'm inevitable prone to think that when it states that a disabilty is established and the "benefits sought on appeal are allowed" then that is what the final outcome is to be. At least it is near enough to normal conceptions to make it thinkable.

Ronald W Johnson 282756
Ellis Unit   C7
Huntsville. Texas    77340

IN THE APPEAL OF

RONALD W. JOHNSON



## BOARD OF VETERANS APPEALS
### WASHINGTON, D.C. 20420

| FINDINGS AND DECISION | ) | DOCKET NO. 82-14 600 |
|---|---|---|
| | ) | |
| | ) | |
| | ) | DATE  AUG 26 1982 |

### THE ISSUE

Entitlement to an increased rating for bilateral foot disability currently evaluated as thirty per cent (30%) disabling.

### REPRESENTATION

Appellant represented by:  The American Legion

### CONSULTATIONS BY THE BOARD

M. C. Young, Staff Legal Adviser



GOVERNMENT
EXHIBIT

JOHNSON, Ronald W.

## ACTIONS LEADING TO PRESENT APPELLATE STATUS

The veteran was granted service connection for bilateral foot disability in a decision of the Board of Veterans Appeals dated June 5, 1981. The rating board subsequently assigned a thirty per cent (30%) rating for the foot disability. In his substantive appeal, he referred to reopening his claim for service connection for a right shoulder disorder. This issue is referred to the originating agency for appropriate action.

## CONTENTIONS

The veteran and his representative contend, in essence, that his service-connected bilateral foot disability is more disabling than the thirty per cent (30%) schedular disability evaluation now in effect. The veteran's representative requests that all reasonable doubt be resolved in the veteran's favor.

## FINDINGS OF FACT

After a review of the evidence of record, the Board makes the following findings of fact:

1. The veteran had active service from August 1968 to August 1971.

2. In a Board of Veterans Appeals decision dated June 5, 1981, service connection was granted for the veteran's bilateral foot disability.

3. In a subsequent rating action, a thirty per cent (30%) disability rating was assigned for the veteran's bilateral pes planus, and this appeal ensued.

4. On Veterans Administration examination in August 1979, it was noted that the veteran had loss of longitudinal arches bilaterally, that there was slight pronation of the feet with bulging of the medial borders and that the heels were slightly "overted" with bowing of the heel cords. The examining physician also reported that the veteran's feet revealed no swelling, redness or tenderness, that there were well-healed incisional scars over the medial

-2-

aspects of both first metatarsal phalangeal joints which
were nonadherent and nontender and that there were also
small scars over the dorsum of the bases of the four toes
of each foot.  It was further noted that there was clawing
of the four toes of each foot.  Pertinent diagnoses were:
(1) pes planus,second degree,bilaterally, (2) left foot--
residuals postoperative, bunionectomy, clawing of the toes
and overlapping of the left little toe over the fourth
toe, symptomatic, chronic, moderate and (3) right foot--
transverse fracture of the right metatarsal head with no
evidence of healing, reported by X-ray examination,
residuals of bunionectomy and clawing of the four toes,
symptomatic, chronic, moderate.


## THE LAW AND REGULATIONS

Disability evaluations are determined by the application of
a schedule of ratings which is based on average impairment
of earning capacity.  (38 U.S.C. 355; 38 C.F.R. Part 4)
Separate diagnostic codes identify the various disabilities.

Where there is objective evidence of a marked deformity of
both feet due to pes planus (flatfoot), such as pronation
along with pain on manipulation and use accentuated,
indication of swelling on use, characteristic callosities,
pes planus (flatfoot) is considered severe and a schedular
rating of thirty per cent (30%) is assigned.  Where there
is marked pronation of both feet, extreme tenderness of
the plantar surfaces of the feet, marked inward displacement
and severe spasm of the tendo achillis on manipulation,
which is not improved by orthopedic shoes or appliances,
pes planus (flatfoot) is considered pronounced, and a
schedular rating of fifty per cent (50%) is assigned.
(Code 5276)

When an unlisted condition is encountered it will be
permissible to rate under a closely related disease or
injury in which not only the functions affected, but the
anatomical localization and symptomatology are closely
analogous.  Conjectural analogies will be avoided, as will
the use of analogous ratings for conditions of doubtful
diagnosis, or for those not fully supported by clinical and
laboratory findings.  Nor will ratings assigned to organic
diseases and injuries be assigned by analogy to conditions
of functional origin.  (38 C.F.R. 4.20)

-3-

## DISCUSSION AND EVALUATION

Our scrutiny of the evidence of record does not lead us
to the conclusion that the veteran's service-connected
bilateral foot disability is more severely disabling than
is currently represented by the thirty per cent (30%) schedular
rating now in effect.  On Veterans Administration examination,
the examining physician indicated that there was no foot swelling
or tenderness and only slight pronation.  It was also
noted at that time that the well-healed incisional scars
which were present were nonadherent and nontender.  Therefore,
the veteran's symptoms reflected in the Veterans  Administra-
tion examination are consistent with a finding that the
veteran's bilateral foot disability was properly assigned
a rating of thirty per cent (30%) under the above-cited
provisions of the schedule for rating disabilities.

In reaching our decision, we have considered the doctrine
of reasonable doubt but find that the evidence is not so
evenly balanced as to give rise to such a doubt in this
case.

## CONCLUSION OF LAW

The schedular requirements for entitlement to a rating in
excess of thirty per cent (30%) for the veteran's bilateral
foot disability have not been met.  (38 U.S.C. 355; 38 C.F.R.
3.102, Part 4, Code 5299-5276, 4.20)

## DECISION

Entitlement to an increased rating for the veteran's service-
connected bilateral foot disability is not established.
Accordingly, the appeal is denied.


H. H. CLARK

H. STERLING, M.D.

HOLLY E. MOEHLMANN

-4-

NOTE: SHADED AREA TO BE COMPLETED BY INPUT ACTIVITY

| Veterans Administration | | |
|---|---|---|

| 1. COPY TO | | | | 2. NUMBER | |
|---|---|---|---|---|---|
| ☐ INS ☐ MED | ☐ DEA FOLDER ☐ R & E FOLDER | ☐ OTHER (Specify) | **RATING DECISION** | | |

| 3. TRANS CODE | 4. DATE OF CLAIM | 5. DATE OF LAST EXAMINATION | 6. DATE OF DEATH | | F VETERAN |
|---|---|---|---|---|---|
| | 2-9-83 | VAE 2-18-83 | | | R. W. JOHNSON |

| 8. SEX | 9. BRANCH | 10. ACTIVE DUTY (Mo., day, yr.) | | 11. ADDTL. SVC | 12. DATE OF BIRTH | 13. COMBAT |
|---|---|---|---|---|---|---|
| ☐ MALE ☐ FEMALE | A. ARMY B. NAVY C. USMC D. USCG F. USAF | H. WAC J. AIR CORPS (For others See M21-1, App. C) | EOD | RAD | 1. WT. 2. PFE 3. SCD | 4-13-51 | 1 NONE 2 COMP 3 NON COMP 4 BOTH 1 |

| 14. EMPLOYABILITY (For compensation only) | 15. COMPETENCY | 16. NO. OF S/C DISAB. | 17. FUTURE DATE CONTROLS | | | | 18. DATE OF THIS RATING |
|---|---|---|---|---|---|---|---|
| 1. EMPLOYABLE OR NOT AN ISSUE 2. UNEMPLOYABLE | 1. COMPETENT OR NOT AN ISSUE 2. INCOMPETENT | (0 through 9) (9 to show 9 or more) 1 | PHYSICAL EXAM. MO. YR. REASON NO EXAM 01 | OTHER CONTROL ACT. MO. YR. REA. 1. ESTAB. 2. CANCEL | | | 3-10-83 |

