US District Court
Washington, D.C

✳    ✳    ✳

R Wayne Johnson,    ✳

RECEIVED
JUL - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VS    ✳

Dept Veteran Affairs, etal   ✳   Cause No 07-0818
✳   (RBW)

Motion For Rule 56(F) Extension To
Conduct Deposition and Discovery -

To The Honorable Reggie B Walton.

1. As a pro-se, the petitioner moves for additional
time by which to research, write, prepare, and to
conduct discovery, per Rules 27-33 - and move for
Production of documents necessary to amass instrum-
ents and marshall evidence to adequately respond

(1)

2. Defendants' once production of documents and discovery - (Rules 27, 33, 34) are allowed. have 30 days thereafter - to respond. Additional time - 56(F) - to identify individual defendants - for example "head" of DVA, - so as to seek a "Bivens" claim on persons (91Sct 1999), 2) existence, location of documents relevant to the claims 3) details about particular events.

3. These issues are helpful to plaintiff - pro-se - to show defendants do owe him - discovery is needed and production of documents to refute the summary judgment (Rule 56(F) - Rules 27, 33, 34) - to competent evidence to show issue material FACTS exists - inasmuch as defendants claims are legal conclusions - - not dispositive as Anyone can be sued in their official capacities for Mandamus - Injunction - President, sener, judges, - see - Carroll, 97Sct 2150 - et 2159 "Congress may Prospectively reduce pay" ... not retroactively though - UST - 114 Sct 1483 - "pay DUE - already performed - in that case - Congressional action appears in different Constitutional light." Id at 2159 - 97Sct Lynch, 54Sct 840 -        *(2)*        Bell, 81Sct 1230.

4. Petitioner was denied due proven and that "is absolute" 98 SC at 1054 - Hobby, 113 SC 4556 - Brodie, 91 SC at 784 -

5. Defendants did not disprove - date of crime - it is threshold to application of CFR 3.665 - - non-benefits are property - -

6. Defendants once petitioner received their inaccurate pleadings, # 4, Ex # 9 - show he was denied due proven, and attorney - that, Judge, precludes a Summary Judgment - warrants the pay -

7. Petitioner, without a flourish of rhetoric, can show that: once he is denied any legal right - 1.E. due proven, attorney (new to on receipt of defendants motion) - 6th, 14th Am, 5th - all thereafter Judge is a crime (18 USC 241) - for one, - retaliation for assertion of a right - Brodie, 102 SC 2485 Bey "U+defend" and consequently legally all proceedings arising FROM that is illegal - as crime - retaliation - fraud - invalidate all proceedings! thereafter inasmuch he was deprived of her legal rights at the "outset".

* (3) *

8. Any criminal's VOTES further prosecution or deter fraud. Once Veteran denied due process, attorney- (Ex # 3, 4, 9 (Gov)) all failure - violates constitutional right so also a crime - 18 USC 241. Defendants OWE Veteran.

9. He will marshall facts via Rule 27, 33, 34 - 56 (f) to prove his case. Defendants "elite" counsel are "quick" to dispose of case without benefit of discovery, production of documents. By this pro-se.

10. He won't be able to file these until he receives the courts order to permit them -

11. Your petitioner has won 35 criminal cases in 30 yrs - freed time! He knows when a crime is committed -.

Wherefore Premises Considered, petitioner hereby respectfully moves the honorable court to grant him additional time so that he can file production of documents - Rules 27, 33, 34, - and interrogatories all - 27, 33, 34, pursuant to Rule 56 (f), and he forever prays for same

* (4) *

* 104SC et 333)
* "acts taken beyond authority
(13.665)- is individual NOT
SOVERIGN acts"
        104SCC et 924

Constitutionally Yours,

R Wayne Johnson 282756
9601 Spur 591 - Clements
Amarillo, TX 79107-

State of Texas *
County of Potter *

                * Verification *

I, R Wayne Johnson, do hereby state under
penalties of perjury that the foregoing facts
are true and correct, pursuant to 28USC
1746

Roberts, 319 F3d 690 - "filed when placed in prison
mail system" -
        mailed 6-27-07                R Wayne Johnson
                Certificate of Service
I've mailed a copy of this instrument to
            Shearese Louie, Watts
            555- 4th St NW, Wash, D.C
                                    20530

6-27-07-            * (5) *

US District Court
Washington, D.C

※　　※　　※

R Wayne Johnson　　　　　※

　　　　　　　　　　　　　※

VS　　　　　　　　　　　※ Cause NO

Jeffrey A. Taylor, et al　　※
Shearese Louis, et al　　　※

Motion To Proceed In Forma Pauperis

1. Plaintiff is indigent and unable to prepay the costs of this action. Court granted pauperis on 07-0818.

2. Attached is 6 month trust fund statement.

3 Garrity, 87 SCt 616-20,

　　"There are rights of constitutional stature whose exercise a state may not condition by the exaction of a price. Asserting First

