# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS SUPPLEMENTAL COMPLAINT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY

Defendants, through counsel, respectfully move this Court to stay discovery in this case, and to dismiss Plaintiff's Supplemental Complaint for lack of jurisdiction, failure to state a claim for which relief can be granted, and as frivolous and malicious, pursuant to 28 U.S.C. § 1915(g).

*Pro se* Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Further, should this Court treat Defendant's Motion to Dismiss as a motion for summary judgment, because of the exhibits referenced herein, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial. If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if

he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts

identified by the moving party in its statement of facts are admitted, unless such a fact is

controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of

Points and Authorities, which also serves as an Opposition to Plaintiff's Request for Discovery;

 (2) Statement of Material Facts As to Which There is No Genuine Issue; (3) Supporting

Exhibits, and (4) proposed Order attached hereto.

<div style="margin-left: 40%;">

Respectfully  submitted,


    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

</div>

Of Counsel:
Joshua Blume, Esq.
United States Department of Veteran's Affairs, Washington, D.C.

Beth Kramer, Esq.
United States Department of Treasury, Washington, D.C.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO GENUINE ISSUE

The Defendants submit the following statement of material facts as to which there is no genuine issue in accordance with Local Rule 7(h):

1.      In 1978 Plaintiff was convicted of aggravated rape by a jury in Texas and was sentenced to serve ninety-nine years. *See R. Wayne Johnson v. McCotter, Director of Texas Department of Corrections*, 803 F.2d 830, 831 (5th Cir. 1986).

2.      Plaintiff is a federal prisoner housed in Amarillo, Texas. *See* Compl., caption.

3.      Plaintiff is proceeding *pro se* and *in forma pauperis*. *See* Dkt. Entry 3, Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*.

4.      Plaintiff is a service-connected disabled veteran. *See* Compl.¶ 5.

5.      Plaintiff served on active duty in the United States Marine Corps from August 1968 through August 1971. *See* MTD, Exhibit 14.

6.      On June 5, 1981, the Board of Veterans Appeals (Board) granted Plaintiff an award of service-connected disability compensation for a bilateral foot disability. *See* MTD, Exhibit 1.

7.     On July 9, 1981, the Houston, Texas, Regional Office (RO) implemented the Board decision at a 30 percent rating, effective July 16, 1979.  *See* MTD, Exhibit 2.

8.     The same month, the RO notified Plaintiff that recent legislation required VA to withhold a portion of his compensation each month, effective October 8, 1980.  *See* MTD, Exhibit 3.

9.     Plaintiff appealed the RO's assignment of a 30 percent rating to the Board, Exhibits 4-6, which denied the appeal on August 26, 1982.   *See* MTD, Exhibit 7.

10.     As a result of a February 18, 1983, VA medical examination, Plaintiff's rating was reduced to 10 percent.  *See* MTD, Exhibit 8.

11.     Plaintiff appealed this rating reduction to the Board, Exhibits 9-11, which denied the appeal on November 16, 1984.  *See* MTD, Exhibit 12.

12.     On March 13, 1987, the RO notified Plaintiff by letter that, in accordance with 38 C.F.R. § 3.665 (which implements 38 U.S.C. § 5313), Plaintiff would begin receiving 5 percent compensation - one half of the 10 percent rate.  *See* MTD, Exhibit 13.

13.     The withholding was not made retroactive, but was made effective as of March 1, 1987.  *See* MTD, Exhibit 13.

14.     While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.  *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(dismissed as frivolous May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(dismissed as frivolous August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-013 (S.D. Tex.)(dismissed as malicious and for failure to state a claim upon which relief can be granted April 15, 2003); and *Johnson v. Tepper*, No.

1:02-CV-656 (W.D.Tex.)(dismissed as frivolous October 11, 2002)(Appeal No. 02-51232 dismissed as frivolous April 24, 2003).

15.     In *Johnson v. Dep't of Veterans Affairs,* Civil Action No. 4:02-CV-03993 (S.D. Tex), Plaintiff filed a Complaint, which was removed to federal district court on October 21, 2002, regarding the VA's reduction of his disability rating from 30% to 10%.  After the VA moved to dismiss for lack of subject matter jurisdiction, Plaintiff himself filed a Motion to Dismiss, on November 13, 2002.  The Court granted dismissal on Plaintiff's Motion, dated November 18, 2002.  *See*  Civil Action No. 4:02-CV-03993 (S.D. Tex), Dkt. Entry 7, Order of dismissal on the Plaintiff's motion.

16.     In *Johnson v. Dep't of Veterans Affairs et al.*, Civil Action No. 4:06-2283 (S.D. Tex), Plaintiff's complaint was initially filed in state court and removed to federal district court on July 7, 2006.  Plaintiff alleged a violation of his 5th and 14th Constitutional due process rights and asserted a *Bivens* cause of action because the VA reduced his disability rating from 30% to 10%, and withheld one half of the ten percent benefit amount.  After the VA moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court granted the motion and dismissed the action.  *See*  Civil Action No. 4:06-2283 (S.D. Tex), Dkt. Entry 17, Order granting motion to dismiss original petition.

17.     In *R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C, Plaintiff filed a complaint in the United States Court of Federal Claims on June 26, 2002, alleging the same deprivation of veterans benefits as he alleged in Civil Action 4:06-2283 (S.D. Tex) and as he alleges in this action, except he also alleged that the VA violated the Americans with Disabilities Act.  The VA filed a motion to dismiss the case on August 26, 2002, and

3

Plaintiff subsequently also filed a motion to dismiss his own case , on November 13, 2002.  The

complaint was dismissed on January 3, 2003.  *See* Civil Action No. 02-735C, Dkt. Entry No. 12,

Judgement entered pursuant to Rule 58, dismissing complaint without prejudice.

      18.     In *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003), the

appeals court dismissed Plaintiff's appeal from Civil Action 02 CV 107, and imposed a

three-strikes bar.

