# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS SUPPLEMENTAL COMPLAINT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY

Defendants, through counsel, respectfully move this Court to stay discovery in this case, and to dismiss Plaintiff's Supplemental Complaint for lack of jurisdiction, failure to state a claim for which relief can be granted, and as frivolous and malicious, pursuant to 28 U.S.C. § 1915(g).

*Pro se* Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Further, should this Court treat Defendant's Motion to Dismiss as a motion for summary judgment, because of the exhibits referenced herein, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or

denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of Points and Authorities, which also serves as an Opposition to Plaintiff's Request for Discovery; (2) Statement of Material Facts As to Which There is No Genuine Issue; (3) Supporting Exhibits, and (4) proposed Order attached hereto.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

Of Counsel:
Joshua Blume, Esq.
United States Department of Veteran's Affairs, Washington, D.C.

Beth Kramer, Esq.
United States Department of Treasury, Washington, D.C.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

The Defendants submit the following statement of material facts as to which there is no genuine issue in accordance with Local Rule 7(h):

1.     In 1978 Plaintiff was convicted of aggravated rape by a jury in Texas and was sentenced to serve ninety-nine years. *See R. Wayne Johnson v. McCotter, Director of Texas Department of Corrections*, 803 F.2d 830, 831 (5th Cir. 1986).

2.     Plaintiff is a federal prisoner housed in Amarillo, Texas.   *See* Compl., caption.

3.     Plaintiff is proceeding *pro se* and *in forma pauperis*.  *See* Dkt. Entry 3, Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis.*

4.     Plaintiff is a service-connected disabled veteran.   *See* Compl.¶ 5.

5.     Plaintiff served on active duty in the United States Marine Corps from August 1968 through August 1971.  *See* MTD, Exhibit 14.

6.     On June 5, 1981, the Board of Veterans Appeals (Board) granted Plaintiff an award of service-connected disability compensation for a bilateral foot disability.    *See* MTD, Exhibit 1.

7.      On July 9, 1981, the Houston, Texas, Regional Office (RO) implemented the Board decision at a 30 percent rating, effective July 16, 1979.  *See* MTD, Exhibit 2.

8.      The same month, the RO notified Plaintiff that recent legislation required VA to withhold a portion of his compensation each month, effective October 8, 1980.  *See* MTD, Exhibit 3.

9.      Plaintiff appealed the RO's assignment of a 30 percent rating to the Board, Exhibits 4-6, which denied the appeal on August 26, 1982.   *See* MTD, Exhibit 7.

10.     As a result of a February 18, 1983, VA medical examination, Plaintiff's rating was reduced to 10 percent.  *See* MTD, Exhibit 8.

11.     Plaintiff appealed this rating reduction to the Board, Exhibits 9-11, which denied the appeal on November 16, 1984.  *See* MTD, Exhibit 12.

12.     On March 13, 1987, the RO notified Plaintiff by letter that, in accordance with 38 C.F.R. § 3.665 (which implements 38 U.S.C. § 5313), Plaintiff would begin receiving 5 percent compensation - one half of the 10 percent rate.  *See* MTD, Exhibit 13.

13.     The withholding was not made retroactive, but was made effective as of March 1, 1987.  *See* MTD, Exhibit 13.

14.     While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(dismissed as frivolous May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(dismissed as frivolous August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-013 (S.D. Tex.)(dismissed as malicious and for failure to state a claim upon which relief can be granted April 15, 2003); and *Johnson v. Tepper*, No.

1:02-CV-656 (W.D.Tex.)(dismissed as frivolous October 11, 2002)(Appeal No. 02-51232

dismissed as frivolous April 24, 2003).

      15.    In *Johnson v. Dep't of Veterans Affairs,* Civil Action No. 4:02-CV-03993 (S.D.

Tex), Plaintiff filed a Complaint, which was removed to federal district court on October 21,

2002, regarding the VA's reduction of his disability rating from 30% to 10%. After the VA

moved to dismiss for lack of subject matter jurisdiction, Plaintiff himself filed a Motion to

Dismiss, on November 13, 2002. The Court granted dismissal on Plaintiff's Motion, dated

November 18, 2002. *See* Civil Action No. 4:02-CV-03993 (S.D. Tex), Dkt. Entry 7, Order of

dismissal on the Plaintiff's motion.

      16.    In *Johnson v. Dep't of Veterans Affairs et al.*, Civil Action No. 4:06-2283 (S.D.

Tex), Plaintiff's complaint was initially filed in state court and removed to federal district court

on July 7, 2006. Plaintiff alleged a violation of his 5th and 14th Constitutional due process rights

and asserted a *Bivens* cause of action because the VA reduced his disability rating from 30% to

10%, and withheld one half of the ten percent benefit amount. After the VA moved to dismiss

under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court granted the motion and dismissed the

action. *See* Civil Action No. 4:06-2283 (S.D. Tex), Dkt. Entry 17, Order granting motion to

dismiss original petition.

      17.    In *R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C,

Plaintiff filed a complaint in the United States Court of Federal Claims on June 26, 2002,

alleging the same deprivation of veterans benefits as he alleged in Civil Action 4:06-2283 (S.D.

Tex) and as he alleges in this action, except he also alleged that the VA violated the Americans

with Disabilities Act. The VA filed a motion to dismiss the case on August 26, 2002, and

Plaintiff subsequently also filed a motion to dismiss his own case , on November 13, 2002.  The

complaint was dismissed on January 3, 2003.  *See* Civil Action No. 02-735C, Dkt. Entry No. 12,

Judgement entered pursuant to Rule 58, dismissing complaint without prejudice.

18.    In *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003), the

appeals court dismissed Plaintiff's appeal from Civil Action 02 CV 107, and imposed a

three-strikes bar.

19.    In *R. Wayne Johnson v. Dept of Veterans Affairs*, Civil Action No. W-05-338

(W.D. Tex), Plaintiff filed an action in state court which was removed to federal district court on

September 12, 2005, again complaining about the VA's reduction of his disability benefits

pursuant to 38 C.F.R 3.665, just as he alleged in Civil Action No. 4:06-2283 (S.D. Tex), Civil

Action No. 02-735C, and just as he alleges in this action. This case was dismissed for failure to

make timely service.  *See* Civil Action No. W-05-338 (W.D. Tex), Dkt. Entry No. 25,

Judgement ordering action dismissed.

Respectfully  submitted,


____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

Of Counsel:
Joshua Blume, Esq.
United States Department of Veteran's Affairs, Washington, D.C.

Beth Kramer, Esq.
United States Department of Treasury, Washington, D.C.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) **Civil Action No. 07-0818 (RBW)** |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS SUPPLEMENTAL COMPLAINT**
**AND OPPOSITION TO PLAINTIFF'S REQUEST FOR DISCOVERY**

Defendants, through counsel, respectfully move this Court to stay discovery in this case,

and to dismiss Plaintiff's Supplemental Complaint[1] for lack of jurisdiction, failure to state a

claim for which relief can be granted, and as frivolous and malicious, pursuant to 28 U.S.C.

§ 1915(g).

**BACKGROUND**

Plaintiff is a veteran who has been incarcerated by the state of Texas, and who later

became entitled to service-related disability payments. *See* Dkt. 1, Complaint, *generally*. As a

result of his incarcerated status, the Veterans Administration ("VA") withheld portions of his

---

[1]     A Complaint is considered to be a "supplemental pleading" governed by Rule 15(d) if it concerns "transactions or occurrences or events which have happened since the date of the [original] pleading." Fed. R. Civ. P. 15(d). Accordingly, the complaint filed on July 2, 2007 is a "supplemental pleading." *Montgomery Env. Coal. v. Fri*, 366 F. Supp. 261, 265 (D.D.C. 1973) (concluding plaintiff's "supplemental pleading" was a "supplemental pleading" because it involved events that postdated the original complaint). Rule 15(d) pleadings may be submitted only after obtaining leave of court. *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("[W]hile a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of the court."); *see also id.* (explaining that the requirement that leave be sought is one of two ways in which the "nomenclature" matters); *Hall*, 437 F.3d at 100.

disability payments, in accordance with the provisions of 38 U.S.C. § 5313(A)(1)(b).  *See* MTD,

Def. Exh. 13.  Proceeding *pro se* and *in forma pauperis*, Plaintiff has filed suit asserting

violations of his Fifth and Fourteenth Amendment constitutional due process rights with respect

to the application of 38 U.S.C. § 5313[2] and 38 C.F.R § 3.665[3] to his veteran's disability benefits.

In his initial Complaint, Plaintiff alleged that the United States Department of Veterans Affairs

("VA") misapplied its regulation, 38 C.F.R. § 3.665, and is wrongfully withholding a portion of

his benefits on account of his incarceration.  Plaintiff further alleged that in so doing, VA

deprived him of property without due process in violation of the United States Constitution.

Compl. ¶ 13.  As relief, he requested this court to direct VA to restore full payment to him at the

30 percent rate of disability.  Compl.  ¶¶ 6, 28.

Defendants filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim

upon which relief can be granted, and alternatively moved for dismissal of the Complaint

pursuant to 28 U.S.C. § 1915(g), on the grounds that Plaintiff has three times or more in the past,

while incarcerated, brought a civil action or appeal in federal court that was dismissed because it

was frivolous, malicious or failed to state a claim upon which relief can be granted.

*See* Dkt. Entry 8, Defendants' Motion to Dismiss ("MTD").

In response to the MTD, Plaintiff  has filed a Motion for Rule 56(f) Extension to Conduct

Deposition or Discovery ("Discovery Motion"), and a new motion to proceed *in forma pauperis*,

concurrent with a Supplemental Complaint alleging constitutional violations under 18 U.S.C.

---

[2] *See* 38 U.S.C. § 5313,  Limitation on Payment of Compensation and Dependency and Indemnity Compensation to Persons Incarcerated for Conviction of a Felony.

[3] *See* 38 C.F.R. § 3.665.  Incarcerated Beneficiaries and Fugitive Felons -  Compensation.

2

§ 241 and *Bivens v. Six Unknown Named Fed. Narcotics Officers*, 403 U.S. 388 (1971), by

undersigned counsel and John and Jane Does 1-4.  *See* Dkt. Entry 10, document captioned

"Plaintiff's Original Complaint," referred to herein as the "Supplemental Complaint," attached to

Plaintiff's Motion for Rule 56(f) Extension to Conduct Deposition and Discovery.  Specifically,

Plaintiff alleges that he "exercised his fundamental rights to Sue and the defendant - Louis - took

<u>adverse</u> retaliatory measures against the plaintiff BECAUSE <u>of</u> (due to) that legal right <u>Being</u>

exercised" and that Defendants "had a 'malicious intent to deprive plaintiff of his federally

protected rights' by retaliation for the exercise thereof." Suppl. Compl. ¶¶ 10, 21.[4]  Plaintiff sues

Defendants in their official and personal capacities under a theory of retaliation and mail fraud.

Further, Plaintiff seeks *Bivens* damages of not less than $10,000 for each Defendant, and punitive

damages of not less than $20,000 for each Defendant.  Supp. Compl. ¶ 20.

## ISSUES PRESENTED

1.    Whether Plaintiff has stated a valid cause of action in alleging that undersigned counsel

      has retaliated against him and has committed mail fraud by filing a Motion to Dismiss the

      Complaint.

2.    Whether Defendants are Entitled to Qualified Immunity.

3.    Whether Plaintiff's Complaint and Supplemental Complaint should be dismissed

      pursuant to 28 U.S.C. § 1915(g).

---

[4]    "Supp. Comp. ¶ __" refers to a paragraph of Plaintiff's Supplemental Complaint in
this Court.

## STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff

bears the burden of establishing that the court has subject matter jurisdiction. *District of*

*Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a

motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material

factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),

*vacated on other grounds*, 482 U.S. 64 (1987).  A motion under Rule 12(b)(1) may be decided on

any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; and (3) the complaint supplemented by undisputed facts plus materials

outside the pleadings as appropriate, to resolve the question whether it has jurisdiction to hear the

case.  *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v.*

*Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81

F. Supp. 2d 20, 23 (D.D.C. 2000).

### B.    Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see*

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164

(1993), and must grant a plaintiff  "the benefit of all inferences that can be derived from the facts

alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court

need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts

alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide*

*v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing

4

*National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and

*Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme

Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions . . . . [f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126).  In deciding the motion, the court

may consider additional evidence.  *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.

Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the

complaint to matters of public record including court files, records and letters of official actions

or decisions of government agencies and administrative bodies, documents referenced and

incorporated in the complaint and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion.").  Moreover, when a district court

views a complaint as legally frivolous or malicious, the proper course is to grant a Rule 12(b)(6)

motion, or indeed, to dismiss the complaint *sua sponte*.  *Best v. Kelly*, 39 F.3d 328, 331 (D.C.

Cir. 1994).

## ARGUMENT

**I.    DEFENDANTS ARE ENTITLED TO A STAY OF ALL DISCOVERY
       PROCEEDINGS PENDING THIS COURT'S RESOLUTION OF DEFENDANTS'
       ENTITLEMENT TO QUALIFIED IMMUNITY.**

Quasi-judicial immunity "is a complete bar to any lawsuit against a government official

based on tasks the official performed that were within the scope of his duties."  *Pate v. U.S.*, 277

F.Supp.2d 1, 7 (D.D.C. 2003), *citing Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C.Cir. 1994).

