UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWAYNE JOHNSON, )<br>)<br>       Petitioner, )<br>)<br>       v. )<br>)<br>DEPARTMENT OF VETERANS )<br>AFFAIRS *et al.*, )<br>)<br>       Respondents. )<br>_____) | Civ. Action No. 07-0818 (RBW) |

MEMORANDUM OPINION

In this action brought *pro se*, petitioner is a Texas prisoner who was granted leave to proceed *in forma pauperis* (IFP) contemporaneously with the assignment of this case to the undersigned judge. *See* Order of May 4, 2007 (granting leave to proceed IFP). Petitioner seeks a writ of mandamus to compel the Board of Veterans Appeals to enforce a 30 percent disability compensation rating of him that was determined more than 20 year ago but has since been reduced. *See* Compl.¶¶ 6, 28.

Respondents move to dismiss the complaint [Dkt. No. 8] on the ground, among others, that the petitioner is barred from proceeding *in forma pauperis* in federal court by the so-called three-strike provision codified at 28 U.S.C. § 1915(g) (2006).[1] The Court agrees and therefore will grant respondents' motion, vacate the IFP order, but stay dismissal of the case to allow time for petitioner to pay the $350 filing fee applicable to civil actions.[2]

---

[1] Also pending resolution is respondents' Motion to Dismiss Supplemental Complaint and Opposition to Plaintiff's Request for Discovery [Dkt. No. 11], which presents substantially the same arguments as the current motion but without exhibits supportive of the three-strike claim. Because no supplemental complaint appears in the record, the Court will deny the motion but will refer to the supporting exhibits in resolving the three-strike question.

[2] *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (permitting appellants barred by three-strike provision 30 days to pay the filing fee); *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (Mandamus actions "predicated [,as here,] on underlying civil claims" are considered civil actions).

The applicable provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Respondents rightly assert that at least four of petitioner's previous actions were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Federal Respondents' Statement of Material Facts as to Which There is No Genuine Issue [Dkt. No. 8] ¶ 14; *see* Dkt. No. 11, Resp't Exhibits ("Ex.") 3, 4, 5, 7, 8. *See also Johnson v. Johnson*, 73 Fed.Appx. 79 (5th Cir., June 24, 2003) (dismissing appeal as frivolous and finding that petitioner "has accumulated four 'strikes' under 28 U.S.C. § 1915(g)") (citations omitted).[3]

Petitioner has not alleged that he is facing imminent danger of serious physical injury, nor could he reasonably make such a claim, where the underlying complaint has nothing to do with the conditions of his confinement. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether [a plaintiff] qualifies [under the imminent danger exception], we look to the complaint. . . .") (citation omitted).

---

[3] The Court may consider "matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citing *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir.1979)). The Order in *Johnson v. McCaul*, No. 2:03-CV-013 (S.D. Tex.), Ex.6, does not qualify as a strike because it dismissed a claim, but not the case, for failure to state a claim upon which relief may be granted. *See id.* (dismissing the remaining claim without prejudice to its prosecution in another pending action). "If at least one claim within an action or appeal falls outside section 1915(g), the action or appeal does not count as a strike." *Thompson v. DEA*, ___ F.3d ___ , 2007 WL 1814949 *11 (D.C. Cir., June 26, 2007).

For the foregoing reasons, respondents' motion to dismiss the complaint based on the three-strike provision of 28 U.S.C. § 1915(g) is granted. Dismissal of the case, however, is stayed for 30 days.[4]

```
               _____s/_____
               Reggie B. Walton
               United States District Judge
```

Date: August 29, 2007

---

[4] A separate Order accompanies this Memorandum Opinion.