UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-0818 (RBW) |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| *et al.,* ) | |
| ) | |
| Respondents. ) | |
| ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

The United States Department of Veterans Affairs ("VA") and United States Department of Treasury (collectively, "Respondents"), through their undersigned attorneys, respectfully oppose Petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis* ("Motion"). In sum, as this Court has previously concluded, Petitioner is prohibited from proceeding *in forma pauperis* by operation of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). That is, Petitioner has more than the "three strikes" allowed under 28 U.S.C. § 1915(g); and thus, his Motion should be denied.

**PROCEDURAL HISTORY**

On May 4, 2007, Petitioner initiated this action by filing a document entitled "Plaintiff's Original Complaint for Injunctive Relief and Writ of Mandamus," which the clerk docketed as a Petition for Writ of Mandamus. *See* Docket Entry No. 1. By Motions dated June 14, 2007, and July 12, 2007, Respondents moved to dismiss this action on the ground, among others, that Petitioner on at least three prior occasions brought an action that was dismissed as frivolous,

malicious, or for failure to state a claim upon which relief may be granted. *See* Docket Entry Nos. 8, 11. By Memorandum Opinion, dated August 29, 2007, the Court granted Respondents' motion based on the three-strike provision of 28 U.S.C. § 1915(g), but stayed the action for 30 days to allow Petitioner an opportunity to remit the full filing fee and continue the action. *See* Docket Entry Nos. 13, 14. After Petitioner failed to pay the full filing fee, the Court dismissed this action on October 17, 2007.

On November 5, 2007, Petitioner filed a Notice of Appeal seeking review of the Court's dismissal. *See* Docket Entry No. 16. Thereafter, Petitioner filed a Motion for Leave to Proceed on Appeal *In Forma Pauperis* with the United States Court of Appeals for the D.C. Circuit, which was referred to this Court by Order dated April 10, 2008. *See* Docket Entry No. 17. Undersigned counsel first received a copy of Petitioner's Motion when such Motion was docketed to this action on April 24, 2008.

## **PETITIONER'S PRIOR "STRIKES"**

As this Court concluded in its Memorandum Opinion of August 29, 2007, "at least four of petitioner's previous actions and appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." Mem. Op. at 2, Docket Entry No. 14. Indeed, it is beyond dispute that the following prior actions and appeals of Petitioner count as "strikes" under 28 U.S.C. § 1915(g):

1.   *Johnson v. Collins*, Civ. A. No. 95-0064 (S.D. Tex. May 23, 1995) (complaint dismissed "with prejudice because it is frivolous under 28 U.S. C. § 1915(d)"). *See* MTD Supp. Compl. at Ex. 4, Docket Entry No. 11.

2. *Johnson v. Vance*, Civ. A. No. 95-0068 (S.D. Tex. Aug. 27, 1995) ("complaint lacks arguable basis in law and fact, and lacks realistic chance of ultimate success, making it frivolous as a matter of law. [The] complaint is therefore, DISMISSED, with prejudice under 28 U.S.C. § 1915(d).") (citations omitted). *See* MTD Supp. Compl. at Ex. 3, Docket Entry No. 12.

3. *Johnson v. Tepper*, Civ. A. No. 02-0656 (W.D. Tex. Oct. 11, 2002) ("complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)"). *See* MTD Supp. Compl. at Ex. 6, Docket Entry No. 12.

4. *Johnson v. McCaul*, Civ. A. No. 03-0013 (S.D. Tex Apr. 15, 2003) (dismissing action pursuant to 28 U.S.C. § 1915(e), among others). *See* MTD Supp. Compl. at Ex. 5, Docket Entry No. 12.

5. *Johnson v. Tepper*, Appeal No. 02-51232 (5th Cir. Apr. 24 2003) ("It is ordered and adjudged that the appeal is dismissed as frivolous."). *See* MTD Supp. Compl. at Ex. 7, Docket Entry No. 12.

6. *Johnson v. Whatley*, Appeal No. 02-40760, 73 Fed. Appx. 79, 2003 WL 21756655 (5th Cir. June 24, 2003) (dismissing appeal as frivolous, noting that "Johnson has accumulated four 'strikes' under 28 U.S.C. § 1915(g), and he is BARRED from bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury.").

Accordingly, Petitioner has accumulated at least three "strikes" under 28 U.S.C. § 1915(g).[1]

---

[1] Additionally, as noted in Defendants' motions to dismiss, Petitioner has also filed at least four prior suits against the VA seeking a larger disability payment. *See* MTD Supp. Compl. at 13-14, Docket Entry No. 12.

## **ARGUMENT**

To reduce the number of meritless actions and appeals filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA. *See Chandler v. D.C. Dep't of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357. However, absent imminent danger of serious physical harm, an inmate may not proceed *in forma pauperis* in an action or an appeal if the inmate has filed at least three prior cases or appeals while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ibrahim v. Dist. of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). *See Ibrahim*, 208 F. 3d at 1036. Moreover, a dismissal of an action on the merits by a district court is considered one strike and an appeal of such action that is likewise dismissed is considered a second strike. 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d

978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5th Cir. 1996).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998). A court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim. *See Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D.N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous).

When this well established law is applied to the present case, it is clear that based upon Petitioner's prior "strikes" detailed above, the Court should deny Petitioner's motion to proceed *in forma pauperis* on appeal.

\* \* \*

## **CONCLUSION**

For foregoing reasons, the Court should deny Petitioner's motion to proceed *in forma pauperis* on appeal.

Dated: May 2, 2008
      Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

   /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2008, a true and correct copy of the above Respondents' Opposition to Petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis*, was served upon *pro se* Petitioner R. Wayne Johnson, by first class United States mail, postage prepaid, to:

> R. Wayne Johnson (No. 282756)
> Clements HSU, TX State Prison
> 9601 NE 24th Street - Clements
> Amarillo, TX 79107-9606

Respectfully submitted,

/s/
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. WAYNE JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEPARTMENT OF VETERANS AFFAIRS, )<br>*et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 07-0818 (RBW) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis*, and Respondents' opposition thereto, it is hereby:

ORDERED that Petitioner's Motion is DENIED.

SIGNED:

_____     _____
Date                                                    REGGIE B. WALTON
                                                              United States District Judge