**19. NARRATIVE**

J: Review Exam

I: Evaluation SC BIL Foot Disability

F: Compensation suspended effective 2-1-83, as vet indicated unwillingness to report for exam. VAE, 2-18-83, shows complaints of BIL foot pain especially on prolonged standing or walking. Exam shows vet walked with normal gait, and was able to bend, stoop, squat, stand on heels and toes without difficulty. Surgical scars were nonadherent and non-tender. Both feet were flexible and there was no swelling, redness, or tenderness to pressure on either foot. While standing, vet exhibited BIL loss of longitudinal arches, with pronation and bulging of medial borders, and slight eversion of heels with bowing of heel cords. There was also a BIL hallux valgus deformity, especially on Lt, and previously described clawing of all toes except great toes. There were no corns or calluses on either foot.

D: Exam does not show objective evidence of marked deformity, or swelling, accentuated pain on manipulation or use, or characteristic callosities required for 30 percent evaluation. VAR 1105(E) does not apply.

        1. SC   (VE INC)

5299-5276       PES PLANUS WITH CLAWING OF TOES AND BUNIONECTOMIES AND
                   HALLUX VALGUS DEFORMITY, BILATERAL
                   30% from 7-16-79
                   10% from 2-1-83

        8. NSC   (VE)

5199            AMPUTATION DISTAL TIP, LEFT INDEX FINGER
5299            RIGHT SHOULDER DISLOCATION
5299            LEFT SHOULDER DISABILITY
6297            HEARING DEFECT

GOVERNMENT EXHIBIT

Veterans Administration

| RATING DECISION CONTINUATION SHEET | NAME OF VETERAN | FILE NUMBER |
|---|---|---|
| | R. W. JOHNSON | c- |

| PAGE | OF RATING DATED: |
|---|---|
| 2 | 3-10-83 |

7120        VARICOSE VEINS
7399        LAXITY OF RIGHT INTERNAL INGUINAL RING

---

20. SPECIAL PROVISION CODE

1 - PAR. 29    3 - PAR 1321    5 - ANAL. RATING    7 - PAR. 28
2 - PAR. 30    4 - PAR 1322    6 - OTHER OR COMB.

21. SPECIAL MONTHLY COMPENSATION

| A. SMC PAR CODE | B. LOSS OF USE | C. ANAT. LOSS | D. OTHER LOSS | E. HOSP. SMC |
|---|---|---|---|---|

22. CLAIMANT REPRESENTED BY:

DAV □    VFW □    ARC □    AMVETS □    OTHER (Specify) □

23. RATING SPECIALIST (Legal Occupational)    STEVE SMITH

24. RATING BOARD NO.    3E1

25. R.O. NO.    362/

CHM □

28. RATING SPECIALIST (Legal Occupational)    JOHN JACOBSON

VA FORM 21-6796h, AUG. 1977 WHICH WILL NOT BE USED.

U.S. Government Printing Office: 1981

VETERANS ADMINISTRATION

2515 Murworth Dr.                    83              March 25, 1983
Houston TX 77054
                                                    IN REPLY REFER TO 21/24


• 

RONALD W JOHNSON
T D C # 282756
ELLIS UNIT H-20 4/2
HUNTSVILLE TX  77340


Your Disability Compensation award has been amended as
follows:
                    MONTHLY RATE              EFFECTIVE DATE
                      $62.00                     2-01-83

Because your service-connected disability has improved, the
evaluation will be reduced:

    Condition                                      New    %
    CONDITION OF THE SKELETAL SYSTEM                      10

You may submit evidence to show that the reduction should not
be made. A statement from a physician who has recently examined
you would be the best type to submit. It should include detail-
ed findings relating to your service connected conditions. If
additional evidence is not received within 60 days from the
date of this letter, your award will be reduced as indicated.


                                        THANK YOU,
                                        VETERANS ADMINISTRATION

IMPORTANT — SEE REVERSE FOR PROCEDURAL AND APPELLATE RIGHTS
Encl: 21-8764        KEEP THIS LETTER FOR FUTURE REFERENCE

VA FORM
21 — 8332a-4

PULL MAIL E THOMA

Feb 14                    Notice of Disagreement
                                          Forms

Veterans Administration

I write to obtain the necessary appeal forms so as to appeal the last decision which resulted from my last exam at the VA Hospital in Houston on March 1983.

I was 30% and it was reduced to 10% without just cause. I'm appealing to the Board of Appeals in Washington. I need the appeal forms

Thank You

362/213B

Ronald W. Johnson
Ellis Unit #20
Huntsville, Texas
                    7734

GOVERNMENT
EXHIBIT
9

Likewise, I request an attorney set forth in 38 USC 3404 (c), at

I write to obtain the necessary appeal forms so as to appeal the last decision which resulted from my last exam at the VA Hospital in Houston on March 1983.

I was 30% and it was reduced to 10% without just cause. I'm appealing to the Board of Appeals in Washington I need the appeal forms

Thank You

362/2130

Ronald W. Johnson
Ellis Unit #20
Huntsville, Texas
                    77340

Likewise, I request an attorney set forth in 38 USC 3404 (c). at $10.00 maximum fee.

( Vet br DAV / POA )

NOTICE OF DISAGREEMENT
RECORDED 2-15-84
FILE - ADJ
170
Create Final-Interim
Quick Release
Enclosure
Initials 2-17-84

APR  5 1984

362/213E

Mr. Ronald W. Johnson
Ellis Unit - H20
TDC - No. 282756
Huntsville, Texas  77343

Dear Mr. Johnson:

You have filed what the law calls a "Notice of Disagreement" with
our action on your claim, the first step in appealing to the Board of
Veterans Appeals.  This letter and attachments give you very important
information.  Please read them carefully.