(1)

CSINIB02/CINCSAB    IN-FORMA-PAUPERIS DATA    05:12:12
BC52/RST6168
TDCJ#: 00282756 SID#: 01892956 LOCATION: BILL CLEMENTS    INDIGEN, DTE: 08/30/05
NAME: JOHNSON,RONALD WAYNE    BEGINNING PERIOD: 11/01/06
PREVIOUS TDCJ NUMBERS:
CURRENT BAL.:       0.00 TOT HOLD AMT:       0.00 3MTH TOT DEP:       0.00
6MTH DEP.:          0.00 6MTH AVG BAL.:      0.00 6MTH AVG DEP:       0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
04/07      0.00        0.00    01/07      0.00        0.00
03/07      0.00        0.00    12/06      0.00        0.00
02/07      0.00        0.00    11/06      0.00        0.00
PROCESS DATE   HOLD AMOUNT   HOLD DESCRIPTION


STATE OF TEXAS, COUNTY OF _Potter_
ON THIS THE 23 DAY OF _May_ _2007_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1=HELP PF3=END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____



KENNETH C. HOLT
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 09-30-2008
NOTARY WITHOUT BOND

Amend isonl. quoting Murdock,
63 Sct 870 -

"state may not impose a charge
for the exercise of a right guar-
anteed by the federal constitution"

(NOTE: "Garrity Phrase" above cited in Select
Sew 104 Stl at 3365). See ps 8-9 of Suit)

3. MLB, 117 Sct 555-563 - "In civil context,
if right is fundamental, the fees must be
waived." - Access to courts "fundamental" -
Woodford, 126 Sct 2378-2404 - Lewis, 116 Slt 2174,

Respectfully
R. Wayne Johnson

(8)

United States District Court
District of Columbia
Washington, D.C.

\*          \*          \*

R Wayne Johnson,          \*
    Plaintiff,

                              \*

Vs:                              \*    Cause NO:
Jeffrey A. Taylor, et al
Sherease Louis, et al    \*
John - Jane Does 1 - 4,
        Defendants        \*

                              \*

        \* Plaintiffs' Original Complaint \*

To The Honorable Court:

    Comes Now, R Wayne Johnson, plaintiff, and presents this Complaint against federal defendants, and for cause of action he would

(1)

show into the court the following:

## * Jurisdiction *

1. This is a "Bivens" action against federal employees pursuant to - Bivens, 91 SCt 1999 - "direct under the constitution."

## * Immunity *

2. Defendants have NO immunity from damages as NO discretion was involved. Thus, Erwin, 108 SCt 580 is not applicable.

3. No Immunity inasmuch as defendants cannot be shielded from damages when they commit federal crimes. Here - 18 USC 241, And this Retaliation suit is governed by Crawford, 118 SCt 1584.

4. Crawford is a Prisoner Retaliation suit. Also, a Bivens action, and the "Immunity Standard" it set applies to all "local, state, federal officials". The only issue "left open" - present here, is that these present defendants, are judged the same as their state counterparts under "Crawford", and are thus liable under Chapman, 99 SCt 1905 for

* (2) *

their federal crimes as are state actors under a 1983 suit. Consequently, Jurisdiction also, rest under Chapman, supra, and 18 USC 241, and Mail Fraud – 18 USC , as they used the U.S. mail to commit their crime – Retaliation.

5. In Crawford, 118 S.Ct at 1540, the court opened:

> " It is unthinkable to draw a distinction for purposes of immunity law Between suits against state actors under 1983, and federal officials direct under the constitution." Butz, 98 S.Ct 2894 – Harlow, 102 S.Ct 2727.

## * Factual Allegations *

6. Defendant filed various pleadings in Cause 07-818 that constitutes retaliation, as fully enumerated Below – the specific facts:

7. As a paean to this legal drama, plaintiff's hosanna is that Retaliation not only contravenes the First Amend FOR – the exercise of that fundamental right. Woodford, 126 S.Ct 2378 – 2404,

but constitutes a federal crime, 18 USC 241 under Chapman, 99 SCt 1905 same is actionable under the Crawford Immunity Standard. 18 USC 241. provides:

"11 oppress, injure, threaten, or intimidate a person in the exercise or enjoyment of his rights, privileges, secured by the constitution."