      19.     In *R. Wayne Johnson v. Dept of Veterans Affairs*, Civil Action No. W-05-338

(W.D. Tex), Plaintiff filed an action in state court which was removed to federal district court on

September 12, 2005, again complaining about the VA's reduction of his disability benefits

pursuant to 38 C.F.R 3.665, just as he alleged in Civil Action No. 4:06-2283 (S.D. Tex), Civil

Action No. 02-735C, and just as he alleges in this action. This case was dismissed for failure to

make timely service.  *See* Civil Action No. W-05-338 (W.D. Tex), Dkt. Entry No. 25,

Judgement ordering action dismissed.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

<u>Of Counsel:</u>
Joshua Blume, Esq.
United States Department of Veteran's Affairs, Washington, D.C.

Beth Kramer, Esq.
United States Department of Treasury, Washington, D.C.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

R. WAYNE JOHNSON,                    )
                                     )
              **Plaintiff,**         )
         v.                          )    **Civil Action No. 07-0818 (RBW)**
                                     )
UNITED STATES DEPARTMENT OF          )
VETERAN'S AFFAIRS *et al.,*          )
                                     )
              **Defendants.**        )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS SUPPLEMENTAL COMPLAINT
AND OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY**

Defendants, through counsel, respectfully move this Court to stay discovery in this case, and to dismiss Plaintiff's Supplemental Complaint[1] for lack of jurisdiction, failure to state a claim for which relief can be granted, and as frivolous and malicious, pursuant to 28 U.S.C. § 1915(g).

**BACKGROUND**

Plaintiff is a veteran who has been incarcerated by the state of Texas, and who later became entitled to service-related disability payments. *See* Dkt. 1, Complaint, *generally*. As a result of his incarcerated status, the Veterans Administration ("VA") withheld portions of his

---

[1]      A Complaint is considered to be a "supplemental pleading" governed by Rule 15(d) if it concerns "transactions or occurrences or events which have happened since the date of the [original] pleading." Fed. R. Civ. P. 15(d). Accordingly, the complaint filed on July 2, 2007 is a "supplemental pleading." *Montgomery Env. Coal. v. Fri*, 366 F. Supp. 261, 265 (D.D.C. 1973) (concluding plaintiff's "supplemental pleading" was a "supplemental pleading" because it involved events that postdated the original complaint). Rule 15(d) pleadings may be submitted only after obtaining leave of court. *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("[W]hile a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of the court."); *see also id.* (explaining that the requirement that leave be sought is one of two ways in which the "nomenclature" matters); *Hall*, 437 F.3d at 100.

disability payments, in accordance with the provisions of 38 U.S.C. § 5313(A)(1)(b).  *See* MTD,

Def. Exh. 13.  Proceeding *pro se* and *in forma pauperis*, Plaintiff has filed suit asserting

violations of his Fifth and Fourteenth Amendment constitutional due process rights with respect

to the application of 38 U.S.C. § 5313[2] and 38 C.F.R § 3.665[3] to his veteran's disability benefits.

In his initial Complaint, Plaintiff alleged that the United States Department of Veterans Affairs

("VA") misapplied its regulation, 38 C.F.R. § 3.665, and is wrongfully withholding a portion of

his benefits on account of his incarceration.  Plaintiff further alleged that in so doing, VA

deprived him of property without due process in violation of the United States Constitution.

Compl. ¶ 13.  As relief, he requested this court to direct VA to restore full payment to him at the

30 percent rate of disability.  Compl.  ¶¶ 6, 28.

Defendants filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim

upon which relief can be granted, and alternatively moved for dismissal of the Complaint

pursuant to 28 U.S.C. § 1915(g), on the grounds that Plaintiff has three times or more in the past,

while incarcerated, brought a civil action or appeal in federal court that was dismissed because it

was frivolous, malicious or failed to state a claim upon which relief can be granted.

*See* Dkt. Entry 8, Defendants' Motion to Dismiss ("MTD").

In response to the MTD, Plaintiff  has filed a Motion for Rule 56(f) Extension to Conduct

Deposition or Discovery ("Discovery Motion"), and a new motion to proceed *in forma pauperis*,

concurrent with a Supplemental Complaint alleging constitutional violations under 18 U.S.C.

---

[2] *See* 38 U.S.C. § 5313,  Limitation on Payment of Compensation and Dependency and Indemnity Compensation to Persons Incarcerated for Conviction of a Felony.

[3] *See* 38 C.F.R. § 3.665.  Incarcerated Beneficiaries and Fugitive Felons -  Compensation.

§ 241 and *Bivens v. Six Unknown Named Fed. Narcotics Officers*, 403 U.S. 388 (1971), by undersigned counsel and John and Jane Does 1-4.  *See* Dkt. Entry 10, document captioned "Plaintiff's Original Complaint," referred to herein as the "Supplemental Complaint," attached to Plaintiff's Motion for Rule 56(f) Extension to Conduct Deposition and Discovery.  Specifically, Plaintiff alleges that he "exercised his fundamental rights to Sue and the defendant - Louis - took adverse retaliatory measures against the plaintiff BECAUSE of (due to) that legal right Being exercised" and that Defendants "had a 'malicious intent to deprive plaintiff of his federally protected rights' by retaliation for the exercise thereof." Suppl. Compl. ¶¶ 10, 21.[4]  Plaintiff sues Defendants in their official and personal capacities under a theory of retaliation and mail fraud. Further, Plaintiff seeks *Bivens* damages of not less than $10,000 for each Defendant, and punitive damages of not less than $20,000 for each Defendant.  Supp. Compl. ¶ 20.

## ISSUES PRESENTED

1.    Whether Plaintiff has stated a valid cause of action in alleging that undersigned counsel has retaliated against him and has committed mail fraud by filing a Motion to Dismiss the Complaint.

2.    Whether Defendants are Entitled to Qualified Immunity.

3.    Whether Plaintiff's Complaint and Supplemental Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g).

---

[4]    "Supp. Comp. ¶ __" refers to a paragraph of Plaintiff's Supplemental Complaint in this Court.