5

The Supreme Court has consistently cautioned that courts handling *Bivens* cases should resolve issues of qualified immunity before allowing any discovery. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). Resolving the immunity issues first allows insubstantial *Bivens* claims to be terminated quickly, thus effectuating the immunity protection of the individuals. *See Butz v. Economou*, 439 U.S. 478, 507-508 (1978).

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. *See* Fed. R. Civ. P. 26©; *see, e.g., Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974); *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Gallella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *accord Laborers Int'l Union of North America v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending because it is logical that when

> the determination of a preliminary question may dispose [of the claims
> against a party], applications for discovery may properly
> be deferred until the determination of such questions.

*O'Brien v. Arco Corp.*, 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also Founding Church of Scientology v. United States Marshals Service,* 516 F. Supp. 151, 156 (D.D.C. 1980); *Equal Employment Opportunity Comm'n v. Local Union No.* 3, 416 F. Supp. 728, 738 (N.D. Cal.1975)

6

(discovery stayed pending resolution of jurisdiction question); *Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).  Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided.  *See, e.g., Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), *cert. denied*, 513 U.S. 926 (1994); *Ingram Corp. v. J.R. McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); *Thompson v. F.W. Woolworth Co.*, 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

In *Bivens* litigation in particular, it is commonplace to stay discovery until the qualified immunity claims have been resolved.  *E.g., Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).  As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation."  *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987).

Critical for present purposes, the Supreme Court has emphasized that "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Mitchell*, 472 U.S. at

7

526.  Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus to this

Court in a case in which this Court had ordered an evidentiary proceeding prior to resolving the

qualified immunity issues before it.  *E.g., Fludd v. United States Secret Service*, 771 F.2d 549

(D.C. Cir. 1985).  In that case the plaintiff contended that the individual defendants, agents of the

United States Secret Service, had violated his Fourth Amendment rights in their service of a

subpoena for a handwriting exemplar on him.  *Id.* at 550.  After the individual defendants moved

to dismiss or for summary judgment on qualified immunity grounds, this Court deferred

resolution of the qualified immunity issue.  *Id.* at 552.  Instead of ruling on immunity first, the

Court ordered a factual hearing on the authority of the property owner to give consent to enter.

*Id.*  When the Court declined to reconsider its decision to hold an evidentiary hearing before

resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the

cancellation of the evidentiary hearing.  *Id.*

      In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily

on the Supreme Court's then "recent" pronouncement in *Harlow*.  771 F.2d at 552.  The D.C.

Circuit quoted *Harlow* extensively, including the passage noting that "[u]ntil this threshold

immunity question is resolved, discovery should not be allowed."  771 F.2d at 553, *quoting* 457

U.S. at 818.  Although the court observed that an evidentiary hearing is not always forbidden, it

issued the writ because this Court had "exceeded the permissible limits of such a hearing."  771

F.2d at 554.

      With this backdrop, the individual Defendants seek a stay of all discovery proceedings

until this Court rules on Defendants' dispositive motion and addresses their entitlement to

qualified immunity.  Further, as  Treasury has no role in applying VA statutes and regulations,

and Treasury's role in disbursing VA benefit payments involves no discretionary acts and is purely ministerial, Plaintiff's motion for discovery with respect to Treasury must fail.[5]

## II.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM SUIT.

### A.    Plaintiff Cannot Bring a Bivens Cause of Action Against the Defendants.

A *Bivens* cause of action cannot be brought against a federal agency.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994) (*Bivens* "implied a cause of action against federal officials ... *because* a direct action against the Government was not available."); *Paolone v. Mueller*, No. 05-2300, 2006 WL 2346448 (D.D.C. Nov. 29, 2005) (A suit for damages against government employees in their official capacities is the equivalent of an action against the government entity itself . . . and the claims are barred because any monetary recovery will come from the government's treasury).  Here, the Plaintiff seeks jurisdiction under *Bivens* against the undersigned Defendants. Because *Bivens* does not allow a cause of action against a federal agency, the Court should dismiss the Supplemental Complaint.

### B.    Defendants Are Entitled to Qualified Immunity from Damages Based on Plaintiff's Constitutional Claims.

The individually named defendants are entitled to qualified immunity from damages based on Plaintiff's constitutional claims. *See Forrester v. White*, 484 U.S. 219, 230 (1988).  The framework for application of qualified immunity to such claims is set out in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  In that case, the Supreme Court confirmed that government officials are shielded from liability for civil damages for constitutional violations insofar as their

---

[5]      Neither the regulation cited by Plaintiff in his Complaint, 38 C.F.R. § 3.665, nor the authorizing statute, 38 U.S.C. § 5301, bestows any role upon Treasury in applying the laws and rules governing entitlement to veterans' benefits.  *See* 38 U.S.C. § 5301 *et seq.*; 38 C.F.R. 3.665.

conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Id.* at 818. Moreover, under *Harlow* this determination requires an objective, not subjective, analysis. *Davis v. Scherer*, 468 U.S. 183, 191 (1984); *Krohn v. United States*, 742 F.2d 24 (1st Cir. 1984); *McSurley v. McClellan*, 697 F.2d 309, 316 (D.C. Cir. 1982). *Harlow* thus places squarely on the plaintiff the burden of showing a "prima facie case of defendants' knowledge of impropriety, actual or constructive." *Krohn*, 742 F.2d at 31-32; *Davis v. Scherer*, 468 U.S. 183, 191 (1984). Furthermore, as the Supreme Court has held:

> Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).[6]

The paramount point to keep in mind in analyzing claims such as Plaintiff's, therefore, is that neither the Court nor the Plaintiff can engage in an inquiry into the state of mind of Defendants in resolving the "threshold" resolution of qualified immunity claims. *Harlow, supra*, 457 U.S. at 818. Subjective inquiries are legally irrelevant. The only inquiry of any import is whether the defendant's alleged actions violated clearly established law or were objectively reasonable. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Further, as the Supreme Court and the Court of Appeals have both stated,

> [t]he contours of the rights [the official is alleged to have violated] must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.

---

[6]A defendant's right is to "immunity from suit" not a "defense to liability." *Id.; see also Cleavinger v. Saxner, supra*, 474 U.S. at 207-208.

*Anderson v. Creighton*, 483 U.S. at 640; *Martin v. Malhoyt,* 830 F.2d at 253.  Thus, even though

plaintiff's Fourth Amendment rights were violated in *Anderson*, the Supreme Court held that the

defendant officers were entitled to qualified immunity from suit individually because they acted

reasonably.

Review of the applicable law and the allegations as presented in Plaintiff's Supplemental

Complaint demonstrates that the individually named Defendants did not violate a clearly

established constitutional right to which Plaintiff avers he is entitled.  In the MTD, Defendants

argued that Plaintiff's Complaint should be dismissed for lack of jurisdiction and failure to state

a claim upon which relief can be granted, and alternatively moved for dismissal of the Complaint

pursuant to 28 U.S.C. § 1915(g), on the grounds that Plaintiff has three times or more in the past,

while incarcerated, brought a civil action or appeal in federal court that was dismissed because it

was frivolous, malicious or failed to state a claim upon which relief can be granted.  *See* Dkt.

Entry 8, at 13-15.   Section 1915(g) of the Prison Litigation Reform Act, provides

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As stated in the MTD, the provisions of the "*in forma pauperis*" statute

essentially forbid a prisoner from bringing a new civil action or appealing a judgment in a civil

action *in forma pauperis* if he or she has three or more times in the past, while incarcerated,

brought a civil action or appeal in federal court that was dismissed because it was frivolous,

malicious, or failed to state a claim upon which relief may be granted.  The only exception to this

11

is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g).

Plaintiff is proceeding *in forma pauperis* in this civil action. *See* Dkt. Entry 3, Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis.* While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. *See Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(complaint alleging right of access to court violated during stay in psychiatric unit due to inadequate law library for which to conduct sufficiently thorough research and to help other inmates with their lawsuits – dismissed as frivolous under 28 U.S.C. 1915(d) on May 23, 1995); *Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(complaint alleging violation of constitutional rights due to Texas Department of Criminal Justice - Institutional Division policy banning tobacco products from prison commissaries, dismissed as frivolous under Rule 1915(d) on August 27, 1995)*; Johnson v. McCaul*, No. 2:03-CV-013 (S.D. Tex.)(complaint regarding limits on purchasing stamps while on lockdown, signs posted by prison employees and denial of access to courts, among other claims, dismissed under 28 U.S.C. § §1915(e), 1915A and 42 U.S.C. § 1997e on April 15, 2003); and *Johnson v. Tepper*, No. 1:02-CV-656 (W.D.Tex.)(complaint dismissed as frivolous October 11, 2002)(Appeal No. 02-51232 dismissed as frivolous April 24, 2003). Based on these dismissals alone, Plaintiff may

not file another civil lawsuit *in forma pauperis* while incarcerated unless he is in imminent danger of serious physical injury. *See generally Ibrahim v. District of Columbia,* 463 F.3d 3 (D.C. Cir. 2006). As such, Plaintiff's complaint should be dismissed pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003)(dismissal of appeal from Civil Action 02 CV 107 and imposition of three-strikes bar); *Jones v. Johnston*, 160 Fed.Appx. 336 (5th Cir., Dec. 14, 2005); *Iwegbu v. United States*, 166 Fed.Appx. 103 (5th Cir., Feb. 6, 2006).

Further, Plaintiff has filed at least four prior suits against the VA regarding his allegation that he is entitled to a larger disability payment. In *Johnson v. Dep't of Veterans Affairs,* Civil Action No. 4:02-CV-03993 (S.D. Tex), Plaintiff filed a Complaint, which was removed to federal district court on October 21, 2002, regarding the VA's reduction of his disability rating from 30% to 10%. After the VA moved to dismiss for lack of subject matter jurisdiction, Plaintiff himself filed a Motion to Dismiss, on November 13, 2002. The Court granted dismissal on Plaintiff's Motion, dated November 18, 2002. *See* Civil Action No. 4:02-CV-03993 (S.D. Tex), Dkt. Entry 7, Order of dismissal on the Plaintiff's motion.

In *Johnson v. Dep't of Veterans Affairs et al.*, 4:06-2283 (S.D. Tex), Plaintiff's complaint was initially filed in state court and removed to federal district court on July 7, 2006. Plaintiff alleged a violation of his 5th and 14th Constitutional due process rights and asserted a *Bivens* cause of action because the VA reduced his disability rating from 30% to 10%, and withheld one half of the ten percent benefit amount. After the VA moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court granted the motion and dismissed the action. *See* Civil Action No. 4:06-2283 (S.D. Tex), Dkt. Entry 17, Order granting motion to dismiss original petition.

13

In *R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C, Plaintiff filed a complaint in the United States Court of Federal Claims on June 26, 2002, alleging the same deprivation of veterans benefits as he alleged in Civil Action 4:06-2283 (S.D. Tex) and as he alleges in this action, except he also alleged that the VA violated the Americans with Disabilities Act.  The VA filed a motion to dismiss the case on August 26, 2002, and Plaintiff subsequently also filed a motion to dismiss his own case , on November 13, 2002.  The complaint was dismissed on January 3, 2003.  *See* Civil Action No. 02-735C, Dkt. Entry No. 12, Judgement entered pursuant to Rule 58, dismissing complaint without prejudice.

In *R. Wayne Johnson v. Dept of Veterans Affairs*, Civil Action No. W-05-338 (W.D. Tex), Plaintiff filed an action in state court which was removed to federal district court on September 12, 2005, again complaining about the VA's reduction of his disability benefits pursuant to 38 C.F.R 3.665, just as he alleged in Civil Action No. 4:06-2283 (S.D. Tex), Civil Action No. 02-735C, and just as he alleges in this action. This case was dismissed for failure to make timely service.  *See* Civil Action No. W-05-338 (W.D. Tex), Dkt. Entry No. 25, Judgement ordering action dismissed.

As is evident from Plaintiff's litigious history with the VA, Plaintiff simply cannot, with any legal support, demonstrate that Defendants have violated a clearly established law in moving to dismiss this action.  Because Plaintiff has previously sued the VA multiple times alleging the same or substantially the same cause of action, Plaintiff has been properly put on notice that district courts lack subject matter jurisdiction over review of veterans benefit claim determinations, and that the only proper courts to review VA determinations are the United States Court of Appeals for Veterans Claims ("CAVC"), the United States Court of Appeals for

14

the Federal Circuit, and the United States Supreme Court. *See, e.g. R. Wayne Johnson v. Dep't of Veterans Affairs,* Civil Action No. 02-735C, Dkt. Entry 6, Motion by USA to Dismiss or, in the Alternative, for Summary Judgment. Thus, Plaintiff's Supplemental Complaint must be rejected on the basis of qualified immunity, and must be dismissed before the commencement of discovery. Additionally, given Plaintiff's history of repetitively filing the same or substantially the same lawsuits, Defendants request that the Court dismiss Plaintiff's Supplemental Complaint as malicious under 28 U.S.C. § 1915(e) on the grounds that it is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; and (iii) seeks monetary relief against Defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii). Moreover, Defendants renew their motion to dismiss Plaintiff's action under 28 U.S.C. § 1915, as Plaintiff has, three times or more in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious or failed to state a claim upon which relief can be granted.