By law we are required to send you the attached "Statement of the Case"
so that you can make the best possible argument to the Board of Veterans
Appeals as to why you think our ruling should be changed.  This is not a
decision on your appeal but an explanation of what was done here.

Your argument or "Substantive Appeal" should be set out on the attached
VA Form 1-9.  If there is anything you do not understand about the
instructions on the form, we will gladly explain.  The important things
are to say, in your own words, what benefit you want, what facts in the
statement you disagree with, and any error you believe we made in applying
the law.  The facts stated are especially important since we will
assume you agree with any statement of fact to which you take no exception.

When the form is returned to us, your case will be sent to the Board of
Veterans Appeals in Washington for a decision.  The Board of Veterans
Appeals will base its decision on an independent review of the entire
record.

If we do not hear from you in 60 days, we will assume you do not intend
to complete your appeal and we will close our record.  If you require
more time, please let us know within 60 days.

Sincerely yours,


C. H. GOODMAN
Adjudication Officer

Enclosures

cc:
DAV (2)


FILE--ADJ

EP _____
Create-Final-Interim
Quick Release _____
Enclosure _____
Initials _____
Date _____


FILE--ADJ

EP _____
Create-Final-Interim
Quick Release _____
Enclosure _____
Initials _____
Date _____


LEWIS:Emk        3/27                3/28   12:30

GOVERNMENT
EXHIBIT
10

Veterans Administration

Regional Office
2515 Murworth                                          JOHNSON, Ronald W.
Houston, Texas   77054

## STATEMENT OF THE CASE

### IN THE APPEAL
### OF

RONALD W. JOHNSON

### FROM THE DECISION OF THE
### VETERANS ADMINISTRATION

## NOTICE TO APPELLANT:

This is not a decision on the appeal you have initiated.  It is a
"Statement of the Case" which the law requires us to furnish to help
you in completing your appeal.

Please read the forwarding letter carefully, as well as the instructions
on the enclosed appeal form.  These explain your appeal rights and tell
you what you must do to complete your appeal.

A copy of this "Statement of the Case" has been furnished your
representative:

Disabled American Veterans

## ISSUE:

Evaluation of service connected pes planus with clawing
of toes and bunionectomies and hallux valgus deformity,
bilateral.

FL 1-25A, FEB 1980(R)

Statement of the Case, continued

JOHNSON, Ronald W.

## SUMMARY OF EVIDENCE AND ADJUDICATION ACTIONS:

Service:                    August 1968, to August 1971.

Mar. 1, 1983               Received examination report showing veteran complained of
                           foot pain on prolonged standing or walking. Examination
                           showed veteran walked with a normal gait, and was able to
                           stand on heels and toes without difficulty, surgical scars
                           were adherent and nontender. Both feet flexible and there
                           was no swelling, redness, or tenderness to pressure on either
                           foot. While standing veteran exhibited bilateral loss of
                           longitudinal arches with pronation and bulging of medial
                           borders.

Mar. 10, 1983              Rating action reducing evaluation from 30 to 10 percent and
                           notifying veteran.

Mar. 22, 1983              Received another VA examination which showed veteran complained
                           of pain of both feet which occurs especially on prolonged
                           standing- and prolonged walking. Upon examination, the heels
                           were slightly evetted with bowing of the heel cords. The
                           veteran is shown to have clawing of all toes of both feet
                           except the big toes. There were no corns or callouses about
                           the foot.

Mar. 24, 1983              Rating action confirming previous rating decision and
                           notifying veteran.

Feb. 10, 1984              Received Notice of Disagreement.

## PERTINENT LAWS, REGULATIONS, RATING SCHEDULE PROVISIONS:

Disability evaluations are determined by the application of a schedule of
ratings which is based on average impairment of earning capacity, (38 CFR 4.15).
The evaluation of 10 percent for pes planus with clawing of toes and
bunionectomies and hallux valgus deformity, bilateral, requires a finding that
the condition be moderate, weight bearing line over or medial to great toe,
inward bowing of the tendo achillis, pain on manipulation and use of feet
bilateral or unilateral. To warrant the assignment of 30 percent, condition
must be considered severe; objective evidence of marked deformity (pronation,
abduction, etc.), pain on manipulation and use accentuated, indication of
swelling on use, characteristic callosities.

2

Statement of the Case, continued



JOHNSON, Ronald W.

DECISION:

The degree of disablement resulting from the service-connected disability
of pes planus with clawing of toes and bunionectomies and hallux
valgus deformity, bilateral, does not warrant the assignment of a rating in
excess of that currently in effect under the rating schedule. (38 USC 355)
(1945 Schedule)  (38 CFR, Part 4)

REASONS FOR DECISION:

The records, medical and other evidence, regarding the residual of pes
planus with clawing of toes and bunionectomies and hallux valgus deformity,
bilateral, when considered with the provisions of the applicable rating schedule,
do not show disability of such severity as to warrant an increase in the evaluation
of this disability.

3

Statement of the Case, continued

JOHNSON, Ronald W.

Submitted By:

_____    _____
          Rating Specialist                    Date
                                                4-3-84

Approved By:

_____    APR  5 1984
     Section Chief, Rating Board            Date

Form Approved
OMB No. 2900-0085

**Veterans Administration**

| IMPORTANT: Read instructions on reverse side before filling in form. Complete all items fully. Send this appeal to the VA office which made the decision being appealed. | VETERANS ADMINISTRATION<br>**APPEAL**<br>TO<br>**BOARD OF VETERANS APPEALS** |
|---|---|

| 1. LAST NAME - FIRST NAME - MIDDLE NAME OF VETERAN *(Type or print)* | 2. INSURANCE FILE NO., OR LOAN NO. *(If pertinent)* | 3. CLAIM FILE NO *(Include prefix)* |
|---|---|---|
| JOHNSON, RONALD WAYNE | | ~~(redacted)~~ |

4. IF APPEAL IS BEING MADE BY A PERSON OTHER THAN VETERAN, INDICATE RELATIONSHIP

☐ WIDOW  ☐ CHILD  ☐ MOTHER  ☐ FATHER  ☐ OTHER *(Specify)*

| 5. NAME OF CLAIMANT *(If other than veteran)* | 6. ADDRESS OF CLAIMANT *(Number & street, city, State & ZIP Code)*<br>ELLiS I  H2c<br>HuNTSviLLE , TEX |
|---|---|

| 7. DATE OF DECISION BEING APPEALED | 8. VA OFFICE WHICH MADE DECISION BEING APPEALED *(City & State)* |
|---|---|
| March 1983 | HousTon UA Regional |

**REPRESENTATION** ➤ See Par. 6 of Instructions on reverse side.   DAV

**HEARING** ➤ See Par. 7 of Instructions on reverse side.

9A. DO YOU WISH TO BE PRESENT AT A HEARING?  ☐ YES  ☒ NO

9B. IF YES, SPECIFY PLACE  ☐ FIELD OFFICE  ☐ WASHINGTON, D.C.