8. Germane to this inquiry is Gore, 116 SCt 1589-97-#19, the court held that:

"for an agent of the <u>state</u> to pursue a course of action whose objective it is to penalize one for reliance on his legal rights is patently unconstitutionaly."

See-also- Goodwin, 102 SCt 2485 - Hayes, 98 SCt 663-68, Jackson, 88 SCt 1209 -

9. Eventhough a <u>state</u> is referenced, - <u>federal</u> employee cannot Retaliate - penalize either inasmuch as NO ONE can be authorized to commit a federal crime!

10. Plaintiff exercised his fundamental rights to Sue and the defendant - Louis - took <u>adverse</u> retaliatory measures against the plaintiff BECAUSE of

*(4)*

(due to the "illegal right"...

11. In Cause 07-0818, Louis filed exhibits and documents (take judicial notice) that asserted the "VA defendants" To violate his statutory and constitutional rights; Specific facts - per Crawford 118 SCt 1584 - enumerated Below, to wit:

A). Gov EX# 4: Plaintiff asserted his constitutional right to "due process" hearing that was aborted by the "VA defendants" - supported - By Louis;

B). VA letter - 3-25-1983 informed veteran of right to submit evidence to refute reducation from 30% TO - 10%; (before Gov EX #9); NO due process allowed - informed of rights by letter;

C) Gov EX # 9: Asserted right to an attorney - as required - 38 USC 3404 (c) - and PS 2 of #9, - due process denied -

D). Gov EX #10: advised of rights by VA defendant Goodman - 4-5-1984 - aborted - and the appeal right - Go EX #11;

E) Gov EX #13 - illegally applied Retroactively 38 CFR 3.665 to Veteran, - NO due process OR "just compensation" per 5d Amend - Before property (benefits)

\* /5/ \*

were taken. Plaintiff, an attorney, whose "elite" status means she obviously knows the law — inasmuch as EVEN the pro-se prisoner does. To support the mis-application of 38&CFR 3.665, the plaintiff shows that in Larin off, 97Sct 2150 - at 2159, court opined that:

"Congress may prospectively reduce the pay of members of the Armed Forces EVEN if the reducation deprives members of benefits they had EXPECTED to be able to earn. Bell, 81Sct 1230 ~ Dickerson, 60 Sct 1034

"But, quite a different matter for Congress to deprive a service member of pay DUE for service already performed. But still owing. In that case, the congressional action would appear in a different constitutional light." Lynch, 54 Sct 840 (1934), Perry, 55Sct 432;

at 2156: "power of an admin officer to administer a federal statute is only power to carry into effect the will of Congress ... otherwise it is a mere Nullity." Ernst, 96Sct 1375.

✳ (6) ✳

Also, in support of the due-process material in 985th at 1054, the court held that:

"Because right to procedural due process is "absolute" in the sense that it does <u>not</u> depend upon the <u>merits</u> of a claimants sub-stantive assertions, and Because of a import-antance to organezled society that, procedural due process be observed." Boodie, 9SCt at 784, McGrath, 71SCt at 648, - Hobby, 113 SCt 556..

F) In her Motion To Dismiss Louis, - Jeffrey Tay-lor also, - references (as a means to <u>prejudice</u> legal rights to sue) - three <u>prior</u> suits filed - which <u>she</u> claims (P.2) - dismissal. However, - 06-2283 was <u>not</u> addressed on the <u>merits</u>. It was dismissed <u>w/out</u> prejudice! The other two <u>prior</u> suits were brought under the ADA, Title II - And such only applies to <u>state</u> agencies - NOT federal - so - NO Jurisdiction.

"his repletive filing" (exercise of fundamental rights) was used to Retaliate - no other reason - the re-taliatory "malicious intent" - mind-set established.

* (7) *

G) Pages 13, 14, 15 of Memorandums, to support the retaliatory dismissal, she references "prior 1915(5) suits, that have no legal effect to 07-0818-none. Inasmuch as GOV EX #15 - is the veterans challenge to 1915(5)-

12. Exhibit 15 sets forth the controlling LEGAL standards which establish that:

A) "federal judge/has duty to vindicate supreme law of the land" - Haldeman, 104 Sct 900-912 - Lawrence, 123 Sct , - Casey, 112 Sct 2791- at 2815 "constitutional duty to decide a case in conformance with the constitution... a breach of it would be a breach of faith, and no court that broke its faith with the people could sensibly expect credit for the decision by which it did that."