3

## STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff

bears the burden of establishing that the court has subject matter jurisdiction. *District of*

*Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a

motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material

factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),

*vacated on other grounds*, 482 U.S. 64 (1987).  A motion under Rule 12(b)(1) may be decided on

any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; and (3) the complaint supplemented by undisputed facts plus materials

outside the pleadings as appropriate, to resolve the question whether it has jurisdiction to hear the

case.  *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v.*

*Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81

F. Supp. 2d 20, 23 (D.D.C. 2000).

### B.    Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see*

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164

(1993), and must grant a plaintiff  "the benefit of all inferences that can be derived from the facts

alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court

need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts

alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide*

*v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing

*National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and

*Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme

Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions . . . . [f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126).  In deciding the motion, the court

may consider additional evidence.  *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.

Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the

complaint to matters of public record including court files, records and letters of official actions

or decisions of government agencies and administrative bodies, documents referenced and

incorporated in the complaint and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion.").  Moreover, when a district court

views a complaint as legally frivolous or malicious, the proper course is to grant a Rule 12(b)(6)

motion, or indeed, to dismiss the complaint *sua sponte*.  *Best v. Kelly*, 39 F.3d 328, 331 (D.C.

Cir. 1994).

## ARGUMENT

**I.    DEFENDANTS ARE ENTITLED TO A STAY OF ALL DISCOVERY
PROCEEDINGS PENDING THIS COURT'S RESOLUTION OF DEFENDANTS'
ENTITLEMENT TO QUALIFIED IMMUNITY.**

Quasi-judicial immunity "is a complete bar to any lawsuit against a government official

based on tasks the official performed that were within the scope of his duties."  *Pate v. U.S.*, 277

F.Supp.2d 1, 7 (D.D.C. 2003), *citing Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C.Cir. 1994).

5

The Supreme Court has consistently cautioned that courts handling *Bivens* cases should resolve

issues of qualified immunity before allowing any discovery. *See, e.g., Harlow v. Fitzgerald*, 457

U.S. 800, 816 (1982). Resolving the immunity issues first allows insubstantial *Bivens* claims to

be terminated quickly, thus effectuating the immunity protection of the individuals. *See Butz v.*

*Economou*, 439 U.S. 478, 507-508 (1978).

       As a general matter, the Court has broad discretion to deny or limit discovery in order to

protect a party from undue burden or expense, and to promote a case's efficient resolution. *See*

Fed. R. Civ. P. 26©; *see, e.g., Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir.

1974); *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Gallella v. Onassis*, 487 F.2d 986,

997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be

delayed, or that it be had only by a method other than that selected by the asking party. Fed. R.

Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise

appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979);

*accord Laborers Int'l Union of North America v. Department of Justice*, 772 F.2d 919, 921 (D.C.

Cir. 1984).

       It is entirely appropriate for a Court to stay discovery where there is a dispositive motion

pending because it is logical that when

               the determination of a preliminary question may dispose [of the claims
               against a party], applications for discovery may properly
               be deferred until the determination of such questions.

*O'Brien v. Arco Corp.*, 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also Founding Church of*

*Scientology v. United States Marshals Service,* 516 F. Supp. 151, 156 (D.D.C. 1980); *Equal*

*Employment Opportunity Comm'n v. Local Union No. 3*, 416 F. Supp. 728, 738 (N.D. Cal.1975)

(discovery stayed pending resolution of jurisdiction question); *Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. *See, e.g., Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), *cert. denied*, 513 U.S. 926 (1994); *Ingram Corp. v. J.R. McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); *Thompson v. F.W. Woolworth Co.*, 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

In *Bivens* litigation in particular, it is commonplace to stay discovery until the qualified immunity claims have been resolved. *E.g., Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).

Critical for present purposes, the Supreme Court has emphasized that "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at

7

526. Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus to this Court in a case in which this Court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it. *E.g., Fludd v. United States Secret Service*, 771 F.2d 549 (D.C. Cir. 1985). In that case the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service of a subpoena for a handwriting exemplar on him. *Id.* at 550. After the individual defendants moved to dismiss or for summary judgment on qualified immunity grounds, this Court deferred resolution of the qualified immunity issue. *Id.* at 552. Instead of ruling on immunity first, the Court ordered a factual hearing on the authority of the property owner to give consent to enter. *Id.* When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing. *Id.*

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in *Harlow*. 771 F.2d at 552. The D.C. Circuit quoted *Harlow* extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, *quoting* 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, the individual Defendants seek a stay of all discovery proceedings until this Court rules on Defendants' dispositive motion and addresses their entitlement to qualified immunity. Further, as Treasury has no role in applying VA statutes and regulations,

and Treasury's role in disbursing VA benefit payments involves no discretionary acts and is

purely ministerial, Plaintiff's motion for discovery with respect to Treasury must fail.[5]

## II.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT.

### A.    Plaintiff Cannot Bring a Bivens Cause of Action Against the Defendants.

A *Bivens* cause of action cannot be brought against a federal agency. *F.D.I.C. v. Meyer*,

510 U.S. 471, 485 (1994) (*Bivens* "implied a cause of action against federal officials ... *because* a

direct action against the Government was not available."); *Paolone v. Mueller*, No. 05-2300,

2006 WL 2346448 (D.D.C. Nov. 29, 2005) (A suit for damages against government employees

in their official capacities is the equivalent of an action against the government entity itself . . .

and the claims are barred because any monetary recovery will come from the government's

treasury).  Here, the Plaintiff seeks jurisdiction under *Bivens* against the undersigned Defendants.

Because *Bivens* does not allow a cause of action against a federal agency, the Court should

dismiss the Supplemental Complaint.