## III.     THE VA HAS PROPERLY DETERMINED PLAINTIFF'S BENEFIT.

If this Court decides to reach the merits of Plaintiff's action, it will find that the VA acted lawfully in withholding a portion of his benefits. In 1980, with passage of the Veterans' Disability Compensation and Housing Benefits Amendments of 1980, Pub. L. No. 96-385, § 504(a), 94 Stat. 1534 (effective date Oct. 7, 1980) (current version at 38 U.S.C. § 5313), Congress limited payment of compensation to persons incarcerated for conviction of a felony. Specifically, the statute directed that such a veteran with a service-connected disability rated at 20 percent or more would be compensated at the rate of 10 percent, and a veteran with a service-connected disability rated less than 20 percent would be compensated at the rate of 5 percent. 38

U.S.C. § 5313(a), *see also* 38 C.F.R. § 3.665(d).  These provisions apply "with respect to any period of incarceration on or after October 1, 1980, . . . and with respect to whom the action granting an award of compensation . . . is taken on or after such date."  38 U.S.C. § 5313(d), *see also* 38 C.F.R. § 3.665©.

Plaintiff's benefits were actually awarded on June 5, 1981, after a successful appeal to the VA, though they were made retroactive to July 1979.  It is the date of the actual award that is controlling.  The statutory language which controls the applicability of withholding provisions, "the action granting an award of compensation . . . is taken on or after [October 1, 1980]," 38 U.S.C. § 5313(d), specifically refers to the date the award was granted.  *See also*, 126 Cong. Rec. H9072 (daily ed. Sept. 18, 1980) (statement of Rep. Montgomery) ("[The proposed legislation] would affect those individuals . . .who were in prison on the date of enactment and who only later begin to receive payment, regardless of when the felony was committed.  It is felt that the limitation should reach those persons who are already in prison but who have not yet had an economic reliance on the benefits.").  Because Plaintiff's benefits award was actually granted in 1981, after the October 1, 1980 effective date of the legislation, the VA properly applied 38 U.S.C. § 5313 to him and withheld a portion of his benefits due to his incarceration.

Plaintiff has received a decision reducing his disability evaluation for his service connected disability from 30 percent to 10 percent,  in 1983.  Plaintiff appealed this decision to the Board of Veterans Appeals (Board), which denied the appeal in 1984.  At that time, the Board was the highest adjudicative body with power to render decisions in veterans' benefits claims.  In 1987, the Regional Office determined that 38 C.F.R. § 3.665 required a withholding of one-half of Mr. Johnson's benefits on account of his incarceration, and notified him of its

determination to do so.  *See* MTD Exhibit 13.  Plaintiff did not pursue an administrative appeal

from that decision, and now seeks to reinstate a 30 percent disability evaluation. Complaint ¶ 23.

As shown above, although Mr. Johnson had a 30 percent disability evaluation until 1983, in that

year VA reduced his evaluation to 10 percent on account of improvement in the state of his

disability.  *See* MTD, Exhibit 8.  Plaintiff does not mention this fact in his Complaint, nor has

Plaintiff submitted evidence that would demonstrate he has an indisputable right to enjoy the

restoration of a 30 percent award.

      Further, Plaintiff has not exhausted all his administrative remedies with respect to these

decisions because he has not attempted to attack either the 1984 Board decision affirming the

reduction of his disability rating, or the 1987 RO decision withholding his benefits on account of

incarceration under the regulation, as the product of clear and unmistakable error (CUE).  CUE is

a method of collaterally attacking final VA decisions, either of the Board or of the RO, when

direct administrative appeal is no longer available.  See 38 U.S.C. §§ 5109A (RO decisions),

7111 (Board decisions).  An outcome-determinative failure to apply the law as it was at the time

the decision was rendered, which is what Plaintiff essentially appears to be alleging transpired in

this case respecting the RO's putative failure to correctly apply its regulation, section 3.665,

would be an example, if demonstrated, of CUE.  *See, e.g., Cook v. Principi*. 318 F.3d 1334, 1343

(Fed. Cir. 2002) (failure to apply the law as it existed at the time of decision correctly is an

example of CUE).  Successful prosecution of a CUE claim would entitle the victor to retroactive

benefits as though the erroneous decision had not been rendered.  38 U.S.C. §§ 5109A(b),

7111(b); 38 C.F.R. § 3.105(a).  Alternatively, should a request to revise either VA decision on

the ground of CUE be unsuccessful, Plaintiff would have the right to seek review of the denial in

the next forum in the multi-tiered system of review established by Congress.  A denial of a

motion to revise an RO decision on account of CUE may be reviewed by the Board, and

subsequently, the CAVC and the Federal Circuit.  A denial by the Board of a motion to revise a

prior, final Board decision may be reviewed by the CAVC and the Federal Circuit.

Plaintiff has instead attempted to seek judicial review in the district court.  Because

Plaintiff has not resorted to the potential avenue of reopening of VA's decisions that is CUE, he

has not exhausted his administrative remedies.

Plaintiff's suggestion that  38 U.S.C. § 5313 violates the provisions of the United States

Constitution as an *ex post facto* law are without merit.  For a measure to be an *ex post facto* law,

it must impose punishment for past acts that were not so punishable at the time they were

performed.  *See Flemming v. Nestor*, 363 U.S. 603, 617-21 (1960).  The Supreme Court has

stated that the grant of compensation allowances creates no vested right and that they may be

"redistributed or withdrawn at any time in the discretion of Congress."  *Lynch v. United States,*

292 U.S. 571, 576 (1934).  The Court further stated that the suspension of a non-contractual

benefit cannot be considered a punishment.  *Id.*  Because withdrawing VA benefits does not

constitute punishment, 38 U.S.C. § 5313 is not an *ex post facto* law.  *See Latham v. Brown*, 4

Vet.App. 265, 268, *aff'd*, 11 F.3d 1070 (Fed. Cir. 1993) (table).

Lastly, Plaintiff's allegation that Defendants have conspired against him, under 18 U.S.C.

§ 241, to violate his "fundamental First Amendment right to Sue" at "no charge" and his

entitlement to have his fees waived are equally without merit.  Supp. Compl. ¶16.  Plaintiff

simply fails to state a claim under this statute, because criminal statutes do not provide Plaintiff

with a private right of action.  *Christian Populist Party v. Secretary of State*, 650 F. Supp. 1205,

18

1214 (E.D. Ark. 1987); *United States v. Arnold*, 403 F. Supp. 172, 173-74, n.1 (E.D. Pa. 1975).

Plaintiff's constitutional right of access to the courts *in forma pauperis* only extends to non-frivolous legal claims if Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not demonstrated how he believes Defendants have attempted to threaten or intimidate him, or otherwise deprived Plaintiff of any constitutional right. Merely putting the Court on notice of Plaintiff's history of filing repetitive complaints that were dismissed by courts as legally frivolous does not rise to the level of a conspiracy to threaten or intimidate Plaintiff or deprive Plaintiff of a constitutional right.

# CONCLUSION

For the foregoing reasons, the court should dismiss Plaintiff's Supplemental Complaint and deny Plaintiff's Motions for Depositions and Discovery. In the alternative, we request the Court to grant summary judgment in favor of the Defendants.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

Of Counsel:

Joshua Blume, Esq.
United States Department of Veteran's Affairs
Washington, D.C.

Beth Kramer, Esq.
FMS Office of Chief Counsel
United States Department of Treasury
Washington, D.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) Civil Action No. 07-0818 (RBW) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERAN'S AFFAIRS *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Dismiss Supplemental

Complaint and Opposition to Plaintiff's Request for Discovery, Supporting Memorandum,

Statement of Material Facts, and Proposed Order to be served upon *pro se* Plaintiff by depositing

a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107

on this 12th day of July, 2007.                    Respectfully Submitted,

                                         ____/s Sherease Louis_____
                                         SHEREASE LOUIS
                                         Special Assistant United States Attorney
                                         United States Attorney's Office
                                         Civil Division
                                         555 4th Street, N.W.,
                                         Washington, D.C. 20530
                                         (202) 307-0895

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **R. WAYNE JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )   **Civil Action No. 07-0818 (RBW)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **VETERAN'S AFFAIRS** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of July, 2007, hereby

**ORDERED** that Defendants' Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed as frivolous and for failure to state a claim.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Sherease Louis
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

R. WAYNE JOHNSON # 282756
9601 Spur
591 Clements Unit
Amarillo, TX 79107

Case 1:07-cv-00818-RBW    Document 12-3    Filed 07/12/2007    Page 1 of 3

6

memdismpr.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 4 1995

Michael N. Milby, Clerk of Court

R. WAYNE JOHNSON,              *

     Plaintiff,          *

v.                             *   CIVIL ACTION NO. H-95-64

JAMES A. COLLINS,             *

     Defendant.         *

### MEMORANDUM ON DISMISSAL

This pro se plaintiff filed his civil rights complaint under 42 U.S.C. § 1983 and applied for pauper status under 28 U.S.C. § 1915. His application was granted and he was ordered to file a more definite statement of facts. Plaintiff Johnson essentially refused to answer the questions posed in the order, and the court has therefore evaluated his claims based only on his original complaint.

Johnson claims his right of access to court was violated during his stay at the Jester Four Unit of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), where Johnson is an inmate. He was sent to Jester Four in March, and remained until September, of 1994. Jester Four is a psychiatric unit, where Johnson was admitted under crisis management because he was suicidal. He was allowed to obtain five books daily from the Jester Three Unit, but contends he was unable to conduct

sufficiently thorough research and was unable to help other inmates with their lawsuits. Because of the inadequate law library, he voluntarily left Jester Four, abandoned his psychiatric treatment, and returned to the Retrieve Unit where the library is adequate.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. Martin v. Thomas, 973 F.2d 449, 452 (5th Cir. 1992).

A prison inmate's right of access to court is protected by the Constitution and requires the prison to provide inmates with access either to an adequate law library or to adequate legal assistance by trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977). To support a claim of denied access to court under 42 U.S.C. § 1983, a prisoner must show that his position in a legal action was prejudiced. Henthorn v. Swinson, 955 F.2d 351 (5th Cir.), cert. denied, __ U.S. __, 112 S.Ct. 2974 (1992). In addition, the prisoner must show intention on the defendant's part by, for example, withholding mail destined for the courts. See Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989). There is, however, no right for a lay inmate to represent others in legal actions.

Johnson was provided an opportunity to make this showing, but declined. His complaint does not contain the requisite support for his claim and the court finds the complaint lacks arguable basis in

law and fact, and lacks any realistic chance of ultimate success.
<u>Moore v. Mabus</u>, 976 F.2d 268 (5th Cir. 1992); <u>Booker v. Koonce</u>, 2
F.3d 114 (5th Cir. 1993).   Therefore his complaint will be
dismissed with prejudice because it is frivolous under 28 U.S.C. §
1915(d).

Signed on _____, 1995 in Houston, Texas.

LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
SIGNED
MAY 23 1995
JUDGE LYNN N. HUGHES
HOUSTON, TEXAS

3

odismpr.

IN THE UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
ENTERED

MAY 2 4 1995

Michael N. Milby, Clerk of Court

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. H-95-64 |
| JAMES A. COLLINS, | * | |
| Defendant. | * | |

## DISMISSAL ORDER

This civil action is dismissed with prejudice.

Signed on _____, 1995 in Houston, Texas.

U.S. DISTRICT COURT
SIGNED
MAY 23 1995
JUDGE LYNN N. HUGHES
HOUSTON, TEXAS

LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

#7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AUG 2 9 1995

Michael N. Milby, Clerk

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. H-95-68 |
| CAROL S. VANCE, | * | |
| Defendant. | * | |

## FINAL JUDGMENT

For the reasons stated in this court's Order of Dismissal, this civil action is DISMISSED without prejudice.

This is a FINAL JUDGMENT.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas on _AUGUST 27_____, 1995.


_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 2 0 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| **R. WAYNE JOHNSON** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-03-13** |
| | § | |
| | § | *6* |
| **MICHAEL MCCAUL, ET AL.** | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff has been granted leave to proceed *in forma pauperis*, though his action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott,156 F.3d 578, 579 (5th Cir. 1998). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33, 122 S. Ct. 1728, 1733 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed as malicious or for failure to state a claim.

## I. JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

At the time he filed his *pro se* complaint, plaintiff was incarcerated at the McConnell Unit. Plaintiff sues Assistant Attorney General Michael McCaul; McConnell Unit Regional Director Martha Wear; Norma Perez and Teresa J. Cavarrio, McConnell Unit commissary employees; Frank Hoxe, a Texas Department of Criminal Justice employee in Huntsville; and Robert L. Schmidt, a TDCJ employee in Beeville. Plaintiff's complaint concerns the following topics: (1) his ability to purchase stamps while on lockdown; (2) a rule prohibiting talking to commissary workers who are inmates; and (3) denial of access to the courts.

### A. Purchasing stamps while on lockdown

Plaintiff alleges that on August 1, 2001, he wrote to Assistant Attorney General McCaul regarding a rule limiting the purchase of stamps to thirty every two weeks and during a lockdown, and a limit of $10 for stamps and hygiene items. Plaintiff claimed that the rule violated the First Amendment by blocking the free flow of mail and free speech, and he claimed that the rule was inconsistent with another mail rule allowing prisoners to write as many people as they choose.