NOTE: A personal hearing is not necessary nor is a decision made at the time of the hearing.

10. I TAKE ISSUE WITH THE DECISION CITED ABOVE AND HEREBY PETITION THE BOARD OF VETERANS APPEALS FOR RELIEF AS SET FORTH BELOW. *(State in specific detail the benefits sought on appeal and your reasons for believing that the action appealed from is erroneous. Follow carefully the instructions in paragraph 3 on the reverse side.)*

30% was established by the Board of Appeals in 1981. I sought an increase only to be decreased by the UA. Exam was a callous disregard, erroneous and vague. Feet have gotten worse. But compensation was reduced to 10%. I requested from the outset at least 50% in 1981. The same is sought. At least restore 30% award which has been established. Feet deformity operation in 1979 didn't improve disability.

12°/P 7-11-84

GOVERNMENT
EXHIBIT
11

*(Attach additional sheets, if necessary)*

| 11. DATE | 12. SIGNATURE OF CLAIMANT *(Or representative)* |
|---|---|
| 7-5-84 | Ronald W. Johnson |

VA FORM 1-9
AUG 1981

SUPERSEDES VA FORM 1-9, JUN 1979,
WHICH WILL NOT BE USED.

IN THE APPEAL OF

RONALD W. JOHNSON





## BOARD OF VETERANS APPEALS
### WASHINGTON, D.C. 20420

| FINDINGS AND DECISION | ) | DOCKET NO. 84- 28540 |
|---|---|---|
| | ) | |
| | ) | DATE NOV 16 1984 |
| | ) | |

### THE ISSUE

Entitlement to an increased rating for bilateral pes planus
with clawing of the toes and bunionectomies and hallux
valgus deformity, currently evaluated as 10 percent dis-
abling.

### REPRESENTATION

Appellant represented by: Disabled American Veterans

### CONSULTATIONS BY THE BOARD

Ripley P. Schoenberger, Staff Legal Adviser



GOVERNMENT
EXHIBIT
12

JOHNSON, Ronald W.



## ACTIONS LEADING TO PRESENT APPELLATE STATUS

By rating action of March 1983, the agency of original
jurisdiction reduced the evaluation of the appellant's service-
connected foot disorder from 30 percent to 10 percent dis-
abling.  The appellant disagreed with the reduction in
evaluation, and the case is before the Board for appellate
review.

## CONTENTIONS

The appellant and his representative contend, in substance,
that the condition of the veteran's feet has not improved,
and his evaluation should not have been reduced.  It has
been requested that all reasonable doubt be resolved in
favor of the appellant.

## THE EVIDENCE

The veteran served from August 1968 to August 1971.

On a special orthopedic examination conducted by the Veterans
Administration in February 1983, the appellant stated that
he had pain in both feet, especially on prolonged standing
and prolonged walking.  On examination the appellant walked
with a normal gait.  He was able to bend, stoop, squat, and
stand on his heels and toes without difficulty.  On examina-
tion of both feet while standing it was noted that he had
loss of the longitudinal arches, bilaterally.  There were
pronation and bulging of the medial borders of both feet.
The heels were slightly everted with bowing of the heel
cords.  He had hallux valgus deformity bilaterally which
was more marked on the left side.  He had clawing of all
the toes of both feet except the big toes.  There was over-
lapping of the left little toe over the left fourth toes.
There were no corns or calluses about either foot.  No
swelling or redness of either foot was noted, and both feet
were flexible.  He did not complain of any tenderness to
pressure about the feet.

X-ray studies of both feet showed bilateral flatfoot.



JOHNSON, Ronald W.

X-ray studies of both feet taken in March 1983 showed marked
pes planus bilaterally, deformity of the distal first meta-
tarsal compatible with hallux valgus  and healed fracture of
the left foot; shortening and deformity of the first proximal
phalanx of the right foot compatible with a healed fracture,
healed fracture of the distal fifth metatarsal of the right
foot; and contractures of the toes (clawing), bilaterally,
the right worse than the left.  The diagnoses were bilateral
pes planus, third degree, with bilateral clawing of the
toes and status postoperative bunionectomies with hallux
valgus deformity, bilateral, symptomatic, chronic.

## THE LAW AND REGULATIONS

Disability evaluations are determined by the application of
a schedule of ratings which is based on average impairment of
earning capacity.  (38 U.S.C. 355; 38 C.F.R. Part 4) Separate
diagnostic codes identify the various disabilities.

When an unlisted condition is encountered it will be permissible
to rate under a closely related disease or injury in which not
only the functions affected, but the anatomical localization
and symptomatology are closely analogous.  Conjectural analogies
will be avoided, as will the use of analogous ratings for condi-
tions of doubtful diagnosis, or for those not fully supported
by clinical and laboratory findings.  Nor will ratings
assigned to organic diseases and injuries be assigned by analogy
to conditions of functional origin.  (38 C.F.R. 4.20)

When bilateral acquired flatfoot is severe with objective
evidence of marked deformity (pronation, abduction etc.)
with pain on manipulation and use accentuated, indications
of swelling on use, and characteristic callosities, a 30 per-
cent evaluation is assigned.  When acquired flatfoot is moderate
with the weight-bearing line over or medial to the great toe,
inward bowing of the tendo achillis, with pain on manipulation
and use of the feet, a 10 percent evaluation is assigned.
(38 C.F.R. Part 4, Code 5276)

When a reasonable doubt arises regarding service origin, the
degree of disability, or any other point, such doubt will be
resolved in favor of the claimant.  A reasonable doubt means
a substantial doubt and one within the range of probability
as distinguished from speculation or remote possibility.
(38 C.F.R. 3.102)

JOHNSON, Ronald W.

## DISCUSSION AND EVALUATION

The appellant claims that the condition of his feet has  not improved, thus, his evaluation should not have been reduced. It should be pointed out but that while complaints of disability are considered, the complaints must be supported by objective findings of disability.  We realize that the appellant has some pain and discomfort.  However, his gait is normal, and he does not have any callosities or tenderness on pressure.  In addition, both feet are flexible without swelling or redness.  After reviewing the claims folder, we are of the opinion that the veteran currently has no more than moderate disability.

In reaching our decision we have considered the doctrine of reasonable doubt, but find the facts in this case raise no such doubt.

## FINDINGS OF FACT

The v e t er an' s service-connected foot disability is manifested primarily by complaints of pain and discomfort; more than moderate disability is not shown.

## CONCLUSION OF LAW

A rating in excess of 10 percent for bilateral pes planus with clawing of the toes and bunionectomies and hallux valgus deformity is not warranted.  (38 U.S.C. 355; 38 C.F.R. 3.102, Part 4, Code 5276, 4.20)

## DECISION

Entitlement to an increased rating for bilateral pes planus with clawing of the toes and bunionectomies is not established. Accordingly, the appeal is denied.