B) Exhibit #15 (p.5 7) - argues - proves that there can be NO "fees" to exercise a First Amend right - it Begins with Garity, 87 Sct 616 -

"There are rights of constitutional stature whose exercise may not Be, by a state, condition by the exaction of a price. Asserting First Amend is one. Perling Maidoch, 63 Sct 870-75

✱ (8) ✱

13. The First Amend is also applicable to the federal courts. Thus, in *Pena*, 115 SCt 2047-7100:

"It is unthinkable that the same constitution would impose a lesser duty on the federal government than it does on the states to afford equal access to all litigants." *Sharpe*, 74 SCt 693.

14. Consequently, plaintiff uses the defendant's own pleadings, and exhibits to prove Retaliation, a federal crime. Since the US mail was used to transfer—that is mail fraud. 18 USC .

15. Defendant's Jeffrey Taylor, and Lewis, not only could not "read" "how their 'purported'" defenses would cause them to "take adverse acts to retaliate for the exercise of a fundamental right to sue and claim the money owed, But also to commit federal crimes), and such is actionable under 18 USC 241 — *Chapman*, 99 SCt 1905 - pursuant to the "Crawford Immunity Standard" - See, pgs 3-4 above — 118 SCt at 1590. No immunity lies.

*(9)*

16. As a caveat - defendants erroneously used the 1915(s) "defense" - 07-0818 suit - when controlling law "pre-empts" - (supersedes) OVER same, consequently the plaintiff will "Bow" to any authorities cited by defendants which can defeat the controllers law that: "there can be NO charge to exercise a fundamental - First Amend right to sue" - supported By - MLB, 117 SCt 555-563, wherein the court held:

   "In the civil context, if the right is a fundamental right, the fees must Be waived."

17. Defendants being unable to do so (which would require the court to violate the First Amend TO - hold contrary - and support defendants' crime -) 18 USC - J "Aiding - Abetting" - Nolan, 114 SCt 1439-50 - Jeffrey Taylor, Lewis, all defendants are liable for their Retaliatory Misdeed's, as they all "agreed, assisted" in the Retaliatory scheme to deny fundamental rights to sue by their use of the "prior exercise of legal rights to sue" - adverse acts inasmuch as the exercise of a legal right cannot Be used against one - as in Gore,

*(10)*

116 to an-
other quote as it "fits" defendants' adverse acts -
scheme to the - "T":

"for an agent of the state to pursue a
course of action whose objective it is
to penalize one for reliance on his
constitutional rights is patently un-con-
stitutional."
Goodwin, 102 SCt 2485, - Hayes, 98
SCt 663-68, - Jackson, 88 SCt 1209,

18. The same "retalitory" standard applies to federal
also - under the Crawford - 118 SCt at 1590 - standard
(retaliation "Bivens" suit By prisoner on federal defen-
dent), and recovery of damages permitted under
Chapman, 99 SCt 1905 - 18 USC 241, 18 USC - 2, - Mail Fraud
18 USC . Under the "Crawford Immunity Standard"
"local, state, federal same standard" - 118 SCt at 1590.
NO discretion to "violate constitution OR commit federal crimes".
Erwin, 108 SCt 580 ruling - not applicable here!

Wherefore Premises Considered, the plaintiff
prays that:


* (11) *

First Cause of action:
"Bivens action"

19. Pursuant to Bivens, 91 SCt 1999, plaintiff sues all the defendants in their personal-individual capacities and Chapman, 99 SCt 1905 - 18 USC 241, - 18 USC - 2 ("Crawford Standard"), - and their official capacities.

20. Plaintiff hereby sues the defendants for his actual damages in an amount of not less than $10,000.00 for EACH defendant. Total $30,000.00

* Punitive Damages *

21. Plaintiff hereby sues the defendants for his punitive damages - Smith, 103 SCt 1675 - as they had a "malicious intent to deprive plaintiff of his federally protected rights" by retaliation for the exercise thereof, in an amount of not less than $20,000.00 for EACH defendant: Total: $40,000.00.

Wherefore Premises Considered, plaintiff prays:
1. That citation issue according to law so that the

* (12) *

. defendants may answer or appear herein,

2. That he proceed in forma pauperis as requir-
ed by First Amend, - Garrity, Murdock, (see pp.
8, 9, 10 above), - and motion attached,

3. That he recover all damages, both actual and
punitive, as specified, -

4. Such other and further relief to which entitlem-
ent is shown under their pleadings or any proper
amendment hereto,

Constitutionally yours,

R Wayne Johnson 287756
9601 Spur 591 - Clements
Amarillo, TX 79107

State of Texas *
County of Potter *

* Verification *

I, R Wayne Johnson, do hereby state under
the penalties of perjury that the foregoing facts

* (13) *

. . . are true and correct, pursuant to 28 U.S.C. (1746

Dated - 6-26-07

Mailed 6-27-07
to court.

R Wayne Johnson

\* (14)\*