### B.    Defendants Are Entitled to Qualified Immunity from Damages Based on Plaintiff's Constitutional Claims.

The individually named defendants are entitled to qualified immunity from damages

based on Plaintiff's constitutional claims. *See Forrester v. White*, 484 U.S. 219, 230 (1988).  The

framework for application of qualified immunity to such claims is set out in *Harlow v.*

*Fitzgerald*, 457 U.S. 800 (1982).  In that case, the Supreme Court confirmed that government

officials are shielded from liability for civil damages for constitutional violations insofar as their

---

[5]    Neither the regulation cited by Plaintiff in his Complaint, 38 C.F.R. § 3.665, nor the authorizing statute, 38 U.S.C. § 5301, bestows any role upon Treasury in applying the laws and rules governing entitlement to veterans' benefits.  *See* 38 U.S.C. § 5301 *et seq.*; 38 C.F.R. 3.665.

conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Id.* at 818.  Moreover, under *Harlow* this determination requires an objective, not subjective, analysis.  *Davis v. Scherer*, 468 U.S. 183, 191 (1984); *Krohn v. United States*, 742 F.2d 24 (1st Cir. 1984); *McSurley v. McClellan*, 697 F.2d 309, 316 (D.C. Cir. 1982). *Harlow* thus places squarely on the plaintiff the burden of showing a "prima facie case of defendants' knowledge of impropriety, actual or constructive." *Krohn*, 742 F.2d at 31-32; *Davis v. Scherer*, 468 U.S. 183, 191 (1984).  Furthermore, as the Supreme Court has held:

> Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).[6]

The paramount point to keep in mind in analyzing claims such as Plaintiff's, therefore, is that neither the Court nor the Plaintiff can engage in an inquiry into the state of mind of Defendants in resolving the "threshold" resolution of qualified immunity claims.  *Harlow, supra*, 457 U.S. at 818.  Subjective inquiries are legally irrelevant.  The only inquiry of any import is whether the defendant's alleged actions violated clearly established law or were objectively reasonable.  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  Further, as the Supreme Court and the Court of Appeals have both stated,

> [t]he contours of the rights [the official is alleged to have violated] must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

---

[6]A defendant's right is to "immunity from suit" not a "defense to liability." *Id.; see also Cleavinger v. Saxner, supra*, 474 U.S. at 207-208.

*Anderson v. Creighton*, 483 U.S. at 640; *Martin v. Malhoyt,* 830 F.2d at 253.  Thus, even though plaintiff's Fourth Amendment rights were violated in *Anderson*, the Supreme Court held that the defendant officers were entitled to qualified immunity from suit individually because they acted reasonably.

Review of the applicable law and the allegations as presented in Plaintiff's Supplemental Complaint demonstrates that the individually named Defendants did not violate a clearly established constitutional right to which Plaintiff avers he is entitled.  In the MTD, Defendants argued that Plaintiff's Complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted, and alternatively moved for dismissal of the Complaint pursuant to 28 U.S.C. § 1915(g), on the grounds that Plaintiff has three times or more in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious or failed to state a claim upon which relief can be granted.  *See* Dkt. Entry 8, at 13-15.   Section 1915(g) of the Prison Litigation Reform Act, provides

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As stated in the MTD, the provisions of the "*in forma pauperis*" statute essentially forbid a prisoner from bringing a new civil action or appealing a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  The only exception to this

is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).  A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g).  Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g).

Plaintiff is proceeding *in forma pauperis* in this civil action.  *See* Dkt. Entry 3, Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis.*  While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.  *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(complaint alleging right of access to court violated during stay in psychiatric unit due to inadequate law library for which to conduct sufficiently thorough research and to help other inmates with their lawsuits – dismissed as frivolous under 28 U.S.C. 1915(d) on May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(complaint alleging violation of constitutional rights due to Texas Department of Criminal Justice - Institutional Division policy banning tobacco products from prison commissaries, dismissed as frivolous under Rule 1915(d) on August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-013 (S.D. Tex.)(complaint regarding limits on purchasing stamps while on lockdown, signs posted by prison employees and denial of access to courts, among other claims, dismissed under 28 U.S.C. § §1915(e), 1915A and 42 U.S.C. § 1997e on April 15, 2003); and *Johnson v. Tepper*, No. 1:02-CV-656 (W.D.Tex.)(complaint dismissed as frivolous October 11, 2002)(Appeal No. 02-51232 dismissed as frivolous April 24, 2003).  Based on these dismissals alone, Plaintiff may

not file another civil lawsuit *in forma pauperis* while incarcerated unless he is in imminent danger of serious physical injury. *See generally Ibrahim v. District of Columbia,* 463 F.3d 3 (D.C. Cir. 2006). As such, Plaintiff's complaint should be dismissed pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003)(dismissal of appeal from Civil Action 02 CV 107 and imposition of three-strikes bar); *Jones v. Johnston*, 160 Fed.Appx. 336 (5th Cir., Dec. 14, 2005); *Iwegbu v. United States*, 166 Fed.Appx. 103 (5th Cir., Feb. 6, 2006).

Further, Plaintiff has filed at least four prior suits against the VA regarding his allegation that he is entitled to a larger disability payment. In *Johnson v. Dep't of Veterans Affairs,* Civil Action No. 4:02-CV-03993 (S.D. Tex), Plaintiff filed a Complaint, which was removed to federal district court on October 21, 2002, regarding the VA's reduction of his disability rating from 30% to 10%. After the VA moved to dismiss for lack of subject matter jurisdiction, Plaintiff himself filed a Motion to Dismiss, on November 13, 2002. The Court granted dismissal on Plaintiff's Motion, dated November 18, 2002. *See* Civil Action No. 4:02-CV-03993 (S.D. Tex), Dkt. Entry 7, Order of dismissal on the Plaintiff's motion.

In *Johnson v. Dep't of Veterans Affairs et al.*, 4:06-2283 (S.D. Tex), Plaintiff's complaint was initially filed in state court and removed to federal district court on July 7, 2006. Plaintiff alleged a violation of his 5th and 14th Constitutional due process rights and asserted a *Bivens* cause of action because the VA reduced his disability rating from 30% to 10%, and withheld one half of the ten percent benefit amount. After the VA moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court granted the motion and dismissed the action. *See* Civil Action No. 4:06-2283 (S.D. Tex), Dkt. Entry 17, Order granting motion to dismiss original petition.