### B. No talking rule

Plaintiff alleges that Norma Perez and Teresa J. Cavarrio, McConnell Unit commissary employees, posted signs prohibiting talking to a prisoner working at the commissary. Plaintiff complained to Assistant Attorney General McCaul that the signs violated the First Amendment, and the signs were removed.

### C.    Denial of access to the courts

Plaintiff's remaining claims are appropriately categorized under denial of access to the courts. Plaintiff's first claim concerns the timing of the return of a grievance. Plaintiff filed a Step 2 appeal

that was denied by Regional Director Wear on May 28, 2002. Approximately one month later, on June 25, 2002, plaintiff wrote Wear that he had just received her decision and that he would sue for denial of access to the courts because TEX. CIV. PRAC. & REM. CODE § 14.005(b) required him to filed his suit thirty-one days after the grievance was signed. Plaintiff alleges that in the four remaining days, he was not able to file a lawsuit regarding free speech violations.

Second, plaintiff alleges that Defendants Hoxe and Schmidt enforced a policy to prevent him from reading advance sheets and shepardizing cases in violation of his First Amendment right to "receive ideas." Third, plaintiff claims that his grievances have been repeatedly lost, including a grievance handled by Defendant Hoxe. Finally, plaintiff claims that Officer Schmidt delivers his indigent supplies once per week instead of three times. Plaintiff claims his First Amendment rights are violated because he runs out of envelopes every week to communicate with the courts, lawyers, and his family.

## III. DISCUSSION

### A.    Malicious claims

The Fifth Circuit has held that it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). A pauper plaintiff is entitled to "one bite at the litigation apple – but not more." Id. A dismissal as malicious should be made without prejudice to prosecution of the duplicative pending suit. Id.

Two of plaintiff's claims are duplicative of pending litigation: (1) his claim regarding his ability to purchase stamps and (2) the "no talking" rule in the commissary line. Plaintiff presented both of these claims in a lawsuit that is pending. See Johnson v. Cockrell, No. 2:02-cv-409 (S.D.

3

Tex). Accordingly, it is respectfully recommended that these claims be dismissed as malicious, without prejudice to plaintiff's prosecution of them in the previously-filed lawsuit.

### B.    Failure to state a claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). The Court may dismiss for failure to state a claim when it is clear that the inmate can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The Court must construe the complaint in favor of the prisoner and assume the truth of all pleaded facts. Id.

Plaintiff's remaining claims concern denial of access to the courts. Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360, 116 S.Ct. 2174 (1996) (citing Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351, 116 S.Ct. at 2182). To show a denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury". Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54, 116 S.Ct. at 2180-82 (1996)).

First, plaintiff alleges that he could not timely file a lawsuit alleging free speech violations because he received a Step 2 decision approximately one month after the decision was made. Plaintiff relies on TEX. CIV. PRAC. & REM. CODE § 14.005(b), which he contends required him to filed his suit thirty-one days after the grievance was signed. The premise of plaintiff's contention

4

is flawed. Section 14.005(b) expressly states that the inmate must file the claim "before the 31st day after the date the inmate *receives* the written decision from the grievance system." Thus, regardless when the Step 2 denial was signed, plaintiff had thirty-one days after receiving the decision, not after the decision was signed. Moreover, this provision of state law would not affect his ability to file a federal claim within the applicable statute of limitations. Plaintiff's own error in interpreting the law does not demonstrate "actual injury."

Second, plaintiff contends that a policy prevents him from reading advance sheets and shepardizing cases in violation of his First Amendment right to "receive ideas." Plaintiff cites no authority for the notion that he has a First Amendment right to read advance sheets or shepardize cases. More important, plaintiff has not identified any actual injury suffered from this alleged limited access to legal material. He thus fails to state a claim of denial of access to courts.

Third, plaintiff claims that his grievances have been repeatedly lost. There is no constitutional right of access to an institutional grievance procedure. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 510 U.S. 1022 (1995). Plaintiff, of course, is free to argue that the exhaustion requirement may be excused by the mishandling of his grievances. Remedies are deemed exhausted if a prisoner has filed a valid grievance and the state's time for responding has expired. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998), cert. denied, 526 U.S. 1133, 119 S.Ct. 1809 (1999). Plaintiff's claim that his grievances have been lost, standing alone, fails to rise to constitutional significance.

Finally, plaintiff claims that his First Amendment rights were violated because indigent supplies are delivered once per week, and he runs out of envelopes to communicate with the courts,

5

lawyers, and his family. The Constitution requires that indigent inmates be provided with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." Bounds v. Smith, 430 U.S. 817, 824-25, 97 S. Ct. 1491 (1977). This right is in connection with the right of access to the courts. Plaintiff has not alleged an "actual injury" to any nonfrivolous habeas or civil rights action as a result of a limited number of envelopes. Accordingly, he fails to state a claim for denial of access to the courts. Nor does he state a claim under the First Amendment where he is provided with indigent supplies once a week.

## IV.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's action be dismissed pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c). Plaintiff's claims regarding purchasing of stamps and the "no talking" rule in the commissary line are malicious, which requires dismissal without prejudice to the prosecution of the claims in his pending federal action, C.A. 2-02-cv-409. Plaintiff's claims regarding denial of access to the courts and violation of First Amendment rights fail to state a claim and warrant dismissal with prejudice.

Respectfully submitted this _19_ day of March, 2003.

JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).

United States District Court
Southern District of Texas
ENTERED

APR 1 7 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

R. WAYNE JOHNSON          §
                          §
V.                        §     C.A. NO. C-03-013
                          §
MICHAEL McCAUL, ET AL     §

### FINAL JUDGMENT

Pursuant to the Court's Order Adopting Memorandum and Recommendation to Dismiss, the Court enters final judgment as follows:

1) dismissing Plaintiff's action pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c);

2) dismissing Plaintiff's claims regarding purchasing of stamps and the "no talking" rule in the commissary line without prejudice to the prosecution of the claims in his pending federal action, C.A. 2-02-409; and

3) dismissing Plaintiff's claims regarding denial of access to the courts and violation of First Amendment rights for failure to state a claim.

ORDERED this _15th_ day of April, 2003.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

FILED
AUSTIN DIVISION
2002 OC 11  AM 9: 48
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

R. WAYNE JOHNSON #282756,
               **Plaintiff,**

-vs-                                    Case No.  A-02-CA-656-SS

MATTHEW TEPPER,
               **Defendant.**

---

## O R D E R

BE IT REMEMBERED on the _10th_ day of October 2002 the Court reviewed the file in the

above-styled cause. Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 is easily summarized

as follows:

> R. Wayne Johnson is the name for me.  R. Wayne Johnson is who I'll be.
> I do not like to be called my name.  Ronald Wayne Johnson is not the same.
> I would not could not like it in jail.  I would not could not like it on mail.
> So, tell Mr. Tepper to address me so.  Tell Mr. Tepper no, no, no.

The Court's order can just as easily be summarized as follows:

> Yes, prisoners retain their First Amendment rights,
> for the Court knows prisoners file their lawsuits night after night.
> But addressing a letter to Plaintiff's given name
> is not a constitutional violation in any sort of game.

4

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

SIGNED this the __10__ day of October 2002.

_____
UNITED STATES DISTRICT JUDGE



# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 02-51232
Summary Calendar

D.C. Docket No. A-02-CV-656

**U.S. COURT OF APPEALS**

# FILED

MAR 3 1 2003

CHARLES R. FULBRUGE III
CLERK

R WAYNE JOHNSON

    Plaintiff - Appellant

**FILED**

APR 2 4 2003

CLERK, U.S. DISTRICT COURT,
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

   v.

MATTHEW TEPPER

    Defendant - Appellee


Appeal from the United States District Court for the
Western District of Texas, Austin.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed as frivolous.


ISSUED AS MANDATE: **APR 2 2** 2003

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana    APR 2 2 2003

11

United States Court of Appeals
Fifth Circuit

# F I L E D

**March 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-51232

Summary Calendar

---

R. WAYNE JOHNSON,

Plaintiff-Appellant,

versus

MATTHEW TEPPER,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
(02-CV-656)

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

R. Wayne Johnson, Texas prisoner # 282756, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. In his complaint, Johnson alleged that the defendant violated his constitutional rights by using his full first name when addressing correspondence to him.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal Johnson argues that the district court erred in dismissing his complaint as frivolous because he has a First Amendment right to be identified as "R. Wayne Johnson." Johnson has not shown that the district court abused its discretion when it dismissed his complaint as frivolous.[1]

Johnson's appeal is without merit and is frivolous.[2] Accordingly, his appeal is DISMISSED as frivolous.[3]

Johnson is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g).[4] Johnson is further cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.[5]

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.

---

[1] *See Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998).

[2] *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[3] *See* 5TH CIR. R. 42.2.

[4] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[5] *See* 28 U.S.C. § 1915(g).

2

Cause No.- 46980

R.Wayne Johnson            X      In the District Court
        Plaintiff          X
                           X
                           X
Vs                         X      Harris County, Texas
                           X
                           X
Department of Veterans     X
Affairs                    X      61 Judicial District
                           X

Plaintiff's Original Petition

To The Honorable Judge of Said Court:

Comes Now R. Wayne Johnson, and files this pro-se Original Petition complaining of Dept of Veterans Affairs, and for his cause of action he would show unto the court the following:

1. Plaintiff is a prisoner in the Texas Dept of Criminal Justice, McConnell Unit, 3001 S. Emily Drive, Beeville, Texas 78102.

2. Dept of Veterans Affairs is a governmental agency. Service of process may be obtained by serving DVA's attorney, Sandra A. Cawley, 6900 Almeda Road, Houston, Texas 77030.

-1-

## Jurisdiction

3. Jurisdiction of this court is invoked under the American With Disabilities Act, 42 USC 12132. In McCauley, 38 Fed. Cl at 266 the court held: "the state courts and US District Courts have exclusive jurisdiction to entertain claims under the American With Disabilities Act (ADA). In addition, it violates the Equal Protection Clause of the 14th Amendment to discriminate against the disabled. Thompson v Davis, 282 F 3d at 786.

## Nature of Suit

4. The defendant is sued in its official capacity for prospective injunctive relief only.

## Factual Allegations

5. Plaintiff is a service-connected disabled veteran. He served in the United States Marine Corps from 4 Aug 1968 to 4 Aug 1971. He has a honorable discharge.

6. On Oct 27, 1977 plaintiff committed the crime for which he is now incarcerated. In 1978 he obtained his military service medical records.

He found that his feet were disabled while serving in active duty. He filed his claim with the defendant in Houston. He took an appeal to the Board of Veterans Appeals and was rated at 30% disability, which was later reduced to 10%.

7. The defendant now withholds half of the 10% check on a monthly basis. Defendant says that 38 Code Federal Regulation Sect 3.665 authorizes them to withhold the funds. Plaintiff registers his disagreement.

8. In 1990 Congress enacted the American With Disabilities Act (ADA), which prohibits discrimination by a public entity on the basis of ones disability.

9. Plaintiff is being denied the "benefits, services, programs, activities" of the agency because of his disability. This contravenes the ADA.

10. In this connection, the defendant - after 1990 - cannot hold half of the check on a monthly basis in that after 1990, their practice discriminates

— 3 —

against the plaintiff on the basis of his disability and such violates the ADA, and equal protection clause. Ever since 1990 defendant has illegally withheld half of plaintiff's check, which violates the ADA. See Thompson v Davis, 282 F. 3rd 780.

Applicable Law

11. Under Section 35,104 Code of Federal Regulation 38 "physical impairment" constitutes a disability. 42 USC 12102 limits one or more of major life activities because of a disability. 29 C.F.R. Sec 1630.2(i) defines major life activity: walking, seeing, hearing, etc. Plaintiff has a prison medical restriction of "no walking over 50 yards", because of his feet disability.

Relief

Wherefore, plaintiff prays for the following relief:

1. That citation issue so the defendant may answer and appear herein;

— 4 —

2. That the court issue an injunctive order to defendant ordering them to reimburse the plaintiff for all the money they have held since 1990 on a monthly basis;

3. That the court order defendant to pay pre and post-judgment interest at the legal rate allowed by law;

4. That plaintiff recover his paralegal fees at the rate of $95 per hour under Sulkowska, 170 F. Supp. 2d 359;

5. That all costs of court and suit be taxed against defendant;

6. That the court grant such other and further relief to which entitlement is shown under the pleadings or any proper amendment hereto;

Respectfully Submitted;

R.Wayne Johnson

R.WAYNE JOHNSON    282756
3001 S. Emily Drive
Beeville, Texas, 78102

-5-

State of Texas

County of Bee

## Verification

I R. Wayne Johnson, do hereby state under the penalties of perjury that the foregoing facts are true and correct and based on my personal knowledge pursuant to Section 132.003 Civil Practice & Remedies Code and 28 USC 1746;

DATED: Sept 4, 2002

/s R Wayne Johnson

— 6 —

United States Courts
Southern District of Texas
FILED

OCT 2 8 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R. WAYNE JOHNSON, | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| DEPARTMENT OF VETERANS | § |
| AFFAIRS, | § |
| Defendant. | § |

CIVIL ACTION H-02-3993

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL
## PETITION FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, by the United States Attorney for the Southern District of Texas, files this motion

to dismiss Plaintiff's Original Petition for lack of subject matter jurisdiction under Fed.R.Civ.P.