EUGENE O'NEILL

B. H. PRATS, M.D.

C. W. SYMANSKI

-4-

MAR 1 3 1987

Mr. Ronald B. Johnson
TDC No. 282756
Box 15
Lovelady, TX 75851


362/212A

Dear Mr. Johnson:

38 C.F.R. 3.665 requires that a veteran receiving compensation who is convicted of a felony, have his compensation reduced on the 31st day following the date of conviction of a felony. If the veteran is entitled to compensation at the ten percent disabling rate, the reduction will be to one-half of the ten percent rate.

Your disability was reduced from 30 percent disabling to ten percent disabling effective February 1, 1983; however, this did not reduce your benefits to one-half of the ten percent as required. To avoid creating an overpayment we are amending your award effective March 1, 1987, to pay you $34.50 per month.

We are also providing for the cost of living allowance increase from December 1, 1986, which increased your benefits from $68.00 per month to $69.00 per month.

Sincerely yours,

VETERANS ADMINISTRATION

Enclosure
VA Form 1-4107

cc:
DAV (2)

2128/21 AC:az                                3-3-87    3-13-87



GOVERNMENT EXHIBIT

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT

| | |
|---|---|
| **1. LAST NAME—FIRST NAME—MIDDLE NAME** JOHNSON, Ronald Wayne | **2. SERVICE NUMBER** 248 71 44 |

**3. SOCIAL SECURITY NUMBER**

**PERSONAL DATA**

| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS | 5a. GRADE, RATE OR RANK | b. PAY GRADE | 6. DATE OF RANK | | |
|---|---|---|---|---|---|
| United States Marine Corps | Pvt | E-1 | DAY 29 | MONTH Jul | YEAR 71 |

| 7. U.S. CITIZEN | 8. PLACE OF BIRTH (City and State or Country) | 9. DATE OF BIRTH | | |
|---|---|---|---|---|
| [X] YES [ ] NO | Lamesa, Texas | DAY 13 | MONTH Apr | YEAR 51 |

**SELECTIVE SERVICE DATA**

| 10a. SELECTIVE SERVICE NUMBER | b. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE | c. DATE INDUCTED | | |
|---|---|---|---|---|
| N/A | N/A | DAY N/A | MONTH | YEAR |

**TRANSFER OR DISCHARGE DATA**

| 11a. TYPE OF TRANSFER OR DISCHARGE | b. STATION OR INSTALLATION AT WHICH EFFECTED |
|---|---|
| Tr to the Marine Corps Reserve | MCSSS, MCB, Camp Lejeune, N.C. 28542 |

| c. REASON AND AUTHORITY #202-Expiration of Enlistment auth MARCORSE MAN Para 6009 | d. EFFECTIVE DATE | | | e. TYPE OF CERTIFICATE ISSUED |
|---|---|---|---|---|
| | DAY | MONTH Aug | YEAR 71 | N/A |

| 12. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 13a. CHARACTER OF SERVICE UNDER |
|---|---|
| MCSSS, MCB, Camp Lejeune, N.C. 28542 | HONORABLE CONDITIONS |

| 14. DISTRICT, AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED | 15. REENLISTMENT CODE |
|---|---|
| Marine Corps Reserve Forces Class III | RE-4 |

| 16. TERMINAL DATE OF RESERVE UNIT & S OBLIGATION | | | 17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION a. SOURCE OF ENTRY: | a. TERM OF SERVICE (Years) | c. DATE OF ENTRY | | |
|---|---|---|---|---|---|---|---|
| DAY 18 | MONTH Jul | YEAR 74 | [X] ENLISTED (First Enlistment)  [ ] ENLISTED (Prior Service)  [ ] REENLISTED  [ ] OTHER | 03 | DAY 5 | MONTH Aug | YEAR 68 |

| 18 PRIOR REGULAR ENLISTMENTS | 19. GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SVC | 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State) |
|---|---|---|
| None | Pvt (E-1) | Abilene, Texas |

**SERVICE DATA**

| 21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code) | 22. STATEMENT OF SERVICE | | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| 806 Marienfeld Street Midland, Midland, Texas 77033 | a. CREDITABLE FOR BASIC PAY PURPOSES | (1) NET SERVICE THIS PERIOD | | | |
| | | (2) OTHER SERVICE | | | |
| | | (3) TOTAL (Line (1) plus Line (2)) | | | |

| 23a. SPECIALTY NUMBER & TITLE | b. RELATED CIVILIAN OCCUPATION AND D.O.T. NUMBER | b. TOTAL ACTIVE SERVICE | | | |
|---|---|---|---|---|---|
| 3041 SupAdminMan | Stock, Clerk 223,387 | c. FOREIGN AND/OR SEA SERVICE | | | |

**24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED**

NDSM

**25. EDUCATION AND TRAINING COMPLETED**

CINC-Basic Supply Fundamental Crs-1969

**VA AND EMP. SERVICE DATA**

| 26a. NON-PAY PERIODS/TIME LOST (Preceding Two Years) | b. DAYS ACCRUED LEAVE PAID | 27a. INSURANCE IN FORCE (NSLI or USGLI) | b. AMOUNT OF ALLOTMENT | c. MONTH ALLOTMENT DISCONTINUED |
|---|---|---|---|---|
| None ✓ | 10 Days Due | [ ] YES [X] NO | $ N/A | N/A |

| 28. VA CLAIM NUMBER | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE | | | |
|---|---|---|---|---|
| c. N/A | [ ] $10,000 [ ] $5,000 [ ] NONE (X) $15,000 | | | |

**30. REMARKS**

Good Conduct Medal Period commences 29 Jul 1971

**AUTHENTICATION**

| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code) | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED |
|---|---|
| 504 38th Street Lubbock, Texas 77033 | X _Ronald W Johnson_ |

| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZED OFFICER | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|
| J. B. MARKS, CWO-2, PersO | _J Marks_ |

GOVERNMENT EXHIBIT 14

DD FORM 214 MC (1900)   PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE   REPORT OF SEPARATION OR TRANSFER DISCHARGE   S/N 0102-002-0000   SR/OQR OR HQMC-2

United States Courts
Southern District of Texas
ENTERED

SEP 1 3 2006

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2283 |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, ET AL., | § | |
| Defendants. | § | |

## ORDER

Defendants' Motion To Dismiss Plaintiff's Original Petition under Federal Rules of Civil

Procedure 12(b)(1) and (6) is GRANTED.

It is, therefore, ORDERED that Plaintiff's Original Petition is DISMISSED without

prejudice.

It is further ORDERED, that all other pending motions are DISMISSED AS MOOT.