13

In *R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C, Plaintiff filed a complaint in the United States Court of Federal Claims on June 26, 2002, alleging the same deprivation of veterans benefits as he alleged in Civil Action 4:06-2283 (S.D. Tex) and as he alleges in this action, except he also alleged that the VA violated the Americans with Disabilities Act.  The VA filed a motion to dismiss the case on August 26, 2002, and Plaintiff subsequently also filed a motion to dismiss his own case , on November 13, 2002.  The complaint was dismissed on January 3, 2003.  *See* Civil Action No. 02-735C, Dkt. Entry No. 12, Judgement entered pursuant to Rule 58, dismissing complaint without prejudice.

In *R. Wayne Johnson v. Dept of Veterans Affairs*, Civil Action No. W-05-338 (W.D. Tex), Plaintiff filed an action in state court which was removed to federal district court on September 12, 2005, again complaining about the VA's reduction of his disability benefits pursuant to 38 C.F.R 3.665, just as he alleged in Civil Action No. 4:06-2283 (S.D. Tex), Civil Action No. 02-735C, and just as he alleges in this action. This case was dismissed for failure to make timely service.  *See* Civil Action No. W-05-338 (W.D. Tex), Dkt. Entry No. 25, Judgement ordering action dismissed.

As is evident from Plaintiff's litigious history with the VA, Plaintiff simply cannot, with any legal support, demonstrate that Defendants have violated a clearly established law in moving to dismiss this action.  Because Plaintiff has previously sued the VA multiple times alleging the same or substantially the same cause of action, Plaintiff has been properly put on notice that district courts lack subject matter jurisdiction over review of veterans benefit claim determinations, and that the only proper courts to review VA determinations are the United States Court of Appeals for Veterans Claims ("CAVC"), the United States Court of Appeals for

the Federal Circuit, and the United States Supreme Court. *See, e.g. R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C, Dkt. Entry 6, Motion by USA to Dismiss or, in the Alternative, for Summary Judgment. Thus, Plaintiff's Supplemental Complaint must be rejected on the basis of qualified immunity, and must be dismissed before the commencement of discovery. Additionally, given Plaintiff's history of repetitively filing the same or substantially the same lawsuits, Defendants request that the Court dismiss Plaintiff's Supplemental Complaint as malicious under 28 U.S.C. § 1915(e) on the grounds that it is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; and (iii) seeks monetary relief against Defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii). Moreover, Defendants renew their motion to dismiss Plaintiff's action under 28 U.S.C. § 1915, as Plaintiff has, three times or more in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious or failed to state a claim upon which relief can be granted.

## III.    THE VA HAS PROPERLY DETERMINED PLAINTIFF'S BENEFIT.

If this Court decides to reach the merits of Plaintiff's action, it will find that the VA acted lawfully in withholding a portion of his benefits. In 1980, with passage of the Veterans' Disability Compensation and Housing Benefits Amendments of 1980, Pub. L. No. 96-385, § 504(a), 94 Stat. 1534 (effective date Oct. 7, 1980) (current version at 38 U.S.C. § 5313), Congress limited payment of compensation to persons incarcerated for conviction of a felony. Specifically, the statute directed that such a veteran with a service-connected disability rated at 20 percent or more would be compensated at the rate of 10 percent, and a veteran with a service-connected disability rated less than 20 percent would be compensated at the rate of 5 percent. 38

U.S.C. § 5313(a), *see also* 38 C.F.R. § 3.665(d).  These provisions apply "with respect to any period of incarceration on or after October 1, 1980, . . . and with respect to whom the action granting an award of compensation . . . is taken on or after such date."  38 U.S.C. § 5313(d), *see also* 38 C.F.R. § 3.665©.

Plaintiff's benefits were actually awarded on June 5, 1981, after a successful appeal to the VA, though they were made retroactive to July 1979.  It is the date of the actual award that is controlling.  The statutory language which controls the applicability of withholding provisions, "the action granting an award of compensation . . . is taken on or after [October 1, 1980]," 38 U.S.C. § 5313(d), specifically refers to the date the award was granted.  *See also*, 126 Cong. Rec. H9072 (daily ed. Sept. 18, 1980) (statement of Rep. Montgomery) ("[The proposed legislation] would affect those individuals . . .who were in prison on the date of enactment and who only later begin to receive payment, regardless of when the felony was committed.  It is felt that the limitation should reach those persons who are already in prison but who have not yet had an economic reliance on the benefits.").  Because Plaintiff's benefits award was actually granted in 1981, after the October 1, 1980 effective date of the legislation, the VA properly applied 38 U.S.C. § 5313 to him and withheld a portion of his benefits due to his incarceration.

Plaintiff has received a decision reducing his disability evaluation for his service connected disability from 30 percent to 10 percent,  in 1983.  Plaintiff appealed this decision to the Board of Veterans Appeals (Board), which denied the appeal in 1984.  At that time, the Board was the highest adjudicative body with power to render decisions in veterans' benefits claims.  In 1987, the Regional Office determined that 38 C.F.R. § 3.665 required a withholding of one-half of Mr. Johnson's benefits on account of his incarceration, and notified him of its

determination to do so.  *See* MTD Exhibit 13.  Plaintiff did not pursue an administrative appeal

from that decision, and now seeks to reinstate a 30 percent disability evaluation. Complaint ¶ 23.

As shown above, although Mr. Johnson had a 30 percent disability evaluation until 1983, in that

year VA reduced his evaluation to 10 percent on account of improvement in the state of his

disability.  *See* MTD, Exhibit 8.  Plaintiff does not mention this fact in his Complaint, nor has

Plaintiff submitted evidence that would demonstrate he has an indisputable right to enjoy the

restoration of a 30 percent award.