12(b)(1) stating in support the following:

### 1. Status of the Case

Plaintiff filed his Original Petition In The District Court of Harris County, Texas, 61st Judicial

District on September 9, 2002. The Original Petition was served on an employee of the Department

of Veterans Affairs ("VA") on September 26, 2002. Defendant filed a removal from state court to

the United States District Court on October 21, 2002. Defendant's answer is due October 28, 2002,

Fed.R.Civ.P. 81(c). Defendant herewith files this motion to dismiss original petition for lack of

subject matter jurisdiction in lieu of an answer pursuant to Fed.R.Civ.P. 12(b).

### 2. Plaintiff's Allegations

Plaintiff, a military veteran and a current prisoner in the Texas Department of Criminal

Justice in Beeville, Texas, has sued the VA claiming violations of the American With Disabilities

Act ("ADA") and Equal Protection Clause of the 14th Amendment (Original Petition, page 2).

1

Plaintiff alleges he has a 10% disability rating.[1] He complains the VA is withholding one half of his disability check   under 38 C.F.R. § 3.665 (Original Petition, page 3) while being incarcerated. Plaintiff alleges he is denied these benefits because of his disability (Original Petition, page 3).   No other authority other than the ADA and the Equal Protection Clause is cited as the jurisdictional basis for this suit.

### 3. Statement of the Issue

Whether the district court has subject matter jurisdiction over Plaintiff's claim as alleged in the Original Petition regarding the determination of his claim for disability benefits.

### 4. Standard of Review
### Subject Matter Jurisdiction Under Fed.R.Civ.P. 12(b)(1)

Rule 12(b)(1), Fed.R.Civ.P., permits dismissal of an action when the court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Fleischer v. United States Dept. of Veterans Affairs*, 955 F. Supp. 731, 733-34 (S.D.Tex. 1997). A motion under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Association of Miss., et al. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate it. *Home Builders, etc.*, 143 F.3d at

---

[1]    "[H]is feet were disabled while serving in active duty" (Original Petition, pg. 3).

2

1009; *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction. *St. Paul Reinsurance Company, LTD v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Rodriguez v. Texas Commission on the Arts*, 992 F. Supp. 876, 879 (N.D.Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). The question of subject matter jurisdiction is an issue for the court to decide. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### 5. United States' Position

Plaintiff's complains about disbursement of his veterans' benefits. Plaintiff's relief is in the United States Court of Appeals for Veterans Claims ("CAVC") with subsequent appeal to the United States Court of Appeals for the Federal Circuit.

Defendant has filed the same case in the United States Court of Federal Claims in Washington, D.C. See Plaintiff's Original Complaint, attached as Exhibit One.

### 6. Argument

## A.   The Doctrine of Sovereign Immunity Precludes Judicial Review of the VA's Actions in this Case

The United States cannot be sued without its consent. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941); *Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir. 1997). Sovereign immunity protects the United States from liability and deprives a court of subject-matter jurisdiction over claims against the United States. Any governmental waiver of sovereign immunity must be unequivocal, and such waivers are strictly construed. *E.g., United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980); *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503 (1969); *In re Russell,* 155

3

F.3d 1012, 1013 (8th Cir. 1998). The United States has not waived its sovereign immunity regarding review of VA decisions or procedures except that review may be obtained in the CAVC,[2] the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. *Russell*, 155 F.3d at 1012-13.

Sovereign immunity cannot be avoided by suing individual federal departments, such as the VA. *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412 (1952)(federal agencies are not subject to suit eo nominee unless so authorized by Congress in explicit language). Further, "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling." *Stafford v. Briggs*, 444 U.S. 527, 542 n.10, 100 S.Ct. 774, 784 n. 10 (1980). Plaintiff cites no waiver of sovereign immunity applicable to this action. The suit has been filed against the sovereign without consent and must be dismissed.

**B.    The United States District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Regarding his Benefits Determination.**

Plaintiff's claims against the VA seek District Court review of the VA's determination in an individual benefit claim matter. District Court review of VA benefit determinations is precluded by 38 U.S.C. § 511 and its predecessors. [3]

---

[2]    The Court formerly known as the United States Court of Veterans Appeals has been redesignated the United States Court of Appeals for Veterans Claims, effective March 1, 1999. Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342. *See National Organization of Veterans' Advocates v. Secretary of Veterans Affairs*, 260 F.3d 1365, 1370 n.5 (Fed.Cir. 2001). As appropriate in the discussion contained in this motion to dismiss, reference has been made to the U.S. Court of Appeals for Veterans Claims (CAVC) in place of the U.S. Court of Veterans Appeals (CVA).

[3]    Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).

4

Section 511(a), as amended by the Veteran Judicial Review Act (VJRA) and the Department

of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides

in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact
> necessary to a decision by the Secretary under a law that affects the provision of
> benefits by the Secretary to veterans or the dependents or survivors of veterans.
> Subject to subsection (b), [[4]] the decision of the Secretary as to any such question
> shall be final and conclusive and may not be reviewed by any other official or by any
> court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (insertion and footnote reference not in original).

The VJRA, enacted on November 18, 1988, provided a limited waiver of sovereign immunity

for lawsuits seeking review of VA benefit decisions. As plaintiff filed a disability claim in 1979, see

attached Exhibit Two, the Act applies to the issues raised herein. *See Hicks v. Veterans

Administration*, 961 F.2d 1367, 1369 (8th Cir. 1992). Subject to certain stated limitations, the VJRA

vests exclusive jurisdiction in the CAVC to review such decisions. See 38 U.S.C. ch. 72. Pursuant

to 38 U.S.C. § 511(a), the Secretary of VA is responsible for deciding all questions concerning the

provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's

decision concerning benefits lies with the Board of Veterans' Appeals, which is the division within

the VA responsible for deciding appeals from decisions on claims for veterans' benefits.

38 U.S.C. §§ 7104(a), 7105; 38 C.F.R. § 20.101(a). The Board of Veterans' Appeals' decision may

be appealed by the claimant to the CAVC, pursuant to 38 U.S.C. § 7252(a), and then, under certain

---

[4]     The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges
to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975
and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and
review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims
under 38 U.S.C. ch. 72. None of these exceptions apply in this case.

5

circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C.

§§ 7252(c), 7292. See procedural discussion in *Russell*, 155 F.3d at 1012; *Beamon*, 125 F.3d at 967;

and *Zuspann v. Brown*, 60 F.3d 1156, 1158-59 (5th Cir. 1995).

In *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992), the Second Circuit

discussed the effect of the VJRA in providing judicial review of veterans' benefit decisions in the

CAVC (formerly Court of Veterans Appeals) and, on appeal, in the United States Court of Appeals

for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial review

in other courts.   The Second Circuit stated in *Larrabee* that –

> By providing judicial review in the Federal Circuit, Congress
> intended to obviate the Supreme Court's reluctance to construe the
> statute as barring judicial review of substantial statutory and
> constitutional claims, ...,    while maintaining uniformity by
> establishing an exclusive mechanism for appellate review of
> decisions of the Secretary.

*Id.* (citations omitted).   The court concluded that, "[a]lthough district courts continue to have'

jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional

and statutory claims must be pursued within the appellate mill Congress established in the VJRA."

*Id.* (citation omitted). *See also Telecommunications Research & Action Center v. FCC*, 750 F.2d

70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original

jurisdiction in other courts in all cases covered by that statute (citations omitted)"). Where a

plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising

out of the adjudication of a benefit matter, such claims may be pursued through the statutory scheme

established by Congress as discussed above, not in the federal district courts. *See Zuspann*, 60 F.3d

6

at 1158-60; *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir. 1994); *Beamon,* 125 F.3d at 972-74.[5]

In the instant case, plaintiff contends his reduction in his VA disability benefit, while incarcerated in the Texas Department of Criminal Justice, was done by the VA to discriminate against him because of his disability. Plaintiff has not stated a claim under ADA or the Equal Protection Clause. In a case similar this case, the Fifth Circuit in *Zuspann v. Brown,* 60 F.3d 1156 (5th Cir. 1995), recognized, following the enactment of the VJRA, that federal courts have refused to entertain constitutional claims based on the VA's actions with respect to particular benefit claims. In *Zuspann*, the Fifth Circuit upheld dismissal of a veteran's claim that he had been denied adequate medical care in violation of the Rehabilitation Act and the Fifth Amendment to the Constitution. The court determined that "[t]he VJRA ... created an exclusive review procedure by which veterans may resolve their disagreements with the [VA]," 60 F.3d at 1158, and concluded that, because the veteran was challenging the VA's decision to deny him benefits, his recourse lay in that procedure, rather than in the district court. *Id.* at 1159-60. Similarly, in *Hicks v. Veterans Admin.*, 961 F.2d at 1369-70, the Eighth Circuit held that a claim that benefits were reduced in violation of plaintiff's constitutional rights was encompassed by 38 U.S.C. § 511 and was not subject to review other than as provided in 38 U.S.C. ch. 72. The court noted that § 511 applied to *all* questions of law and fact necessary to a decision by the Secretary, including questions based on the Constitution.

---

[5]*But see Hall v. U.S. Department of Veterans Affairs*, 85 F.3d 532, 534-35 (11th Cir. 1996), wherein the Eleventh Circuit observed that "[i]n the wake of the VJRA, the vitality of the [*Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160 (1974)], holding with respect to the jurisdiction of the district courts to entertain facial constitutional attacks on veterans' benefits *legislation* (as opposed to the implementing rules and regulations) is debatable."

7

## 7. Conclusion

Wherefore, for the reasons stated above, plaintiff's complaint and action should be dismissed for lack of subject matter jurisdiction. Judicial review in this court of the VA's benefit determination is precluded by the doctrine of sovereign immunity. Pursuant to 38 U.S.C. § 511, the District Court lacks subject matter jurisdiction to review the challenged benefits determination. No independent basis for jurisdiction exists under ADA or the Equal Protection Clause. Defendant requests that this Court grant this motion to dismiss the original complaint for lack of subject matter jurisdiction and further, afford defendant all other relief to which defendant is entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

Nancy Cross
Assistant U. S. Attorney
TBN: 03448300
P. O. Box 61129
910 Travis, Suite 1500
Houston, Texas 77208-1129
(713) 567-9503
(713) 718-3303 (fax)
Attorney-In-Charge for Defendant

8


GOVERNMENT
EXHIBIT
One

UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

R WAYNE JOHNSON                    )
 Plaintiff                        )
                                  )        CAUSE NO: __02-735C__
VS.                               )
                                  )
DEPARTMENT OF VETERANS            )
AFFAIRS                           )
 Defendant                        )

### PLAINTIFFS ORIGINAL COMPLAINT

**FILED** JUN 26 2002

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW R WAYNE JOHNSON, Plaintiff and files this pro-se
Original Complaint complaining of defendant Department of Veteran
Affairs and for his cause of action he would show unto the Court
the following;

### PARTIES

1.  Plaintiff is a prisoner in The Texas Depart. of Criminal Justice
Mcconnell Unit 3001 S. Emily Drive Beeville, Texas 78102. He is a
service-connected disabled veteran.

2.  Defendant Department of Veteran Affairs is a United States
agency and may be served with process at _810 VERMONT AVE._
_NW, WASHINGTON, D.C 20420_ .

### JURISDICTION

3.  Jurisdiction of this Court is invoked under the **American With
Disabilities Act, 42 USC 12102(2), 42 USC 12132** as the defendant
is a public entity that is currently discriminating against the
Plaintiff because of his disability.

### NATURE OF SUIT

4.  The defendant is sued for prospective injunctive relief only in
its official capacity. The Eleventh Amendment and qualified immunity
do not apply. TTLA V. Pueblo, 181 F. 3rd 676; Firkumaru v. Harley,

-1-

242 F. 3rd 950; Ex parte Young, 28 S. Ct. 441.

## FACTUAL ALLEGATIONS

5.  Plaintiff is a service-connected disabled veteran. He served in the United States Marine Corps from 4 August 1968 to 4 August 1971. He has a honorable discharge.

6.  In October 27, 1977 the plaintiff committed the crime for which he is now incarcerated. In 1978 he obtained his military medical records from the service. He found that his feet were disabled while serving in active duty. He filed his claim with the (then) Veterans Administration in Houston. He took an appeal to the Board of Veterans Appeals and was rated at 30% disability, which was later reduced to 10%.

7.  The defendant now withholds half of the 10% check on a monthly basis. Therefore, this cause of action falls under the continuing tort theory of law. The Defendant says that Code of Federal Regulation Section 3.665 Part! I ( attached) authorizes them to withhold the funds. Plaintiff registers his disagreement.

8.  In 1990 Congress also enacted the **American With Disabilities Act** and that law prohibits discrimination by a public entity on the basis of one's disability. The plaintiff is being denied the " **servies, programs, activities, benefits,**" of the agency because of his disability. That contravenes the American With Disabilities Act **(ADA)**.

9.  In this connection, Section 3.665 Part I (c) Applicability" applies to a person serving a period of incarceration for a felony committed AFTER October 7, 1980. Plaintiff committed his felony on October 27, 1977. This provision does not apply to him.

10.  In addition, (2) states that a person who is serving a period of incarceration after Sept 30, 1980 ( regardless of when the crime was committed) when the following conditions are met:

   (i) The person was incarcerated on October 1, 1980;

   (ii) An award of compensation is approved AFTER Sept 30, 1980.