SIGNED this __12th__ day of ____Sept____ , 2006.

_____
UNITED STATES DISTRICT JUDGE



CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:06-cv-02283

Johnson v. Department of Veterans Affairs et al
Assigned to: Judge Vanessa D Gilmore
Cause: 28:1442 Notice of Removal

Date Filed: 07/07/2006
Date Terminated: 09/12/2006
Jury Demand: Plaintiff
Nature of Suit: 330 Federal Employer's
Liability
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**R. Wayner Johnson**                    represented by    **R. Wayner Johnson**
                                                           Clements
                                                           9601 Spur 59A
                                                           Amarillo, TX 79107
                                                           PRO SE

V.

**Defendant**

**Department of Veterans Affairs**       represented by    **Daniel David Hu**
                                                           Office of the US Attorneys Office
                                                           P O Box 61129
                                                           Houston, TX 77208-1129
                                                           713-567-9518
                                                           Fax: 713-718-3303
                                                           Email: daniel.hu@usdoj.gov
                                                           *TERMINATED: 07/25/2006*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Nancy Cross Leonard**
                                                           Office of US Attorney
                                                           PO Box 61129
                                                           Houston, TX 77208
                                                           713-567-9503
                                                           Fax: 713-718-3303
                                                           Email: nancy.leonard@usdoj.gov
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Paul R Black**                         represented by    **Daniel David Hu**
                                                           (See above for address)

*TERMINATED: 07/25/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nancy Cross Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Douglas Dretke**

**Defendant**

**Chris Koenig**

**Defendant**

**Sharon Howell**

**Defendant**

**Ivory Ratliff**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/07/2006 | 1 | NOTICE OF REMOVAL from 61st Judicial District Court of Harris County, Texas, case number 2006-18679 ( Filing fee $ 350) filed by all defendants. (Attachments: # 1 Exhibit Index of Matters Filed and Exhibits# 2 Civil Cover Sheet # 3 List of Counsel)(Hu, Daniel) (Entered: 07/07/2006) |
| 07/07/2006 | 2 | MOTION for Extension of Time to Answer or Otherwise Respond by all defendants, filed. Motion Docket Date 7/27/2006. (Attachments: # 1 Proposed Order)(Hu, Daniel) (Entered: 07/07/2006) |
| 07/10/2006 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/3/2006 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore.( Signed by Judge Vanessa D Gilmore ) Parties notified.(mmapps, ) (Entered: 07/11/2006) |
| 07/13/2006 | 4 | MEMORANDUM AND ORDER Regarding Discovery Motions, Motions for Summary Judgment and Analogous Motions to Dismiss . ( Signed by Judge Vanessa D Gilmore ) Parties notified.(bthomas, ) (Entered: 07/14/2006) |
| 07/13/2006 | 5 | ORDER CONCERNING REMOVAL.( Signed by Judge Vanessa D Gilmore ) Parties notified.(bthomas, ) (Entered: 07/14/2006) |
| 07/19/2006 | 6 | RESPONSE to 5 Order , *Instrument 5*, filed by all defendants. (Cross, Nancy) (Entered: 07/19/2006) |
| 07/21/2006 | 7 | Agreed MOTION to Substitute Attorney Nancy Cross in place of Daniel D. Hu by all defendants, filed. Motion Docket Date 8/10/2006. |

| | | (Attachments: # 1 Proposed Order)(Cross, Nancy) (Entered: 07/21/2006) |
|---|---|---|
| 07/25/2006 | 8 | ORDER granting 7 Motion to Substitute Attorney Nancy Cross for counsel of record for Federal Defendants. Attorney Daniel David Hu terminated. ( Signed by Judge Vanessa D Gilmore ) Parties notified. (kmurphy, ) (Entered: 07/26/2006) |
| 08/10/2006 | 9 | MOTION for Leave to File Amended Suit by R. Wayner Johnson, filed. Motion Docket Date 8/30/2006. (cpeebles) (Entered: 08/11/2006) |
| 08/10/2006 | 10 | First Amended Complaint with Jury Demand against Department of Veterans Affairs, Paul R Black filed by R. Wayner Johnson. Related document: 1 Notice of Removal, filed by Department of Veterans Affairs, Paul R Black.(cpeebles) Additional attachment(s) added on 8/11/2006 (cpeebles, ). (Entered: 08/11/2006) |
| 08/18/2006 | 11 | MOTION to Dismiss *Original Petition* by Department of Veterans Affairs, Paul Black, filed. Motion Docket Date 9/7/2006. (Attachments: # 1 Exhibit 1# 2 Proposed Order # 3 Proposed Order)(Cross, Nancy) Filers corrected on 8/25/2006 (ltien, ). (Entered: 08/18/2006) |
| 08/21/2006 | 12 | RESPONSE TO AND OBJECTIONS to 3 Order for Initial Conference and Disclosure,, filed by R. Wayner Johnson. (ledwards, ) (Entered: 08/21/2006) |
| 08/29/2006 | 13 | ORDER granting 2 MOTION for Extension of Time to Answer or Otherwise Respond, Answer due 8/20/2006.( Signed by Judge Vanessa D Gilmore ) Parties notified.(dhansen, ) (Entered: 08/30/2006) |
| 09/05/2006 | 14 | RESPONSE to 11 MOTION to Dismiss *Original Petition*, filed by R. Wayner Johnson. (cpeebles) (Entered: 09/05/2006) |
| 09/05/2006 | 15 | NOTICE *OF SUPPLEMENTAL FACT* re: 11 MOTION to Dismiss *Original Petition* by all defendants, filed. (Attachments: # 1 Exhibit 1# 2 Errata 2# 3 Exhibit 3)(Cross, Nancy) (Entered: 09/05/2006) |
| 09/06/2006 | 16 | ORDER denying 9 Motion for Leave to File Amended Suit.( Signed by Judge Vanessa D Gilmore ) Parties notified.(dhansen) (Entered: 09/07/2006) |
| 09/12/2006 | 17 | ORDER granting 11 MOTION to Dismiss *Original Petition*. Case terminated on 9/12/06.( Signed by Judge Vanessa D Gilmore ) Parties notified.(dhansen, ) (Entered: 09/13/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/14/2007 18:35:17 | | |
| PACER Login: | du6017 | Client Code: |
| Description: | Docket Report | Search Criteria: | 4:06-cv-02283 |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

R. WAYNE JOHNSON            §
      Plaintiff,           §
                            §
v.                          §            CIVIL ACTION H-06-2283
                            §
DEPARTMENT OF VETERANS AFFAIRS,  §
ET AL.                      §
      Defendants.          §

FEDERAL DEFENDANTS' NOTICE TO COURT
OF SUPPLEMENTAL FACT

Federal Defendants filed this notice to Court of an additional fact relating to Instrument No.