Further, Plaintiff has not exhausted all his administrative remedies with respect to these

decisions because he has not attempted to attack either the 1984 Board decision affirming the

reduction of his disability rating, or the 1987 RO decision withholding his benefits on account of

incarceration under the regulation, as the product of clear and unmistakable error (CUE).  CUE is

a method of collaterally attacking final VA decisions, either of the Board or of the RO, when

direct administrative appeal is no longer available.  See 38 U.S.C. §§ 5109A (RO decisions),

7111 (Board decisions).  An outcome-determinative failure to apply the law as it was at the time

the decision was rendered, which is what Plaintiff essentially appears to be alleging transpired in

this case respecting the RO's putative failure to correctly apply its regulation, section 3.665,

would be an example, if demonstrated, of CUE.  *See, e.g., Cook v. Principi*. 318 F.3d 1334, 1343

(Fed. Cir. 2002) (failure to apply the law as it existed at the time of decision correctly is an

example of CUE).  Successful prosecution of a CUE claim would entitle the victor to retroactive

benefits as though the erroneous decision had not been rendered.  38 U.S.C. §§ 5109A(b),

7111(b); 38 C.F.R. § 3.105(a).  Alternatively, should a request to revise either VA decision on

the ground of CUE be unsuccessful, Plaintiff would have the right to seek review of the denial in

17

the next forum in the multi-tiered system of review established by Congress.  A denial of a motion to revise an RO decision on account of CUE may be reviewed by the Board, and subsequently, the CAVC and the Federal Circuit.  A denial by the Board of a motion to revise a prior, final Board decision may be reviewed by the CAVC and the Federal Circuit.

Plaintiff has instead attempted to seek judicial review in the district court.  Because Plaintiff has not resorted to the potential avenue of reopening of VA's decisions that is CUE, he has not exhausted his administrative remedies.

Plaintiff's suggestion that  38 U.S.C. § 5313 violates the provisions of the United States Constitution as an *ex post facto* law are without merit.  For a measure to be an *ex post facto* law, it must impose punishment for past acts that were not so punishable at the time they were performed.  *See Flemming v. Nestor*, 363 U.S. 603, 617-21 (1960).  The Supreme Court has stated that the grant of compensation allowances creates no vested right and that they may be "redistributed or withdrawn at any time in the discretion of Congress." *Lynch v. United States,* 292 U.S. 571, 576 (1934).  The Court further stated that the suspension of a non-contractual benefit cannot be considered a punishment.  *Id.*  Because withdrawing VA benefits does not constitute punishment, 38 U.S.C. § 5313 is not an *ex post facto* law.  *See Latham v. Brown*, 4 Vet.App. 265, 268, *aff'd*, 11 F.3d 1070 (Fed. Cir. 1993) (table).

Lastly, Plaintiff's allegation that Defendants have conspired against him, under 18 U.S.C. § 241, to violate his "fundamental First Amendment right to Sue" at "no charge" and his entitlement to have his fees waived are equally without merit.  Supp. Compl. ¶16.  Plaintiff simply fails to state a claim under this statute, because criminal statutes do not provide Plaintiff with a private right of action.  *Christian Populist Party v. Secretary of State*, 650 F. Supp. 1205,

18

1214 (E.D. Ark. 1987); *United States v. Arnold*, 403 F. Supp. 172, 173-74, n.1 (E.D. Pa. 1975).

Plaintiff's constitutional right of access to the courts *in forma pauperis* only extends to non-

frivolous legal claims if Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C.

§ 1915(g). Plaintiff has not demonstrated how he believes Defendants have attempted to threaten

or intimidate him, or otherwise deprived Plaintiff of any constitutional right. Merely putting the

Court on notice of Plaintiff's history of filing repetitive complaints that were dismissed by courts

as legally frivolous does not rise to the level of a conspiracy to threaten or intimidate Plaintiff or

deprive Plaintiff of a constitutional right.

## CONCLUSION

For the foregoing reasons, the court should dismiss Plaintiff's Supplemental Complaint and deny Plaintiff's Motions for Depositions and Discovery.  In the alternative, we request the Court to grant summary judgment in favor of the Defendants.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

Of Counsel:

Joshua Blume, Esq.
United States Department of Veteran's Affairs
Washington, D.C.

Beth Kramer, Esq.
FMS Office of Chief Counsel
United States Department of Treasury
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0818 (RBW) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Dismiss Supplemental

Complaint and Opposition to Plaintiff's Request for Discovery, Supporting Memorandum,

Statement of Material Facts, and Proposed Order to be served upon *pro se* Plaintiff by depositing

a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107

on this 12th day of July, 2007.                              Respectfully Submitted,

                                                  ___/s Sherease Louis_____
                                                  SHEREASE LOUIS
                                                  Special Assistant United States Attorney
                                                  United States Attorney's Office
                                                  Civil Division
                                                  555 4th Street, N.W.,
                                                  Washington, D.C. 20530
                                                  (202) 307-0895

21

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss.  Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of July, 2007, hereby

**ORDERED** that Defendants' Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed as frivolous and for failure to state a claim.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Sherease Louis
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107

odismpr.

United States District Court
Southern District of Texas
ENTERED

MAY 2 4 1995

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. H-95-64 |
| JAMES A. COLLINS, | * | |
| Defendant. | * | |

### DISMISSAL ORDER

This civil action is dismissed with prejudice.

Signed on _____, 1995 in Houston, Texas.

LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
SIGNED
MAY 23 1995
JUDGE LYNN N. HUGHES
HOUSTON, TEXAS

odismpr.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AUG 2 9 1995

Michael N. Milby, Clerk

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. H-95-68 |
| CAROL S. VANCE, | * | |
| Defendant. | * | |

### ORDER OF DISMISSAL

This pro se plaintiff, an inmate of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), filed his civil rights complaint under 42 U.S.C. § 1983 and applied for pauper status under 28 U.S.C. § 1915. The court granted pauper status but stayed proceedings until § 1915 evaluation could be completed. As part of its evaluation, the court ordered Plaintiff Johnson to file a more definite statement of facts. He has now done so. For the reasons stated below, the court will dismiss this complaint.

Johnson complains that his constitutional rights have been violated because TDCJ-ID has adopted a policy banning tobacco products from prison commissaries, forcing inmates who smoke to give up the habit. Johnson contends that, because he has smoked for twenty-five years, he suffers headaches, mental distress, and emotional anguish when he cannot smoke. Johnson seeks injunctive relief against Defendant Vance, president of the TDCJ-ID board of directors who adopted the tobacco policy.