-2-

The plaintiff's was approved by the board of veterans appeals in 1979; thus the above section (ii) does not apply to him. That is an ex post facto law in which the defendant apply to this plaintiff and cannot be done.

11. Nevertheless, the defendant--after 1990-- cannot hold half the check on a monthly basis in that after 1990, their practice discriminates against the plaintiff on the basis of his disability and such violates the **American With Disabilities Act (ADA)**. That is to say, Section 3.665 NOW conflicts with the ADA and discriminates against the plaintiff. He is denied the " services, activities, programs and benefits" by the public entity on the basis of his disability  and that constitutes disability discrimination in violation of the ADA. Defendant ever since 1990 when the ADA was enacted has illegally withheld half of the plaintiff's check. This is in terrible violation of the ADA. It constitutes disability discrimination in violaiton of the ADA. **See Thompson v. Davis, 282 F. 3rd 780.**

## APPLICABLE LAW

12. Under Section 35.104 of Code of Federal Regulation 28, "physical impairment" constitutes a disability.

13. 42 USC 12102(2) limits one or more of major life's activities because of the disability. **29 Code of Federal Regulation Sect 1630. 2 (1) defines major life activity: WALKING, SEEING, HEARING, LEARN_ ING, ETC."** The plaintiff in prison has a medical restriction that is " **no walking over 50 yards"** because of his feet (deformed feet) disability." **Sutton, 119 S. Ct. 2133-39(disabled because of substantial lmittation on ability to walk."**

## RELIEF

WHEREFORE PREMISES CONSIDERED, the plaintiff prays for the following relief:

1. That the court issue a injunctive order to defendant's ordering them to reimburse plaintiff for all the money they have held since 1990 on a monthly basis;

-3-

2. That the court adjudged costs of suit and costs of court and that the court order defendants to pay pre and post judgment interest at the legal rate allowed by law against defendant;

3. That the court order defendant to give him the full check on a monthly basis of 102.00 monthly or whatever the amount is;

4. That the court issue its order to defendant ordering the defendant to repay plaintiff all the funds they have withheld illegally on a monthly basis;

5. Such other and further relief to which entitlement is shown under this pleading or any proper amendment hereto;

Respectfully Submitted;

R WAYNE JOHNSON #282756
3001 S. Emily Drive    #282756
Beeville, Texas 78102

STATE OF TEXAS
COUNTY OF BEE

VERIFICATRION

I R WAYNE JOHNSON do herbay state under the poenalties of perjruy that the foregoing facts are true and cporrect and based upon my personal knowledge under 28 USC 1746;

DATED 6-18-2002

/s/ _____
R WAYNE JOHNSON

page four



## §3.665 Penal institutions-compensation.

(a) *General.* Any person specified in paragraph (c) of this section who is incarcerated in a Federal, State or local penal institution in excess of 60 days for conviction of a felony shall not be paid compensation or dependency and indemnity compensation (DIC) in excess of the amount specified in paragraph (d) of this section beginning on the 61st day of incarceration. A person whose benefits are subject to this reduction shall be informed of the rights of the person's dependents to an apportionment while the person is incarcerated, and the conditions under which payments to the person may be resumed upon release from incarceration. In addition, the person's dependents shall also be notified of their right to an apportionment if the Department of Veterans Affairs is aware of their existence and can obtain their addresses.

(b) *Definitions.* For the purposes of this section the term "compensation" includes disability compensation under 38 U.S.C. 1151. The term "dependency and indemnity compensation" (DIC) includes death compensation payable under 38 U.S.C. 1121 or 1141, death compensation and DIC payable under 38 U.S.C. 1151, and any benefit payable under chapter 13 of title 38, United States Code. The term "release from incarceration" includes participation in a work release or halfway house program, parole, and completion of sentence. For purposes of this section a felony is any offense punishable by death or imprisonment for a term exceeding 1 year, unless specifically categorized as a misdemeanor under the law of the prosecuting jurisdiction.

(c) *Applicability.* The provisions of paragraph (a) of this section are applicable to the following persons:

(1) A person serving a period of incarceration for conviction of a felony committed after October 7, 1980.

(2) A person serving a period of incarceration after September 30, 1980 (regardless of when the felony was committed) when the following conditions are met:

(i) The person was incarcerated on October 1, 1980; and

(ii) An award of compensation or DIC is approved after September 30, 1980.

(d) *Amount payable during incarceration:*

(1) *Veteran rated 20 percent or more.* A veteran to whom the provisions of paragraphs (a) and (c) of this section apply with a service-connected disability evaluation of 20 percent or more shall receive the rate of compensation payable under 38 U.S.C. 1114(a).

(2) *Veteran rated less than 20 percent.* A veteran to whom the provisions of paragraphs (a) and (c) of this section apply with a service-connected disability evaluation of less than 20 percent (even though the rate for 38 U.S.C. 1114(k) or (q) is paid) shall receive one-half the rate of compensation payable under 38 U.S.C. 1114(a).



. UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| R. WAYNE JOHNSON, | § | |
|---|---|---|
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION No. H-02-3993 |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| DEFENDANT, | § | |
| | § | |

## AFFIDAVIT OF JOHN BALLENGER

I, JOHN BALLENGER, of lawful age, do hereby swear, depose and make affidavit as follows:

I am the Acting Chief, Veterans Service Center, Department of Veterans Affairs Regional Office, 6900 Almeda Road, Houston, Texas 77030. As acting Chief of the Veterans Service Center, I am the current custodian of the VA claim folder of Ronald Wayne Johnson. I have reviewed Mr. Johnson's claim folder and state the following facts:

1. Mr. Johnson served honorably in the United States Marine Corps from 1968 - 1971. He committed the crime for which he remains incarcerated by the state of Texas on October 27, 1977.

2. In 1979, Mr. Johnson applied for disability with the DVA and was given a DVA medical examination in August, 1979. The DVA regional office denied his requested for a service-related disability on November 1, 1979. He appealed to the Board of Veterans Appeals (BVA), which granted him relief by decision dated June 5, 1981, finding a service connection for his foot problems.

3. The DVA enacted a rating decision to effect the BVA decision granting Mr. Johnson disability. This rating decision granted Mr. Johnson a 30% disability, effective from July 16, 1979.

4. On July 28, 1981, the DVA informed Mr. Johnson of it's rating decision, but also notified him that it would be required to deduct a portion of his payment due to his incarcerated status.

5. A subsequent medical examination of Mr. Johnson indicated that he was not disabled sufficiently to merit a 30% disability. Accordingly, Mr. Johnson's disability was reduced to 10%, effective February 1, 1983. He was informed of this decision by letter dated

March 25, 1983. The DVA failed to properly withhold one-half of the 10% payment rate as required under 38 CFR 3.665.

6. On March 13, 1987, the veteran's award was reduced to one-half of the 10% payment rate effective March 1, 1987.

7. Mr. Johnson is represented by the Disabled American Veterans from November 5, 1982, to present.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

John Ballenger
Acting Chief, Veterans Service Center

**Sworn to and subscribed before me by on this 25th day of October, 2002.**

Notary



## Certificate of Service

I certify that a copy of the foregoing Defendant's Motion To Dismiss Plaintiff's Original Petition For Lack Of Subject Matter Jurisdiction was sent by U.S. mail, return receipt requested, No. 7001 2510 0008 5489 2041 and by regular U.S. mail, to Mr. R. Wayne Johnson, # 282756, Texas Department of Criminal Justice, 3001 S. Emily Drive, Beeville, TX 78102 on this the 28th day of October, 2002.

Nancy Cross

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-02- |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, | § | |
|       Defendant. | § | |

## ORDER

Defendant's Motion To Dismiss Plaintiff's Original Petition under Federal Rules of Civil

Procedure 12(b)(1) is GRANTED.

Plaintiff's Original Petition is DISMISSED.

SIGNED this _____ day of _____, 2002.


_____
LYNN N. HUGHES
UNITED STATES DISTRICT JUDGE

United States District Court
Southern District of Texas
Houston Division

R. Wayne Johnson                    X
                                    X
US                                  X        C.A No. 02-3793
                                    X
Interior Affairs, Dept             X
                                    X


                    Motion To Dismiss


To the Court:
    Comes now Ronnie Johnson, and filed
this Motion To Dismiss, and shows the
following:

1. Plaintiff wants to dismiss this action (
anymore desires to promote this action.

    Wherefore, plaintiff prays the court
dismisses suit.

                        Respectfully,

                    Ronnie Johnson 283156
                    2001 S. Smith Drive
                    Brownee, Tx 18102

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2002

R. WAYNE JOHNSON,                         §
                                          §  Michael N. Milby, Clerk of Court
                    Plaintiff,            §
                                          §
*versus*                                  §          CIVIL ACTION H-02-3993
                                          §
DEPARTMENT OF VETERANS AFFAIRS,           §
                                          §
                    Defendant.            §

## Order of Dismissal

On the plaintiff's motion, this case is dismissed.

Signed November 18, 2002, at Houston, Texas.



Lynn N. Hughes
United States District Judge



#7

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

R. WAYNE JOHNSON,                §
                                 §
                Plaintiff,       §
                                 §
versus                           §          CIVIL ACTION H-02-3993
                                 §
DEPARTMENT OF VETERANS AFFAIRS,  §
                                 §
                Defendant.       §

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2002

Michael N. Milby, Clerk of Court

# Order of Dismissal

On the plaintiff's motion, this case is dismissed.

Signed November 18, 2002, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2283 |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, ET AL., | § | |
| Defendants. | § | |

FEDERAL DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION
FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM
OR, ALTERNATIVELY, PURSUANT TO 28 U.S.C. § 1915(G)

The Federal Defendants, the Department of Veterans Affairs (VA) and Paul Black (Black),

by the United States Attorney for the Southern District of Texas, file this motion to dismiss

Plaintiff's Original Petition for lack of subject matter jurisdiction and failure to state a claim under

Fed.R.Civ.P. 12(b)(1) and (6), or alternatively,  pursuant to 28 U.S.C. § 1915, and state the

following in support:

### 1. Status of the Case

Plaintiff filed his Original Petition in the District Court of Harris County, Texas, 61st Judicial

District on March 20, 2006[1].  The Original Petition was served on the VA on June 20, 2006.

Defendants filed a removal from state court to the United States District Court on July 7, 2006.  On

July 7, 2006, Defendants filed a motion, under Rule 81,  for additional time, i.e., August 20, 2006,

to answer or otherwise respond since the VA is a federal agency and Black is a federal employee.

---

[1]

The undersigned telephoned the Harris County District Clerk's Office on August 17, 2006,
at 10:20 a.m. and spoke to a "Jennifer" who verified that the petition was filed *in forma pauperis*.

1

[Document 2-1]

## 2. Factual Background of Instant Complaint

Plaintiff, a military veteran and a current prisoner in the Texas Department of Criminal Justice in Amarillo, Texas[2], sues the VA again, and Defendant, in forma pauperis, claiming a violation of his 5th and 14th Constitutional due process rights, and asserts a *Bivens* cause of action because the VA reduced his disability rating from 30% to 10%, and withheld one-half of the 10% benefit amount [Plaintiff's Original Petition generally].

Plaintiff's instant complaint almost mirrors complaints he made in two prior lawsuits, i.e., (1) *R. Wayne Johnson v. Department of Veteran Affairs*, Civil Action H-02-3993, In the United States District Court for the Southern District of Texas, Houston Division[3], and (2) *R. Wayne Johnson v. Department of Veterans Affairs*, cause no. 02-735C, in the United States Court of Federal Claims in Washington, D.C.[4]  See attached Exhibit 1.  In both of these lawsuits, Plaintiff made the same complaints as in the instant case but alleging the VA violated the Americans with Disabilities Act, 42 U.S.C. §§ 12102 et al.

## 3. Standard of Review

---

[2]

In 1978 Plaintiff was convicted of aggravated rape by a jury in Texas and was sentenced to serve ninety-nine years. *See R. Wayne Johnson v. McCotter, Director of Texas Department of Corrections*, 803 F.2d 830, 831 (5th Cir. 1986).

[3]

This case was removed from state court on October 21, 2002; Government filed a motion to dismiss on October 28, 2002; Plaintiff filed a motion to dismiss his complaint on November 13, 2002; and the District Court dismissed the case on November 18, 2002.

[4]

Plaintiff filed this case on June 26, 2002.  Per the undersign's telephone conversation with an employee "Mike" of the United States Court of Federal Claims clerk's office in Washington, D.C. at telephone number 202-357-6400, the court dismissed this case without prejudice, the case was closed on January 3, 2003.

<u>Dismissal Under Fed.R.Civ.P. 12(b)(1) and (6)</u>

Rules 12(b)(1) and (6), Fed.R.Civ.P., permit dismissal of an action when the court lacks

subject matter jurisdiction or where a plaintiff fails to state a claim upon which relief can be granted.