11 (Federal Defendants' Motion To Dismiss Plaintiff's Original Petition For Lack Of Subject Matter

Jurisdiction And Failure To State A Claim Or, Alternatively, Pursuant To 28 U.S.C. § 1915(g)), filed

on August 18, 2006, and would state to the Court the following:

On page 2 of Instrument No. 11, Federal Defendants cited two cases previously filed by

Plaintiff which almost mirror the instant lawsuit. There is a third case now, *R. Wayne Johnson v.*

*Department of Veterans Affairs*, Civil Action H-05-338, In the United States District Court for the

Western District of Texas, Waco Division, attached as Exhibits 1 through 3. This case is presently

pending a motion to dismissal for failure to serve the U. S. Attorney.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

/S/

Nancy Cross
Assistant United States Attorney
TBN: 03448300

1

P. O. Box 61129
919 Milam, Suite 1500
Houston, TX 77208-1129
(713) 567-9503
(713) 718-3303 (fax)

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Federal Defendants' Notice To Court of Supplemental Fact, has been sent by U.S. mail, return receipt requested no. 7004 2510 0006 7849 1866, on this the 5th day of September, 2006, to Mr. R. Wayne Johnson, Clements, 9601 Spur 59A, Amarillo, TX 79107.

/S/
_____
Nancy Cross

2

United States Dist Court
Southern District
Houston, Texas

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 05 2006

MICHAEL N. MILBY, CLERK OF COURT

\*          \*          \*

R Wayne Johnson,
              Plaintiff,        \*

                                \*

Us                          \*  Cause No 06-2283

Dept of Veteran Affairs,    \*
et al,                      \*

        \* Plaintiff's Response To Defendant's
          Motion To Dismiss, and 28 USC
          1915(s) - Unconstitutional \*

Plaintiff responds to the federal defendant's
piece of pure fiction called a dismissal:

I: Lacks of Jurisdiction: Response:
    A. all the circuit court cases cited by cross
belies her trainers in law - laughable.

                    (1)

B. The court does have jurisdiction as the plaintiff seeks a writ of Mandamus, and an Injunction. Jurisdiction lies for a Mandamus pursuant to 28 USC 1361, McClard, 109 SCt 1814 (federal court, Jamb, 284 F3d 1378, Fahey, 67 SCt 1558.

C. The injunction (interference w/property rights is also permissible. Stinson, 32 SCt 340, - Scheld, 16 SCt 443 (no 11th Amend). property held by US (as here) - actionable - Jacobs, 54 SCt 26.

D. Direct under constitution invokes jurisdiction - Davis, 99 SCt 2264 - "direct under 5th Amend." Powell, 89 SCt 1944-75 - "requires no more than enforcement of the constitution." Sharpe, 74 SCt 693 -- 5th Amend - D.C schools, racial discrimination.

E. State property law governs the suit, - in federal or state court. Bush, 122 SCt 525 - 535.

F) As instructed by Supreme Court - Hallerman, 104 SCt 900-17 - "court vested with constitutional duty to vindicate supreme law of land."

(2)

G. As the suit shows, p§10, the newly enacted regulations - 38 USC 5313 - 38 CFR 3.665(d)(2) - do _not_ apply to him. 3.665 Part 1". applies to one serving a period of incarceration for a felony committed _AFTER_ Oct 7, 1980! That is parallel to the argument in the suit - RE, p§10:

#20. US, 103 S.Ct at 413 - Walker, 855 S.Ct 1731 - "legislation must be considered as addressed _To_ the FUTURE, _not_ the past, statute will _not_ be given effect." Inc, ~~28 F.~~ 284 F3d 807 - "federal regulations cannot apply retroactively." Hall, 39 S.Ct 459.

H. As shown, the "statutory language _itself_ prevents defendants from depriving plaintiff of his 30% award decided _By_ the Board of Veteran Appeals. The _lower_, - echelon did _not_ them_selves_ appeal that, and cannot supersede that award. 38 CFR 3.665 also states - (ii) - award of compensation is approved after Sept 30, 1980. Plaintiff _commenced_ 1978 - each pay _issued_ from _that_ date!

(13)

I. The fifth circuit instructs this court –
as does the Supreme court to adhere to
Stare decisis. Kunkel C, 277F3d 300 (5th) –
Dickerson, 120 SCt 2326 – 2332. "Congress
cannot legislatively – (as it 38 C F R 3.665)
supersede US Sept ct decisions" – as present-
ed in the suit – pp 7 – thus the court must
adhere to all the precedents, not federal
statutes, NO circuit cases used by com,
NONE.

J. Carey, 112 SCt 2791 2791 – court rule in
conformance to constitution" – Halderman,
104 SCt at 912 – a constitutional claim
is presented, the court has jurisdic-
tion! must hear the suit, defendants'
removed it.

I. 38 C F R 3.665 – once again, does not apply
to plaintiff – – even if it did, he is 30% –
not "less than 20% – see footnote 8 –
pp 8 – defendants' motion to dismiss! has her
NO claim. Only a frivolous argument –
false pleadings, – fraud!

(4)

Consequently, plaintiff _states_ a claim;
Rule 17 (b) (6) has NO application.

As to Cross' insane defense of a "Secretary
_decision_ -" secretary did _not_ make a decision
in this controversy. Instead - the Board of
Veteran Appeals did - _not_ subject to the
supersedeas - and 38 CFR 3.665 doesn't
apply. And he was - is - 30% - so he _can't_
be subject to the statute in the first in-
stance. "_less_ than 30%" p.8 - Cross' motion-
alone is beneficial to _plaintiff's_ argument.

II  Federal Defendants claim of ~~Sovereign Imm-~~
~~anity is wholly frivolous:~~

   A. Cross claims defendants have not waived imm-
   anity" p.7 of Motion. To the contrary.

   B. _Lapades_, 122 SCt 1640 - when a defendant
   (state or federal) voluntarily subjects itself
   to federal court, it _waives_ _all immunity_"
   from these claims in _plaintiff's_ suit!
   All cases cited by Cross are worthless—
   Lapades controls NOW! under _these_ cir-
   cumstance. The cases Cross uses - NONE
   deal with removals action like this one.
                    (5)

Also, the VJRA - is not even present in this suit. 38 CFR 3.665 statute - "took" — illegally the 30% awarded by Board of Veteran appeals - NO decisions otherwise presented - NONE. So - not before the court to decide. Japadeen controls — ALL immunity has been waived - the threshold inquiry — Coss' attempt — she skips the constitutional inquiry altogether! Zuspan 160 F 3d 1159 has NO application to this case - Jayadeen, 123 SCt 1690 controls - NO VJRA decision made in this case — Board of Veterans Appeals decision, of 30% is final - bar none - & controls Chisaie.