A plaintiff seeking relief under 42 U.S.C. § 1983 must

establish two essential elements:  that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  Hernandez v. Maxwell, 905 F.2d 94, 95 (5th Cir. 1990).  28 U.S.C. § 1915(d) authorizes a federal court to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous or malicious."  Under this statute, an action is frivolous if it "lacks an arguable basis either in law or in fact."  Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Under the statute, judges have the authority to dismiss a claim based on "an indisputably meritless legal theory" or a claim "whose factual contentions are clearly baseless."  Neitzke at 327.  See also Denton v. Hernandez, 504 U.S. 25 (1992).

The Constitution does not mandate comfortable prisons, and prisons which house persons convicted of serious crimes cannot be free from discomfort.  To the extent that the conditions of confinement are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the eighth amendment, but the eighth amendment has been held to be violated by allowing inmates to smoke rather than by forcing them to quit. Helling v. McKinney, 509 U.S. ___, ___, 113 S.Ct. 2475, 2480 (1993).  This court is of the opinion that no prisoner has a

2

constitutionally protected right to smoke.

That being the case, this complaint lacks arguable basis in law and fact, and lacks realistic chance of ultimate success, making it frivolous as a matter of law. <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990). This complaint is, therefore, DISMISSED with prejudice under 28 U.S.C. § 1915(d). <u>Graves v. Hampton</u>, 1 F.3d 315 (5th Cir. 1993).

The Clerk will provide a copy to the parties.

Signed at Houston, Texas on ⟨August 27⟩ _____, 1995.


_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

3

6

memdismpr.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 4 1995

Michael N. Milby, Clerk of Court

R. WAYNE JOHNSON,           *

    Plaintiff,          *

v.                          *   CIVIL ACTION NO. H-95-64

JAMES A. COLLINS,           *

    Defendant.         *

### MEMORANDUM ON DISMISSAL

This pro se plaintiff filed his civil rights complaint under 42 U.S.C. § 1983 and applied for pauper status under 28 U.S.C. § 1915. His application was granted and he was ordered to file a more definite statement of facts. Plaintiff Johnson essentially refused to answer the questions posed in the order, and the court has therefore evaluated his claims based only on his original complaint.

Johnson claims his right of access to court was violated during his stay at the Jester Four Unit of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), where Johnson is an inmate. He was sent to Jester Four in March, and remained until September, of 1994. Jester Four is a psychiatric unit, where Johnson was admitted under crisis management because he was suicidal. He was allowed to obtain five books daily from the Jester Three Unit, but contends he was unable to conduct

sufficiently thorough research and was unable to help other inmates with their lawsuits.  Because of the inadequate law library, he voluntarily left Jester Four, abandoned his psychiatric treatment, and returned to the Retrieve Unit where the library is adequate.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements:  that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States.  <u>Martin v. Thomas</u>, 973 F.2d 449, 452 (5th Cir. 1992).

A prison inmate's right of access to court is protected by the Constitution and requires the prison to provide inmates with access either to an adequate law library or to adequate legal assistance by trained personnel.  <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). To support a claim of denied access to court under 42 U.S.C. § 1983, a prisoner must show that his position in a legal action was prejudiced.  <u>Henthorn v. Swinson</u>, 955 F.2d 351 (5th Cir.), <u>cert. denied</u>, __ U.S. __, 112 S.Ct. 2974 (1992).  In addition, the prisoner must show intention on the defendant's part by, for example, withholding mail destined for the courts.  <u>See Jackson v. Cain</u>, 864 F.2d 1235, 1244 (5th Cir. 1989).  There is, however, no right for a lay inmate to represent others in legal actions.

Johnson was provided an opportunity to make this showing, but declined.  His complaint does not contain the requisite support for his claim and the court finds the complaint lacks arguable basis in

law and fact, and lacks any realistic chance of ultimate success. <u>Moore v. Mabus</u>, 976 F.2d 268 (5th Cir. 1992); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). Therefore his complaint will be dismissed with prejudice because it is frivolous under 28 U.S.C. § 1915(d).

Signed on _____, 1995 in Houston, Texas.

U.S. DISTRICT COURT
SIGNED
MAY 23 1995
JUDGE LYNN N. HUGHES
HOUSTON, TEXAS

LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 7 2003

Michael N. Milby, Clerk of Court

R. WAYNE JOHNSON                §
                                §
V.                              §    C.A. NO. C-03-013
                                §
MICHAEL McCAUL, ET AL           §

## ORDER ADOPTING MEMORANDUM AND
## RECOMMENDATION TO DISMISS

On March 19, 2003, United States Magistrate Judge Jane Cooper-Hill signed a Memorandum and Recommendation recommending as follows:

1) that Plaintiff's action be dismissed pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c);

2) that because Plaintiff's claims regarding purchasing of stamps and the "no talking" rule in the commissary line are malicious, those claims be dismissed without prejudice to the prosecution of the claims in his pending federal action, C.A. 2-02-409; and

3) that Plaintiff's claims regarding denial of access to the courts and violation of First Amendment rights be dismissed with prejudice for failure to state a claim.

On April 1, 2003, Plaintiff filed his Objections to the Magistrate's recommendations.

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and Plaintiff's

objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, *see Koetting v. Thompson*, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P.72(b), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, it is ORDERED as follows:

1) Plaintiff's action is dismissed pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c);

2) Plaintiff's claims regarding purchasing of stamps and the "no talking" rule in the commissary line are dismissed without prejudice to the prosecution of the claims in his pending federal action, C.A. 2-02-409; and

3) Plaintiff's claims regarding denial of access to the courts and violation of First Amendment rights are dismissed with prejudice for failure to state a claim.

The clerk shall enter this order and provide a copy to all parties.