A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2)

the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro*

*v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Fleischer v. United States Dept. of Veterans*

*Affairs*, 955 F. Supp. 731, 733-34 (S.D.Tex. 1997). A motion under Rule 12(b)(1) should be granted

only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that

would entitle him to relief. *Home Builders Association of Miss., et al. v. City of Madison, Miss.*, 143

F.3d 1006, 1009 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). A case is

properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory authority

or constitutional power to adjudicate it. *Home Builders, etc.*, 143 F.3d at 1009; *Nowak v.*

*Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The burden of proof for a

Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction. *St. Paul*

*Reinsurance Company, LTD v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Rodriguez v. Texas*

*Commission on the Arts*, 992 F. Supp. 876, 879 (N.D.Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).

The question of subject matter jurisdiction is an issue for the court to decide. *Williamson v. Tucker*,

645 F.2d 404, 413 (5th Cir. 1981).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

for "failure to state a claim upon which relief can be granted." In determining the sufficiency of a

complaint, the court's " ... task is inevitably a limited one." *Lawal v. British Airways, PLC, et al.*,

3

812 F.Supp. 713, 716 (S.D. Tex. 1992). The court " ... should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint." *Id*. The court must examine whether the allegations state a claim sufficient to avoid dismissal. *Grisham v. United States*, 103 F.3d 24, 25 (5th Cir. 1997). A court may grant a Rule 12(b)(6) motion only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). While the court must accept as true all allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff. *Id*. at 1366. Moreover, when a successful affirmative defense appears on the face of the pleadings, dismissal may be appropriate under Rule 12(b)(6). *Id*. A Rule 12(b)(6) dismissal will be upheld when no relief " ... could be granted under any set of facts that could be proven consistent with the allegations." *Rubenstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994)(citations omitted).

### 4. Plaintiff's Claims Are Not Actionable

Under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). As a matter of law, Plaintiff's claims against Defendants[5] are not actionable under *Bivens* because the conduct Plaintiff complained of does not rise to the level of a

---

[5]

Notwithstanding the fact that a *Bevins* action cannot be maintained against the Department of Veterans Affairs. *Harris v. United States*, 340 F.Supp.2d 764, 769 (S.D. Tex. 2004)("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."); *Todd v. Hawk*, 263 F.3d 162 (5th Cir. 2001).

4

constitutional tort. Plaintiff's statements that he is not given enough disability does not support a *Bivens* claim. Plaintiff fails to allege particular facts or a legal theory to state a claim. Other than naming Defendants in the caption of the lawsuit, Plaintiff fails to state a claim with particularity against them demonstrating that they violated a clearly established statutory or constitutional right. No facts are alleged that the Defendants violated any civil rights protected by the Constitution or federal statute. Other than mentioning a violation of his 5th and 14th Amendment rights he fails to adequately explain how his rights have been violated. *Brown v. Felts*, 128 Fed.Appx. 345, 346 (5th Cir. 2005) citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Davinci v. State of Missouri*, 2006 WL 1515536 (D. Or., May 30, 2006). A prerequisite to pleading a viable *Bivens* claim is that the individual defendant was *personally involved* in the allegedly unconstitutional conduct. *Johnson v. Newburgh Enlarged School District*, 239 F.3d 246, 254 (2nd Cir. 2001)("it is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages."); *Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1988)(*Bivens* "defendants are liable for their own personal acts only'); *see also Crawford-el v. Britton*, 523 U.S. 574, 598 (1998)(Plaintiff must "provide specific, nonconclusory factual allegation that establish that defendant acted based upon an improper motive."). Here, Plaintiff has failed to even cross this preliminary legal threshold. Plaintiff's complaint against Defendants should be dismissed for failure to state a claim.

     5.   Plaintiff's *Bivens* Allegation Must Be Dismissed
          No Waiver of Sovereign Immunity

A.    Official Capacity Claims Against the VA and Black

     The gravamen of Plaintiff's action against Defendants are in their official capacities and not their individual capacities because Plaintiff's complaint is the VA is not giving him the amount of

disability benefits that he believes he is entitled.  Plaintiff asserts the following in his complaint:

> Defendants ... pay plaintiff only "half" of his veterans compensation benefits.  [Plaintiff's Original Petition, p. 4].

> Defendants ... reduced his 10% entitlement down to (degraded) 5% ... [t]hey also ... took his property from 30%, to 10%, and from 10% down to 5%.  [Plaintiff's Original Petition, p. 10].

Clearly, Paintiff is complaining about the amount of his VA benefits, as determined by the Secretary of the Veterans Affairs.  Therefore, Plaintiff's complaints against Defendants are in their official capacities.

Official capacity suits pleads an action against an entity of which an officer is an agent.  An official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  "It is *not* a suit against the official personally, for the real party in interest is the entity.  *Id.*  Official capacity suits against federal employees are generally treated as suits against the United States.  *Todd v. Hawk*, 263 F.3d 162 (5th Cir. 2001).  Thus, Plaintiff's allegation is against the United States of America since his allegations are against a federal agency and federal employee acting in official capacities.  However, suits against the United States brought under the civil rights statutes are barred by sovereign immunity.  To the extent that Plaintiff has sued a federal employee and federal agency in their official capacities, his claim is barred as a matter of law.  *Id.*

B.    The Doctrine of Sovereign Immunity Precludes Judicial Review of the VA's Actions In This Case

The United States cannot be sued without its consent.  *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Sovereign immunity protects the

United States from liability and deprives a court of subject-matter jurisdiction over claims against the United States.  Any governmental waiver of sovereign immunity must be unequivocal, and such waivers are strictly construed.  E.g., *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980); *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503 (1969); *In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998).  The United States has not waived its sovereign immunity regarding review of VA decisions or procedures except that review may be obtained in the United States Court of Appeals for Veterans Claims (CAVA),[6] the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.  *Russell*, 155 F.3d at 1012-13.

Sovereign immunity cannot be avoided by suing individual federal departments, such as the VA. *Blackmar  v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412 (1952)(federal agencies are not subject to suit eo nominee unless so authorized by Congress in explicit language).  Further, "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling."  *Stafford v. Briggs*, 444 U.S. 527, 542 n.10, 100 S.Ct. 774, 784 n. 10 (1980).  Plaintiff cites no waiver of sovereign immunity applicable to this action.  The suit has been filed against the sovereign without consent and must be dismissed.

6.     The United States District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims
       Regarding his Benefits Determination.

Plaintiff lawsuit should be dismissed pursuant to 12(b)(1) for lack of subject matter

---

[6]

The Court formerly known as the United States Court of Veterans Appeals has been redesignated the United States Court of Appeals for Veterans Claims, effective March 1, 1999. Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342*.  See National Organization of Veterans' Advocates v. Secretary of Veterans Affairs*, 260 F.3d 1367, 1370 n. 5 (Fed. Cir. 2001).  As appropriate in the discussion contained in this motion to dismiss, reference has been made to the U. S. Court of Appeals for Veterans Claims (CAVC) in place of the U. S. Court of Veterans Appeals (CVA).

7

jurisdiction. Plaintiff is correct that one-half of the amount of his benefits are being withheld, but this is in accordance with 38 U.S.C.A. §§ 5313[7] and 38 C.F.R. § 3.665(d)(2)[8] which provide that an incarcerated veteran with a service-connected disability evaluation of less than 20% shall receive one-half the rate of compensation payable under 38 U.S.C. § 1114(a).

Further, the Veterans Judicial Review Act (VJRA) and the Veterans Affairs Codification Act, provide that the Secretary of VA decides all questions of law and fact necessary to a decision that affects the provision of VA benefits. The Secretary's decisions are final and may be reviewed only through the Board of Veterans Appeals, the U. S. Court of Appeals for Veterans Claims, the U.S. Court of Appeals for the Federal Circuit, and the U. S. Supreme Court.

Plaintiff's claims against the VA seek District Court review of the VA's determination in an individual benefit claim matter. District Court review of VA benefit determinations is precluded by 38 U.S.C. § 511 and its predecessors. [9]

Section 511(a), as amended by the Veteran Judicial Review Act (VJRA) and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

The Secretary [of Veterans Affairs] shall decide all questions of law and fact

---

[7]

Limitation on payment of compensation and dependency and indemnity compensation to persons incarcerated for conviction of a felony.

[8]

Incarcerated beneficiaries and fugitive felons - compensation; Veteran rated less than 20 percent.

[9]    Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).

necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), [[110]] the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (insertion and footnote reference not in original).

The VJRA, enacted on November 18, 1988, provided a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions. As plaintiff filed a disability claim on or about 1978, see Plaintiff's Original Petition, p. 4 and Exhibit Two, p. 2[11], attached, the Act applies to the issues raised herein. *See Hicks v. Veterans Administration*, 961 F.2d 1367, 1369 (8th Cir. 1992). Subject to certain stated limitations, the VJRA vests exclusive jurisdiction in the CAVC to review such decisions. See 38 U.S.C. Ch. 72. Pursuant to 38 U.S.C. § 511(a), the Secretary of VA is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors. An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals, which is the division within the VA responsible for deciding appeals from decisions on claims for veterans' benefits. 38 U.S.C. §§ 7104(a), 7105; 38 C.F.R. § 20.101(a). The Board of Veterans' Appeals' decision may be appealed by the claimant to the CAVC, pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States

---

[10]

The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72. None of these exceptions apply in this case.

[11]

Another similar lawsuit by the Plaintiff, i.e., *R. Wayne Johnson v. Department of Veterans Affairs*, Cause No. 02-735C, United States Court of Federal Claims, Washington, D.C.

Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252©), 7292.  See procedural

discussion in *Russell*, 155 F.3d at 1012;  *Beamon*, 125 F.3d at 967; and *Zuspann v. Brown*, 60 F.3d

1156, 1158-59 (5th Cir. 1995).

In *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992), the Second Circuit

discussed the effect of the VJRA in providing judicial review of veterans' benefit decisions in the

CAVC (formerly Court of Veterans Appeals) and, on appeal, in the United States Court of Appeals

for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial

review in other courts.   The Second Circuit stated in *Larrabee* that –

> By providing judicial review in the Federal Circuit, Congress
> intended to obviate the Supreme Court's reluctance to construe the
> statute as barring judicial review of substantial statutory and
> constitutional claims, ...,   while maintaining uniformity by
> establishing an exclusive mechanism for appellate review of
> decisions of the Secretary.

*Id*. (citations omitted).  The court concluded that, "[a]lthough district courts continue to have'

jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional

and statutory claims must be pursued within the appellate mill Congress established in the VJRA."

*Id.* (citation omitted).  *See also Telecommunications Research & Action Center v. FCC*, 750 F.2d

70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original

jurisdiction in other courts in all cases covered by that statute (citations omitted)").  Where a

plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising

out of the adjudication of a benefit matter, such claims may be pursued through the statutory

scheme established by Congress as discussed above, not in the federal district courts.  *See Zuspann,*

60 F.3d at 1158-60; *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir. 1994); *Beamon,* 125 F.3d at 972-

74.[12]

Importantly, as the Fifth Circuit recognized in *Zuspann*, 60 F.3d at 1159, following the enactment of the VJRA, federal courts have refused to entertain constitutional claims based on the VA's actions with respect to particular benefit claims. In *Zuspann*, the Fifth Circuit upheld dismissal of a veteran's claim that he had been denied adequate medical care in violation of the Rehabilitation Act and the Fifth Amendment to the Constitution. The court determined that "[t]he VJRA ... created an exclusive review procedure by which veterans may resolve their disagreements with the [VA]," 60 F.3d at 1158, and concluded that, because the veteran was challenging the VA's decision to deny him benefits, his recourse lay in that procedure, rather than in district court. *Id.* at 1159-60. Similarly, in *Hicks v. Veterans Admin.*, 961 F.2d at 1369-70, the Eight Circuit held that a claim that benefits were reduced in violation of plaintiff's constitutional rights was encompassed by 38 U.S.C. § 511 and was not subject to review other than as provided in 38 U.S.C. Ch. 72. The court noted that § 511 applied to all questions of law and fact necessary to a decision by the Secretary, including questions based on the Constitution.

In the instant case, Plaintiff contends that the reduction of his VA disability rating from 30% to 10% and the withholding of one-half of the amount of his benefits has denied him due process of his property rights under the 5th Amendment. In *Beamon*, 125 F.3d at 966, a class action suit filed by a group of veterans, plaintiffs asserted, inter alia, that the VA's procedures in processing claims caused unreasonable delays in violation of certain federal statutes and the Due Process

---

[12]

*But see Hall v. U.S. Department of Veterans Affairs*, 85 F.3d 532, 534-35 (11th Cir. 1996), wherein the Eleventh Circuit observed that "[i]n the wake of the VJRA, the vitality of the [*Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160 (1974)], holding with respect to the jurisdiction of the district courts to entertain facial constitutional attacks on veterans' benefits *legislation* (as opposed to the implementing rules and regulations) is debatable."