As to the (DSID) "5th Amend. do not obligate federal government to pay money" - frivolous. Rothe circuit case doesn't control. Instead, Davis, 99 SCt 2264, Jacobs, 54 SCt 26 - Sharpe, 74 SCt 693 - Powell, 89 SCt 1944-78 - all these supersede "Rothe" case by Coss! Gardner, 67 SCt #467, Gunter, 26 SCt 252 "can't escape even voluntary act."

(6)

III  28 USC 1915(s) — ps 12, 13, 14, Cross' motion is frivolous also:

A. Plaintiff' indigency status is not an issue before the court.

B. He does not have to pay a dime even if it did apply. — see US Sup ct precedents. 28 USC 1915(s) hinges on payment of a fee — an illegal one.

C. Garrity, 87 SCt 616 - 620 - the court held

"There are rights of constitutional stature whose exercise a state cannot condition by the exaction of a price. Asserting first Amend is one. quoting Murdoch, 63 SCt 870 - 75 —

" State may not impose a charge for the exercise of a right guaranteed by the federal constitution."

D. Same principle applies to a federal court: Lena, 115 SCt 2077 - 2100;

"it is unthinkable that the same constitution would impose

(7)

a lesser duty on the federal government than it does on the states to afford equal access to all litigants." Sharpe, 74 SCt 643.

E. Consequently, 1915(s) is rendered meaningless - Unconstitutional!

F. Even if it did apply, it cannot be used as the plaintiff has challenged 28USC 1915 (s) in these federal suits - pending at present:

   1. Cause No 05-2285 - Wash, D.C.,
   2. Cause No 06-016 - Lubbock;
   3. Cause No 06-088 - Midland,
   4. Cause No 05-228 - Conroe,

G. In Kalim, 108 SCt 2481-2486 - the court opened:

   Fahey, 67 SCt 1552 - "estopped" - from asserting their constitutional claims as it well established that one may retain benefits of an act while attacking the constitutionality of the same act."
   US, 60 SCt 749-55

(8)

H) Cross, again, fails in her frivolous argument. She cannot even research adequately - takes a law degree for sure.

Therefore, all the cases of such by plaintiff cited - ps 13-14 - of Cross' motion are VOID - those orders were entered in violation of the constitution - 1st, 14, 5th Amendment.

Finally, now that he proven Cross in a fraud, the court must adhere to all US Sup ct precedents, another term - Finchley, 116SCt 1293-1307 -

"It is a paradigmatic abuse of discretion for a court to base its rulings on an erroneous view of the law - " US Sup ct precedents here - - govern that the law - Cross.

Wherefore Premises Considered, the court has jurisdiction, Cross waived all immunity by removal, 38CFR 3.665(d)(2) does not apply to plaintiff, then the suit must proceed, or settle it Cross!

Constitutionally
yours,

(9)    T. Hinthly, 1991

"Legal Eagle"
Best Legal Mind In
America -

R Wayne Johnson 1282756
9601 Spur 591 Clements
Amarillo, TX 79107

Certificate of Service

Jee mailed a copy of this instrument
to

Macy Cross
attorney
PO Bax 61129
Houston, Tx
77208

on the 28th day Aug 2006

R Wayne Johnson

(10)

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States Courts
Southern District of Texas
ENTERED

**NOV 1 9 2002**

Michael N. Milby, Clerk of Court

R. WAYNE JOHNSON, §
§
                    Plaintiff, §
§
*versus* §    CIVIL ACTION H-02-3993
§
DEPARTMENT OF VETERANS AFFAIRS, §
§
                    Defendant. §

## Order of Dismissal

On the plaintiff's motion, this case is dismissed.

Signed November 18, 2002, at Houston, Texas.


Lynn N. Hughes
United States District Judge

#7

CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:02-cv-03993

Johnson v. Dept of Vet Affairs
Assigned to: Judge Lynn N. Hughes
Demand: $0
Case in other court: 61st JDC Harris Cnty, 02-46980
Cause: 42:12101 American Disabilities Act

Date Filed: 10/21/2002
Date Terminated: 11/18/2002
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**R Wayne Johnson**              represented by   **R Wayne Johnson**
                                                  #282756
                                                  McConnell
                                                  3001 S Emily Drive
                                                  Beeville, TX 78102
                                                  PRO SE

V.

**Defendant**

**Department of Veterans Affairs**    represented by   **Nancy Cross Leonard**
                                                       Office of US Attorney
                                                       PO Box 61129
                                                       Houston, TX 77208
                                                       713-567-9503
                                                       Fax: 713-718-3303
                                                       Email: nancy.leonard@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2002 | 1 | NOTICE OF REMOVAL by R Wayne Johnson filed (bchurchill) (Entered: 10/23/2002) |
| 10/21/2002 | 2 | Notice in a Removed or Transferred Case ,filed. Parties filing case notified. (bchurchill) (Entered: 10/23/2002) |
| 10/28/2002 | 3 | MOTION to dismiss pltf's Original Petition for lack of subject matter jurisdiction by Dept of Vet Affairs, Motion Docket Date 11/17/02 [3-1] motion , filed. (kprice) (Entered: 10/28/2002) |
| 10/30/2002 | 4 | ORDER SETTING CONFERENCE ; Set pretrial conference for 4:30 |

|            |   | 11/19/02 before Judge Lynn N. Hughes , entered; Parties notified. ( signed by Judge Lynn N. Hughes ) (kprice) (Entered: 10/30/2002) |
|------------|---|-------------------------------------------------------------------------------------------------------------------------------------|
| 11/08/2002 | 5 | MOTION to remand by R Wayne Johnson, Motion Docket Date 11/28/02 [5-1] motion , filed. (ljackson) (Entered: 11/08/2002) |
| 11/13/2002 | 6 | MOTION to dismiss by R Wayne Johnson, Motion Docket Date 12/3/02 [6-1] motion , filed. (kprice) (Entered: 11/14/2002) |
| 11/18/2002 | 7 | ORDER OF DISMISSAL on the plaintiff's motion, this case is dismissed, entered Parties notified. ( signed by Judge Lynn N. Hughes ) (fmremp) (Entered: 11/19/2002) |
| 11/18/2002 |   | Case closed (fmremp) (Entered: 11/19/2002) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/14/2007 08:55:51 | | |
| PACER Login: | du6017 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:02-cv-03993 |
| Billable Pages: | 1 | Cost: | 0.08 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS and the | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE TREASURY, | ) |
| | ) |
| Respondents. | ) |

**PROPOSED ORDER**

This matter is before the Court on Respondents' Motion to Dismiss.  Upon consideration

of this Motion, the grounds stated therefor and the entire record of this case, it is this _____

day of _____, 2007, hereby

ORDERED that Respondents' Motion be and hereby is GRANTED; and it is

FURTHER ORDERED that the Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Shereace Louis
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107