SIGNED this _15_ day of April, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED
AUSTIN DIVISION
2002 OC 11  AM 9: 48

WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

BY:_____
                    DEPUTY

R. WAYNE JOHNSON #282756,
                              **Plaintiff,**

-vs-                                    Case No.  A-02-CA-656-SS

MATTHEW TEPPER,
                              **Defendant.**

---

## O R D E R

BE IT REMEMBERED on the _10th_ day of October 2002 the Court reviewed the file in the

above-styled cause. Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 is easily summarized

as follows:

> R. Wayne Johnson is the name for me.  R. Wayne Johnson is who I'll be.
> I do not like to be called my name.  Ronald Wayne Johnson is not the same.
> I would not could not like it in jail.  I would not could not like it on mail.
> So, tell Mr. Tepper to address me so.  Tell Mr. Tepper no, no, no.

The Court's order can just as easily be summarized as follows:

> Yes, prisoners retain their First Amendment rights,
> for the Court knows prisoners file their lawsuits night after night.
> But addressing a letter to Plaintiff's given name
> is not a constitutional violation in any sort of game.

4

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

SIGNED this the _10_ day of October 2002.

_____
UNITED STATES DISTRICT JUDGE



# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 02-51232
Summary Calendar

D.C. Docket No. A-02-CV-656

**U.S. COURT OF APPEALS**

**FILED**

MAR 3 1 2003

CHARLES R. FULBRUGE III
CLERK

R WAYNE JOHNSON

    Plaintiff - Appellant

**FILED**

APR 2 4 2003

CLERK, U.S. DISTRICT COURT,
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

    v.

MATTHEW TEPPER

    Defendant - Appellee

Appeal from the United States District Court for the
Western District of Texas, Austin.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

## J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the appeal is dismissed as frivolous.

ISSUED AS MANDATE: **APR 2 2** 2003

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
    Deputy
New Orleans, Louisiana   APR 2 2 2003

United States Court of Appeals
Fifth Circuit

# F I L E D

**March 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-51232

Summary Calendar

---

R. WAYNE JOHNSON,

Plaintiff-Appellant,

versus

MATTHEW TEPPER,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
(02-CV-656)

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

R. Wayne Johnson, Texas prisoner # 282756, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous. In his complaint, Johnson alleged that the defendant
violated his constitutional rights by using his full first name
when addressing correspondence to him.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal Johnson argues that the district court erred in dismissing his complaint as frivolous because he has a First Amendment right to be identified as "R. Wayne Johnson." Johnson has not shown that the district court abused its discretion when it dismissed his complaint as frivolous.[1]

Johnson's appeal is without merit and is frivolous.[2] Accordingly, his appeal is DISMISSED as frivolous.[3]

Johnson is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g).[4] Johnson is further cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.[5]

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.

---

[1] See *Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998).

[2] See *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[3] See 5TH CIR. R. 42.2.

[4] See *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[5] See 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2002

Michael N. Milby, Clerk of Court

| | |
|---|---|
| R. WAYNE JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| *versus* | § |
| | § |
| DEPARTMENT OF VETERANS AFFAIRS, | § |
| | § |
| Defendant. | § |

CIVIL ACTION H-02-3993



## Order of Dismissal

On the plaintiff's motion, this case is dismissed.

Signed November 18, 2002, at Houston, Texas.

Lynn N. Hughes
United States District Judge

#7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 1 3 2006

Michael N. Milby, Clerk of Court

R. WAYNE JOHNSON,            §
                Plaintiff,   §
                             §
v.                           §          CIVIL ACTION H-06-2283
                             §
DEPARTMENT OF VETERANS       §
AFFAIRS, ET AL.,             §
                Defendants.  §

## ORDER

Defendants' Motion To Dismiss Plaintiff's Original Petition under Federal Rules of Civil

Procedure 12(b)(1) and (6) is GRANTED.

It is, therefore, ORDERED that Plaintiff's Original Petition is DISMISSED without

prejudice.

It is further ORDERED, that all other pending motions are DISMISSED AS MOOT.

SIGNED this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED

NOV 2 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

RWAYNE JOHNSON,                    §
    Plaintiff,                    §
                                 §
v.                                 §     CIVIL ACTION NO. W-05-CA-338
                                 §
DEPT. OF VETERANS AFFAIRS,          §
    Defendant.                    §

## O R D E R

This case was referred to the United States Magistrate Judge for the Western

District of Texas, Waco Division, for findings and recommendations, pursuant to 28

U.S.C. § 636(b). The Court received the Magistrate Judge's report, which was filed

on October 12, 2006. No objections to the report have been filed, thus barring any

party from receiving a de novo review on appeal of the findings and recommenda-

tions. 28 U.S.C. § 636(b)(1)(C); United States v. Kallestad, 236 F.3d 225 (5th Cir.

2000).

Defendant moves to dismiss Plaintiff's complaint on the ground that proper

service has never been accomplished. The Magistrate Judge, in a careful and

thorough review of the case and applicable law, has recommended that Defendant's

motion be granted. Having conducted a review of the report and recommendation,

and the file in this case, the Court is persuaded that the Magistrate Judge's findings

and recommendation should be adopted. Accordingly, it is

ORDERED that the Magistrate Judge's findings and recommendation are ADOPTED. It is further

ORDERED that Defendant's Motion to Dismiss is **GRANTED**. It is further

ORDERED that this case is **DISMISSED** under Rule 4(m) for failure to make timely service. It is further

ORDERED that any motions not previously ruled upon by this Court or the Magistrate Judge are **DENIED**.

SIGNED this _20_ day of November, 2006.


_____
**WALTER S. SMITH, JR.**
**Chief United States District Judge**



# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

**FILED**
NOV 2 1 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| RWAYNE JOHNSON,<br>      Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. W-05-CA-338 |
| | § | |
| DEPT. OF VETERANS AFFAIRS,<br>      Defendant. | § § | |

## J U D G M E N T

In accordance with the Order adopting the Magistrate Judge's Report and Recommendation, the Court enters its Judgment as follows:

**IT IS ORDERED, ADJUDGED and DECREED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that any relief not specifically granted in this Judgment is **DENIED**.

**SIGNED** this __2 0__ day of November, 2006.

**WALTER S. SMITH, JR.**
**Chief United States District Judge**