Clause of the Fifth Amendment. the district court's decision to dismiss the veterans claims for lack of subject matter jurisdiction was affirmed by the Sixth Circuit who concluded that the claims should have been pursued through the CAVC. *Id.* at 972-74. The court determined that "the MJRA explicitly granted comprehensive and exclusive jurisdiction to the CVA (Court of Veterans Appeals) and the Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions under § 511(a). This jurisdiction includes constitutional issues and allegations that a VA decision has been unreasonably delayed." *Id*. at 971. See further discussion in *Beamon*, 125 F.3d at 968-70, that the CAVC has available two sources of power with which it can remedy claims of unreasonably administrative delay or inaction. Accordingly, Plaintiff's complaint challenging the amount given in the benefits determination process must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

7.   No Jurisdictional Basis is Afforded by Plaintiff's Due Process
    Clause - Fifth/Fourteenth Amendment Assertions

The Due Process and Equal Protection guarantees of the Fifth Amendment do not obligate the federal government to pay money damages. *Rothe Development Corp. v. United States Department of Defense*, 194 F.3d 622, 625 n. 6 (5th Cir. 1999). No independent jurisdictional basis for suit exists under § 1331 or the Fifth Amendment. Since the Fourteenth Amendment does not apply to the federal government, but only to acts by a state, Plaintiff's Fourteenth Amendment due process argument should be dismissed. *Maloney v. Social Security Administration*, 2006 WL 1720399 (E.D.N.Y., June 19, 2006).

8.   Alternative Argument - 28 U.S.C. § 1915(g) Dismissal

In 1996, the President signed into law the Prison Litigation Reform Act. This Act makes a number of changes which affect inmates filing section 1983 lawsuits. The provisions of 28 U.S.C.

§ 1915, the "informa pauperis" statute, have changed substantially.  Under the law, a prisoner

cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she

has three or more times in the past, while incarcerated, brought a civil action or appeal in federal

court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which

relief may be granted.  The only exception to this is if the prisoner is in "imminent danger of serious

physical injury."  *See* 28 U.S.C. § 1915(g).  A prisoner who is not proceeding in forma pauperis

may file a new civil action or appeal even if that prisoner has three or more dismissals described

in section 1915(g).  Regardless of whether a prisoner proceeds in forma pauperis in a civil case, if

at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim,

the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C.

§ 1915(g).

While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been

dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted.

See *Johnson v. Collins*, No. 4:95-CV-0064 (S.D. Tex.)(dismissed as frivolous May 23, 1995);

*Johnson v. Vance*, No. 4:95-CV-0068 (S.D. Tex.)(dismissed as frivolous August 27, 1995); *Johnson*

*v. McCaul*, No. 2:03-CV-0013 (S.D. Tex.)(dismissed as malicious and for failure to state a claim

upon which relief can be granted April 15, 2003); and *Johnson v. Tepper*, No. 1:02-CV-656 (W.D.

Tex.)(dismissed as frivolous October 11, 2002)(Appeal No. 02-51232 dismissed as frivolous April

24, 2003).[13]

---

[13]

See additional in forma pauperis lawsuits filed by Plaintiff:  *Johnson, et al v. Lynaugh, et al,*
No. 4:89-CV-02139 (S.D. Tex.); *Johnson v. Richardson, et al,* No. 3:95-CV-00039 (S.D. Tex.);
*Johnson v. McElvaney, et al,* No. 3:96-CV-00446 (S.D. Tex.); *Johnson v. Whatley, et al,* No. 2:02-
CV-00107 (S.D. Tex.); *Johnson v. Davis, et al,* No. 2:02-CV-00135 (S.D. Tex.); *Johnson v. Davis,*
*et al,* No. 2:02-CV-00199 (S.D. Tex.); *Johnson v. Bacarisse,* No. 4:02-CV-00393 (S.D. Tex.);

13

Therefore, Plaintiff may not file another civil lawsuit in forma pauperis while incarcerated unless he is in imminent danger of serious physical injury. Here, Plaintiff's complaint is that the VA should be giving him a larger disability payment. As such, Plaintiff's complaint should be dismissed pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). *R. Wayne Johnson v. Whatley*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003); *Jones v. Johnston*, 160 Fed.Appx. 336 (5th Cir., Dec. 14, 2005); *Iwegbu v. United States*, 166 Fed.Appx. 103 (5th Cir., Feb. 6, 2006).

## 9. <u>Conclusion</u>

Wherefore, for the reasons stated above, Plaintiff's complaint and action should be dismissed pursuant to 28 U.S.C. § 1915(g), or, alternatively, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

/S/

Nancy Cross
Assistant U. S. Attorney
TBN: 03448300
P. O. Box 61129
919 Milam, Suite 1500
Houston, Texas 77208-1129
(713) 567-9503
(713) 718-3303 (fax)
Attorney-In-Charge for Defendant

---

*Johnson v. Cockrell*, No. 2:02-CV-00409 (S.D. Tex.); *Johnson v. Eldred*, No. 2:02-CV-00426 (S.D. Tex.); *Johnson v. Ruiz, et al*, No. 4:03-CV-01310 (S.D. Tex.); *Johnson v. Kennedy, et al*, No. 2:05-CV-00228 (S.D. Tex.); and *Johnson v. Dretke*, No. 4:05-CV-01433 (S.D. Tex.).

<u>Certificate of Service</u>

I certify that a copy of the foregoing Federal Defendants' Motion To Dismiss Plaintiff's Original Petition For Lack of Subject Matter Jurisdiction and Failure To State A Claim, Or, Alternatively, Pursuant to 28 U.S.C. § 1915(g) was sent by U.S. mail, return receipt requested, No. 7004 2510 0006 7849 1828 to Mr. R. Wayne Johnson, # 282756,  9601 Spur 591 Clements, Amarillo, TX 79107 on this the 18th day of August, 2006.

/S/

_____

Nancy Cross

15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 1 3 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2283 |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, ET AL., | § | |
| Defendants. | § | |

## ORDER

Defendants' Motion To Dismiss Plaintiff's Original Petition under Federal Rules of Civil

Procedure 12(b)(1) and (6) is GRANTED.

It is, therefore, ORDERED that Plaintiff's Original Petition is DISMISSED without

prejudice.

It is further ORDERED, that all other pending motions are DISMISSED AS MOOT.

SIGNED this 12⁴ᵗ day of Sept , 2006.

_____
UNITED STATES DISTRICT JUDGE

OCT-28-2002  09:53

P.02

UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.



R WAYNE JOHNSON          )
  Plaintiff              )
                         )
VS.                      )     CAUSE NO: __02-735C__
                         )
DEPARTMENT OF VETERANS   )
AFFAIRS                  )
  Defendant              )

### PLAINTIFFS ORIGINAL COMPLAINT

**FILED JUN 26 2002**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW R WAYNE JOHNSON, Plaintiff and files this pro-se Original Complaint complaining of defendant Department of Veteran Affairs and for his cause of action he would show unto the Court the following;

### PARTIES

1.  Plaintiff is a prisoner in The Texas Depart. of Criminal Justice Mcconnell Unit 3001 S. Emily Drive Beeville, Texas 78102. He is a service-connected disabled veteran.

2.  Defendant Department of Veteran Affairs is a United States agency and may be served with process at __810 VERMONT AVE. NW, WASHINGTON, D.C 20420__.

### JURISDICTION

3.  Jurisdiction of this Court is invoked under the **American With Disabilities Act, 42 USC 12102(2), 42 USC 12132** as the defendant is a public entity that is currently discriminating against the Plaintiff because of his disability.

### NATURE OF SUIT

4.  The defendant is sued for prospective injunctive relief only in its official capacity. The Eleventh Amendment and qualfied immunity do not apply. TTLA V. Puelbc, 181 F. 3rd 676; Kirkumaru v. Harley,

242 F. 3rd 950; Ex parte Young, 28 S. Ct. 441.

## FACTUAL ALLEGATIONS

5.  Plaintiff is a service-connected disabled veteran. He served in the United States Marine Corps from 4 August 1968 to 4 August 1971. He has a honorable discharge.

6.  In October 27, 1977 the plaintiff committed the crime for which he is now incarcerated. In 1978 he obtained his military medical records from the service. He found that his feet were disabled while serving in active duty. He filed his claim with the (then) Veterans Administration in Houston. He took an appeal to the Board of Veterans Appeals and was rated at 30% disability, which was later reduced to 10%.

7.  The defendant now withholds half of the 10% check on a monthly basis. Therefore, this cause of action falls under the continuing tort theory of law. The Defendant says that Code of Federal Regulation Section 3.665 Part! I ( attached) authorizes them to withhold the funds. Plaintiff registers his disagreement.

8.  In 1990 Congress also enacted the **American With Disabilities Act** and that law prohibits discrimination by a public entity on the basis of one's disability. The plaintiff is being denied the " **servies, programs, activities, benefits,**" of the agency because of his disability. That contravenes the American With Disabilities Act (**ADA**).

9.  In this connection, Section 3.665 Part I (c) Applicability" applies to a person serving a period of incarceration for a felony committed AFTER October 7, 1980. Plaintiff committed his felony on October 27, 1977. This provision does not apply to him.

10.  In addition, (2) states that a person who is serving a period of incarceration after Sept 30, 1980 ( regardless of when the crime was committed) when the following conditions are met:

   (i) The person was incarcerated on October 1, 1980;

   (ii) An award of compensation is approved AFTER Sept 30, 1980.

-2-

The plaintiff's was approved by the board of veterans appeals in
1979; thus the above section (ii) does not apply to him. That is an
ex post facto law in which the defendant apply to this plaintiff
and cannot be done.

11.  Nevertheless, the defendant--after 1990-- cannot hold half the
check on a monthly basis in that after 1990, their practice discrim-
inates against the plaintiff on the basis of his disability and such
violates the **American With Disabilities Act (ADA).** That is to say,
Section 3.665 NOW conflicts with the ADA and discriminates against
the plaintiff. He is denied the " services, activities, programs and
benefits" by the public entity on the basis of his disability  and
that constitutes disability discrimination in violation of the ADA.
Defendant ever since 1990 when the ADA was enacted has illegally with-
held half of the plaintiff's check. This is in terrible violation of
the ADA. It constitutes disability discrimination in violaiton of
the ADA. **See Thompson v. Davis, 282 F. 3rd 780.**

## APPLICABLE LAW

12.  Under Section 35.104 of Code of Federal Regulation 28, "physical
impairment" constitutes a disability.

13.  42 USC 12102(2) limits one or more of major life's activities
because of the disability. **29 Code of Federal Regulation Sect 1630.
2 (1)** defines major life activity: **WALKING, SEEING, HEARING, LEARN_
ING, ETC."** The plaintiff in prison has a medical restriction that
is " **no walking over 50 yards**" because of his feet (deformed feet)
disability." **Sutton, 119 S. Ct. 2133-39(disabled because of substantial lmittation
on ability to walk."**

## RELIEF

WHEREFORE PREMISES CONSIDERED, the plaintiff prays for the follow-
ing relief:

1.  That the court issue a injunctive order to defendant's ordering
them to reimburse plaintiff for all the money they have held since
1990 on a monthly basis;

-3-

2.  That the court adjudged costs of suit and costs of court and
    that the court order defendants to pay pre and post judgment
    interest at the legal rate allowed by law against defendant;

3.  That the court order defendant to give him the full check on a
    monthly basis of 102.00 monthly or whatever the amount is;

4.  That the court issue its order to defendant ordering the def-
    endant to repay plaintiff all the funds they have withheld ill-
    egally on a monthly basis;

5.  Such other and further relief to which entitlement is shown
    under this pleading or any proper amendment hereto;

                              Respectfully Submitted;

                              R WAYNE JOHNSON # 282756
                              3001 S. Emily Drive    #282756
                              Beeville, Texas 78102

STATE OF TEXAS
COUNTY OF BEE

                         VERIFICATRION

I R WAYNE JOHNSON do herbey state under the poenalties of perjruy
that the foregoing facts are true and cporrect and based upon my
personal knowledge under 28 USC 1746;

DATED 6-18-2002                /s/ R WAYNE JOHNSON


                         page four



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED

NOV 21 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| RWAYNE JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-05-CA-338 |
| | § | |
| DEPT. OF VETERANS AFFAIRS, | § | |
|     Defendant. | § | |

## O R D E R

This case was referred to the United States Magistrate Judge for the Western District of Texas, Waco Division, for findings and recommendations, pursuant to 28 U.S.C. § 636(b). The Court received the Magistrate Judge's report, which was filed on October 12, 2006. No objections to the report have been filed, thus barring any party from receiving a de novo review on appeal of the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000).

Defendant moves to dismiss Plaintiff's complaint on the ground that proper service has never been accomplished. The Magistrate Judge, in a careful and thorough review of the case and applicable law, has recommended that Defendant's motion be granted. Having conducted a review of the report and recommendation, and the file in this case, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted. Accordingly, it is

ORDERED that the Magistrate Judge's findings and recommendation are ADOPTED. It is further

ORDERED that Defendant's Motion to Dismiss is **GRANTED**. It is further

ORDERED that this case is **DISMISSED** under Rule 4(m) for failure to make timely service. It is further

ORDERED that any motions not previously ruled upon by this Court or the Magistrate Judge are **DENIED**.

**SIGNED** this _20_ day of November, 2006.

**WALTER S. SMITH, JR.**
**Chief United States District Judge**



# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

**FILED**

NOV 2 1 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

| | | |
|---|---|---|
| RWAYNE JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-05-CA-338 |
| | § | |
| DEPT. OF VETERANS AFFAIRS, | § | |
|     Defendant. | § | |

## J U D G M E N T

In accordance with the Order adopting the Magistrate Judge's Report and Recommendation, the Court enters its Judgment as follows:

**IT IS ORDERED, ADJUDGED and DECREED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that any relief not specifically granted in this Judgment is **DENIED**.

**SIGNED** this _20_ day of November, 2006.

_____
**WALTER S. SMITH, JR.**
**Chief United States District Judge**